MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclu-sc.org
AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5232
Facsimile: (213) 977-52971

*Attorneys for Plaintiffs-Petitioners*
(Additional Counsel listed on following page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| XOCHITL HERNANDEZ, CESAR MATIAS, for themselves and on behalf of a class of similarly-situated individuals,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>LORETTA LYNCH, U.S. Attorney General, JUAN P. OSUNA, Director, Executive Office for Immigration Review, JEH JOHNSON, Secretary, Department of Homeland Security, SARAH R. SALDANA, Director, Immigration and Customs Enforcement (ICE), DAVID JENNINGS, Field Office Director, Los Angeles Field Office of ICE, JAMES JANECKA, Warden, Adelanto Detention Facility; CHRISTINA HOLLAND, Jail Administrator, Santa Ana City Jail, CARLOS ROJA, Chief, Santa Ana City Department, JON BRIGGS, Captain, Orange County Sheriff's Department (OCSD), MIKE KRUEGER, Captain, OCSD, SANDRA HUTCHENS, Sheriff, Orange County, in their official capacity only,<br><br>Defendants-Respondents. | Case No. 16-620-JGB-KK<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATUS REPORT REGARDING PLAINTIFF XOCHITL HERNANDEZ** |

MICHAEL TAN (*pro hac vice*)
mtan@aclu.org
JUDY RABINOVITZ (*pro hac vice*)
jrabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

STEPHEN KANG (SBN 292280)
skang@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0783
Facsimile: (415) 395-0950

MATTHEW E. SLOAN (SBN 165165)
Matthew.Sloan@skadden.com
DOUGLAS A. SMITH (SBN 290598)
Douglas.Smith@skadden.com
WINSTON P. HSIAO (SBN 273638)
Winston.Hsiao@skadden.com
GRAYCE S. FRINK (SBN 279112)
Grayce.Frink@skadden.com
DEVON L. HEIN (SBN 287832)
Devon.Hein@skadden.com
MATTHEW E. DELGADO (SBN 306999)
Matthew.Delgado@skadden.com
MICHAEL D. HIDALGO (SBN 309792)
Michael.Hidalgo@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

*Attorneys for Plaintiffs-Petitioners*

On September 10, 2016, Defendants submitted a "status report" advising the Court of Plaintiff Xochitl Hernandez's release from custody following a bond hearing. *See* Dkt. 78. Plaintiffs submit this brief response to provide additional information concerning the bond hearing and Ms. Hernandez's release, and to advise the Court of the federal government's recent filing of an amicus brief in *Walker v. City of Calhoun*, Case No. 16-10521 (11th Cir. Aug. 18, 2016), in which the government argued, like Plaintiffs here, that a pre-trial bail system that does not take into account an incarcerated individual's ability to pay is unconstitutional.

On August 23, 2016, Ms. Hernandez had a Section 1226(a) bond hearing pursuant to *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015). Thereafter, the Immigration Judge ("IJ") issued a written decision granting Ms. Hernandez release on a $5,000 bond and enrollment in an "alternatives to detention" ("ATD") program. *See* Kaufman Decl. Ex A (IJ decision). Nothing during the hearing nor in the decision indicates that the IJ considered Ms. Hernandez's ability to pay in setting the conditions of her release. *Id*. This was so even though Ms. Hernandez testified that she and her family have few financial resources and that her children must dedicate their meager earnings to support themselves and their own children, and indicated that her family could afford at most a $1,500 bond. *See* Kaufman Decl. ¶ 2.[1]

After the IJ set Ms. Hernandez's bond without regard to her ability to pay, a nonprofit organization came forward and launched a fundraising campaign on her behalf. *See* Kaufman Decl. ¶ 4. The nonprofit organization that conducted the fundraiser only learned of Ms. Hernandez's plight after the filing of this lawsuit. But for this nonprofit coming to her rescue, Ms. Hernandez would have remained locked

---

[1] The IJ's decision is therefore consistent with Defendants' class-wide policy or practice of not requiring immigration officials to consider ability to pay in setting an immigration detainee's bond amount. *See* Plaintiffs' Motion for Class Certification, Dkt. 24 at 12-15. Although the IJ ordered Ms. Hernandez released on an ATD program, as Plaintiffs previously explained, *Rodriguez* requires consideration of ATDs—unlike Defendants' policy or practice for Section 1226(a) bond hearings conducted at the outset of a detainee's case. *See* id. at 5 n.3.

1
PLAINTIFFS-PETITIONERS' RESPONSE TO GOVERNMENT STATUS REPORT

up on an unaffordable bond with no end to her detention in sight, despite the fact that two immigration judges each concluded at separate bond hearings that she does not present a danger to the community or a level of flight risk warranting her detention.[2]

Defendants assert that, as a result of Ms. Hernandez's release, "Plaintiffs have not identified any individuals in this litigation who have been unable to obtain their release on bond due to a lack of an ability to pay." Dkt. 78 at 1. This is blatantly false. Both named Plaintiffs in this case were incarcerated for lengthy periods due to their inability to pay their bonds: Ms. Hernandez had been detained for more than six months on a $60,000 bond she could not afford, and Mr. Matias was detained for *more than three and half years* on a $3,000 bond he could not pay. Additionally, Plaintiffs submitted unrebutted evidence that Defendants have a policy or practice of failing to require that immigration officials consider ability to pay at custody determinations, that there are *currently* approximately 119 people in the Central District who have bonds set yet remain detained, and identified *additional* individuals—besides Ms. Hernandez and Mr. Matias—who were detained in the past on bonds they could not pay. *See* Plaintiffs' Motion for Class Certification, Dkt. 24 at 12-15 (citing to declarations by immigration practitioners, immigration court decisions, and government data). Defendants, by contrast, have introduced *no* competent evidence to support their claims that the government considered ability to pay in Ms. Hernandez's or Mr. Matias's case, or any other putative class member's case. Accordingly, the government has left *wholly unrebutted* Plaintiffs' evidence that the government has a policy or pattern of not considering ability to pay when setting bond amounts for immigration detainees under § 1226(a).

The Court should also be advised that the federal government recently filed an

---

[2] For the reasons in "Plaintiffs' Supplemental Brief Pursuant to July 28, 2016, Order," Ms. Hernandez's release does not moot her ability to seek injunctive relief or serve as a class representative. *See* Dkt. 73 (discussing among other cases, *County of Riverside v. McLaughlin*, 500 U.S. 44, 51-52 (1991), *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975), and *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090 (9th Cir. 2011)).

amicus brief in the Eleventh Circuit in a case concerning the constitutionality of a city's criminal bail procedures. *See* Kaufman Decl. Ex. B (Amicus Brief of United States, *Walker v. City of Calhoun*, Case No. 16-10521 (11th Cir. Aug. 18, 2016). Consistent with the federal government's position in *Jones v. Clanton*, No. 2:15-cv-00034 (M.D. Al. Feb. 13, 2015) and its "Dear Colleague" letter to court administrators, *see* Dkt. 67 at 3 n.1, the brief concludes:

> In sum, under *Bearden* and other cases in *Griffin*'s progeny, a jurisdiction may *not* use a bail system that incarcerates indigent individuals without meaningful consideration of their indigence and alternative methods of assuring their appearance at trial.

*Id.* at 21 (emphasis added). Accordingly, the government's amicus brief in *Walker* confirms that the bond-setting procedures Plaintiffs seek are constitutionally required in the pre-trial detention context.

Respectfully submitted,

ACLU OF SOUTHERN CALIFORNIA

Dated: September 12, 2016         By: /s/ Michael Kaufman
                                   MICHAEL KAUFMAN
                                   Attorney for Plaintiffs-Petitioners