1  MICHAEL KAUFMAN(SBN 254575)
   mkaufman@aclu-sc.org
2  AHILAN T. ARULANANTHAM (SBN 237841)
   aarulanantham@aclu-sc.org
3  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
   1313 West 8th Street
4  Los Angeles, CA 90017
   Telephone: (213) 977-5232
5  Facsimile: (213) 977-5297

6  *Attorneys for Plaintiffs-Petitioners*

7  *Additional Counsel listed on following page*

8

9                    UNITED STATES DISTRICT COURT

10

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  XOCHITL HERNANDEZ,                    )   CIVIL ACTION NO. 5:16-00620-JGB-KK
13  CESAR MATIAS, for themselves          )
    and on behalf of a class similarly-   )
14  situated individuals,                 )
                                          )   **DISCOVERY MATTER**
15          Plaintiffs-Petitioners,       )
                                          )   **JOINT STIPULATION UNDER**
16  v.                                    )   **LOCAL RULE 37-2**
                                          )
17                                        )
                                          )   Date: December 7, 2017
18  JEFF SESSIONS, U.S., Attorney         )   Time: 10:00 a.m.
    General, et al.,                      )   Judge: The Honorable Kenly Kiya Kato
19                                        )
            Defendants-Respondents.       )
20                                        )
                                          )   Discovery Cutoff Date:  April 27, 2018
21                                        )
                                          )   Pretrial Conference Date:  August 13, 2018
22                                        )
                                          )   Trial Date:  August 28, 2018
23  _____ )

24

25

26

27

28

1  MICHAEL TAN (*pro hac vice*)
   mtan@aclu.org
2  JUDY RABINOVITZ (*pro hac vice*)
   jrabinovitz@aclu.org
3  AMERICAN CIVIL LIBERTIES FOUNDATION
   IMMIGRANTS' RIGHTS PROJECT
4  125 Broad Street, 18th Floor
   New York, NY 10004
5  Telephone: (212) 549-2618
   Facsimile: (212) 549-2654
6
   STEPHEN KANG (SBN 292280)
7  skang@aclu.org
   AMERICAN CIVIL LIBERTIES FOUNDATION
8  IMMIGRANTS' RIGHTS PROJECT
   39 Drumm Street
9  San Francisco, CA 94111
   Telephone: (415) 343-0779
10 Facsimile: (415) 395-0950

11 MATTHEW SLOAN (SBN 165165)
   Matthew.Sloan@skadden.com
12 DOUGLAS A. SMITH (SBN 290598)
   Douglas.Smith@skadden.com
13 MATTHEW E. DELGADO (SBN 306999)
   Matthew.Delgado@skadden.com
14 MICHAEL D. HIDALGO (SBN 309792)
   Michael.Hidalgo@skadden.com
15 JOHN C. KOREVEC (SBN 310157)
   John.Korevec@skadden.com
16 Skadden, Arps, Slate, Meagher & Flom LLP
   300 South Grand Avenue, Suite 3400
17 Los Angeles, California 90071-3144
   Telephone: (213) 687-5000
18 Facsimile: (213) 687-5600

19 *Attorneys for Plaintiffs-Petitioners*

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

Page

JOINT INTRODUCTORY STATEMENT AND OVERVIEW.............................1

   I.    Introductory Statements of the Parties....................................................1

        A.    The Certified Plaintiff Class's Introductory Statement ..............1

        B.    Defendants' Introductory Statement...........................................4

DISPUTED REQUESTS .........................................................................................4

   I.    GENERAL OBJECTION NO. 1 TO PLAINTIFFS' RFPS TO DHS AND GENERAL OBJECTION NO. 1 TO PLAINTIFFS' RFPS TO DOJ:.........................................................................................4

        A.    Plaintiffs' Contentions ...............................................................5

             1.    There Are Plainly Discoverable Facts Relevant to Plaintiffs' Claims and the Government's Defenses. ........5

        B.    Defendants' Contentions.............................................................8

   II.    GENERAL OBJECTION NO. 1 TO PLAINTIFFS' INTERROGATORIES TO DHS AND GENERAL OBJECTION NO. 1 TO PLAINTIFFS' INTERROGATORIES TO DOJ:................8

        A.    Plaintiffs' Contentions ...............................................................9

        B.    Defendants' Contentions.............................................................9

   III.    GENERAL OBJECTION TO RELEVANT TIME PERIOD IN PLAINTIFFS' RFPS TO DHS; GENERAL OBJECTION TO RELEVANT TIME PERIOD IN PLAINTIFFS' RFPS TO DOJ; OBJECTION NO. 5 TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS REGARDING RELEVANT TIME PERIOD IN PLAINTIFFS' INTERROGATORIES TO DHS; AND OBJECTION NO. 7 TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS REGARDING RELEVANT TIME PERIOD IN PLAINTIFFS' INTERROGATORIES TO DOJ: ...........................9

        A.    Plaintiffs' Contentions .............................................................10

             1.    Plaintiffs' Relevant Time Period Coincides with the Incidents Giving Rise to the Complaint and is Not Unduly Broad ...........................................................10

        B.    Defendants' Contentions...........................................................12

   IV.    RFP NO. 1 TO DHS: .......................................................................12

A.   DEFENDANTS' OBJECTIONS TO RFP NO. 1 TO DHS:....12

B.   Plaintiffs' Contentions ................................................14

   1.   Information Regarding Current and Former Immigrant Detainees Who Are or Were Held on Bond is Not Just Relevant, but Central to Plaintiffs' Claims and the Government's Defenses. ......................14

   2.   Defendants Cannot Withhold Information Based on Hypothetical Assertions of Privilege and Confidentiality. ..................................................19

   3.   The Government's Vague Assertions of Burden Do Not Justify Refusing to Produce the Requested Documents. ..........................................................21

   4.   Plaintiffs' Position on Remaining Objections. ...............25

C.   Defendants' Contentions..............................................25

V.   RFP NO. 2 TO DHS: ............................................................25

A.   DEFENDANTS' OBJECTIONS TO RFP NO. 2 TO DHS:....26

B.   Plaintiffs' Contentions ................................................29

C.   Defendants' Contentions..............................................30

VI.   RFP NO. 3 TO DHS: ............................................................30

A.   DEFENDANTS' OBJECTIONS TO RFP NO. 3 TO DHS:....30

B.   Plaintiffs' Contentions ................................................32

C.   Defendants' Contentions..............................................33

VII.   RFP NO. 9 TO DHS: ............................................................33

A.   DEFENDANTS' OBJECTIONS TO RFP NO. 9 TO DHS:....33

B.   Plaintiffs' Contentions ................................................35

C.   Defendants' Contentions..............................................36

VIII.   RFP NO. 10 TO DHS: ..........................................................36

A.   DEFENDANTS' OBJECTIONS TO RFP NO. 10 TO DHS: ..........................................................36

B.   Plaintiffs' Contentions ................................................38

C.   Defendants' Contentions..............................................38

2

IX.     RFP NO. 1 TO DOJ: ...................................................................38

      A.     DEFENDANTS' OBJECTIONS TO RFP NO. 1 TO DOJ:......39

      B.     Plaintiffs' Contentions .................................................42

      C.     Defendants' Contentions...............................................43

X.     RFP NO. 2 TO DOJ: ...................................................................43

      A.     DEFENDANTS' OBJECTIONS TO RFP NO. 2 TO DOJ:......43

      B.     Plaintiffs' Contentions .................................................44

      C.     Defendants' Contentions...............................................45

XI.     RFP NO. 5 TO DOJ: ...................................................................45

      A.     DEFENDANTS' OBJECTIONS TO RFP NO. 5 TO DOJ:......45

      B.     Plaintiffs' Contentions .................................................48

      C.     Defendants' Contentions...............................................49

XII.     INTERROGATORY NO. 1 TO DHS: ...........................................49

      A.     DEFENDANTS' RESPONSE TO INTERROGATORY NO. 1 TO DHS: ........................................................49

      B.     Plaintiffs' Contentions .................................................53

      C.     Defendants' Contentions...............................................53

XIII.     INTERROGATORY NO. 2 TO DHS: ...........................................53

      A.     DEFENDANTS' RESPONSE TO INTERROGATORY NO. 2 TO DHS: ........................................................53

      B.     Plaintiffs' Contentions .................................................56

      C.     Defendants' Contentions...............................................56

XIV.     INTERROGATORY NO. 1 TO DOJ: ...........................................56

      A.     DEFENDANTS' RESPONSE TO INTERROGATORY NO. 1 TO DOJ:.........................................................56

      B.     Plaintiffs' Contentions .................................................60

      C.     Defendants' Contentions...............................................60

XV.     INTERROGATORY NO. 2 TO DOJ: ...........................................61

3

A.    DEFENDANTS' RESPONSE TO INTERROGATORY NO. 2 TO DOJ:.........................................................61

B.    Plaintiffs' Contentions ...............................................63

C.    Defendants' Contentions...........................................63

XVI.  GENERAL OBJECTION NO. 3 TO PLAINTIFFS' RFPS TO DHS:.............................................................................63

A.    Plaintiffs' Contentions ...............................................64

B.    Defendants' Contentions...........................................64

XVII. GENERAL OBJECTION NO. 3 TO PLAINTIFFS' RFPS TO DOJ: ............................................................................64

A.    Plaintiffs' Contentions ...............................................64

B.    Defendants' Contentions...........................................64

XVIII.      GENERAL OBJECTION NO. 4 TO PLAINTIFFS' INTERROGATORIES TO DHS: ...................................64

A.    Plaintiffs' Contentions ...............................................65

B.    Defendants' Contentions...........................................65

XIX.  GENERAL OBJECTION NO. 4 TO PLAINTIFFS' INTERROGATORIES TO DOJ:.......................................65

A.    Plaintiffs' Contentions ...............................................65

B.    Defendants' Contentions...........................................66

XX.   GENERAL OBJECTION NO. 2 TO PLAINTIFFS' INTERROGATORIES TO DHS: ...................................66

A.    Plaintiffs' Contentions ...............................................66

B.    Defendants' Contentions...........................................66

XXI.  GENERAL OBJECTION NO. 2 TO PLAINTIFFS' INTERROGATORIES TO DOJ:.......................................66

A.    Plaintiffs' Contentions ...............................................66

B.    Defendants' Contentions...........................................66

XXII. RFP NO. 4 TO DHS: .........................................................66

A.    DEFENDANTS' OBJECTIONS TO RFP NO. 4 TO DHS:.....67

B.    Plaintiffs' Contentions ...............................................68

4

1.  Information Regarding the Government's Policies, Procedures and General Practices Regarding Custody Determinations and other Contexts Where a Person's Ability to Pay is Considered are Relevant to the Parties' Claims and Defenses. ...................68

2.  Plaintiffs' Position on Remaining Objections. ...............70

C.  Defendants' Contentions...........................................71

XXIII.  RFP NO. 5 TO DHS: ...........................................71

A.  DEFENDANTS' OBJECTIONS TO RFP NO. 5 TO DHS:....71

B.  Plaintiffs' Contentions ............................................73

C.  Defendants' Contentions ..........................................73

XXIV.  RFP NO. 6 TO DHS: ...........................................73

A.  DEFENDANTS' OBJECTIONS TO RFP NO. 6 TO DHS:....74

B.  Plaintiffs' Contentions ............................................76

C.  Defendants' Contentions ..........................................77

XXV. RFP NO. 7 TO DHS: ...........................................77

A.  DEFENDANTS' OBJECTIONS TO RFP NO. 7 TO DHS:....77

B.  Plaintiffs' Contentions .............................................79

C.  Defendants' Contentions..........................................80

XXVI.  RFP NO. 7 TO DOJ:...........................................80

A.  DEFENDANTS' OBJECTIONS TO RFP NO. 7 TO DOJ:.....80

B.  Plaintiffs' Contentions .............................................81

C.  Defendants' Contentions..........................................82

XXVII.  RFP NO. 8 TO DHS: ...........................................82

A.  DEFENDANTS' OBJECTIONS TO RFP NO. 8 TO DHS:....82

B.  Plaintiffs' Contentions .............................................83

C.  Defendants' Contentions..........................................84

XXVIII.  RFP NO. 6 TO DOJ:...........................................84

A.  DEFENDANTS' OBJECTIONS TO RFP NO. 6 TO DOJ:.....85

5

B.   Plaintiffs' Contentions ............................................. 86

C.   Defendants' Contentions .......................................... 87

XXIX.   RFP NO. 11 TO DHS: ...................................................... 87

A.   DEFENDANTS' OBJECTIONS TO RFP NO. 11 TO
DHS: ........................................................................ 87

B.   Plaintiffs' Contentions ............................................. 89

C.   Defendants' Contentions .......................................... 89

XXX. RFP NO. 12 TO DHS: ...................................................... 90

A.   DEFENDANTS' OBJECTIONS TO RFP NO. 12 TO
DHS: ........................................................................ 90

B.   Plaintiffs' Contentions ............................................. 91

C.   Defendants' Contentions .......................................... 92

XXXI.   RFP NO. 9 TO DOJ: ...................................................... 92

A.   DEFENDANTS' OBJECTIONS TO RFP NO. 9 TO DOJ:..... 92

B.   Plaintiffs' Contentions ............................................. 93

C.   Defendants' Contentions .......................................... 94

XXXII.   RFP NO. 3 TO DOJ: ...................................................... 94

A.   DEFENDANTS' OBJECTIONS TO RFP NO. 3 TO DOJ:..... 94

B.   Plaintiffs' Contentions ............................................. 96

C.   Defendants' Contentions .......................................... 96

XXXIII.   RFP NO. 4 TO DOJ: ...................................................... 96

A.   DEFENDANTS' OBJECTIONS TO RFP NO. 4 TO DOJ:..... 97

B.   Plaintiffs' Contentions ............................................. 99

C.   Defendants' Contentions ........................................ 100

XXXIV.   INTERROGATORY NO. 3 TO DHS: ................................ 100

A.   RESPONSE TO INTERROGATORY NO. 3 TO DHS:........ 100

B.   Plaintiffs' Contentions ........................................... 103

C.   Defendants' Contentions ........................................ 104

6

XXXV.      RFP NO. 8 TO DOJ:..............................................................104

        A.     DEFENDANTS' OBJECTIONS TO RFP NO. 8 TO DOJ:...104

        B.     Plaintiffs' Contentions ................................................106

               1.    The Costs of Detention and Custody Determinations
                     are Relevant to the Parties' Claims and Defenses........106

               2.    Plaintiffs' Position on Remaining Objections. .............107

        C.     Defendants' Contentions.............................................107

XXXVI.     RFP NO. 13 TO DHS: ..........................................................108

        A.     DEFENDANTS' OBJECTIONS TO RFP NO. 13 TO
               DHS: ........................................................................108

        B.     Plaintiffs' Contentions ................................................109

        C.     Defendants' Contentions.............................................110

XXXVII.    RFP NO. 14 TO DHS: ..........................................................110

        A.     DEFENDANTS' OBJECTIONS TO RFP NO. 14 TO
               DHS: ........................................................................110

        B.     Plaintiffs' Contentions ................................................111

        C.     Defendants' Contentions.............................................112

XXXVIII.   RFP NO. 15 TO DHS: ..........................................................112

        A.     DEFENDANTS' OBJECTIONS TO RFP NO. 15 TO
               DHS: ........................................................................112

        B.     Plaintiffs' Contentions ................................................113

        C.     Defendants' Contentions.............................................114

XXXIX.     INTERROGATORY NO. 4 TO DHS: ...................................114

        A.     DEFENDANTS' RESPONSE TO INTERROGATORY
               NO. 4 TO DHS: ........................................................114

        B.     Plaintiffs' Contentions ................................................115

        C.     Defendants' Contentions.............................................116

XL.        INTERROGATORY NO. 5 TO DHS: ...................................116

        A.     DEFENDANTS' RESPONSE TO INTERROGATORY
               NO. 5 TO DHS: ........................................................116

7

| | B. | Plaintiffs' Contentions ................................................ 117 |
|---|---|---|
| | C. | Defendants' Contentions.............................................. 117 |
| XLI. | INTERROGATORY NO. 6 TO DHS: ...................................... 117 | |
| | A. | DEFENDANTS' RESPONSE TO INTERROGATORY NO. 6 TO DHS: ............................................ 117 |
| | B. | Plaintiffs' Contentions ................................................ 118 |
| | C. | Defendants' Contentions.............................................. 118 |
| XLII. | INTERROGATORY NO. 7 TO DHS: ...................................... 118 | |
| | A. | DEFENDANTS' RESPONSE TO INTERROGATORY NO. 4 TO DHS: ............................................ 119 |
| | B. | Plaintiffs' Contentions ................................................ 120 |
| | C. | Defendants' Contentions.............................................. 120 |
| XLIII. | INTERROGATORY NO. 8 TO DHS: ................................. 120 | |
| | A. | DEFENDANTS' RESPONSE TO INTERROGATORY NO. 8 TO DHS: ............................................ 120 |
| | B. | Plaintiffs' Contentions ................................................ 121 |
| | 1. | Information Regarding the Government's Statistics on Class Members' "Failure to Appear" Rates is Relevant to Whether the Immigration Judge Must Consider Alternatives to Detention in Making the Custody Determination.................................. 121 |
| | 2. | Plaintiffs' Position on Remaining Objections. ............. 123 |
| | C. | Defendants' Contentions.............................................. 123 |
| XLIV. | INTERROGATORY NO. 3 TO DOJ:................................... 123 | |
| | A. | DEFENDANTS' RESPONSE TO INTERROGATORY NO. 3 TO DOJ: ........................................... 124 |
| | B. | Plaintiff's Contentions ................................................ 126 |
| | C. | Defendants' Contentions.............................................. 126 |
| XLV. | INTERROGATORY NO. 4 TO DOJ: ...................................... 126 | |
| | A. | DEFENDANTS' RESPONSE TO INTERROGATORY NO. 4 TO DOJ: ........................................... 126 |
| | B. | Plaintiff's Contentions ................................................ 127 |

8

C.     Defendants' Contentions...........................................................127

XLVI.     INTERROGATORY NO. 5 TO DOJ:.....................................127

A.     DEFENDANTS' RESPONSE TO INTERROGATORY NO. 5 TO DOJ:..........................................................128

B.     Plaintiff's Contentions ...........................................................129

C.     Defendants' Contentions.........................................................129

9

## JOINT INTRODUCTORY STATEMENT AND OVERVIEW

Pursuant to Local Rule 37-2, Plaintiffs Xochitl Hernandez and Cesar Matias, for themselves and on behalf of a certified class of similarly situated individuals (collectively, "Plaintiffs" or the "Class"), and the Department of Justice ("DOJ") and Department of Homeland Security ("DHS," and, together with DOJ, "Defendants" or the "Government") submit this Joint Stipulation Regarding Plaintiffs' Motion to Compel Responses to Plaintiffs' Discovery Requests. In accordance with Local Rule 37-1, counsel for the parties conferred at length on several occasions by telephone (due to the disparate locations of counsel) and exchanged correspondence regarding the issues in dispute set forth herein.

## I.     Introductory Statements of the Parties

### A.     The Certified Plaintiff Class's Introductory Statement

Defendants have made several attempts—all unsuccessful—before this Court and the Ninth Circuit to stay all proceedings, including discovery, pending the determination of the Government's appeal of the preliminary injunction granted by the Honorable Jesus G. Bernal.[1] But, rather than negotiating with the Class in good faith after the Ninth Circuit refused to stay all proceedings and Judge Bernal scheduled discovery,[2] the Government engaged in self-help, obtaining a practical stay on discovery by responding to the Plaintiff Class's discovery requests with baseless and unsubstantiated objections. Despite the Plaintiff Class serving discovery

---

[1] *See* Order Den. Ex Parte Appl. to Stay All Proceedings Pending Appeal, *Hernandez v. Lynch*, No. 5:16-cv-00620-JGB-KK (C.D. Cal. Dec. 28, 2016), ECF No. 93; Order Den. Appellants' Req. For An Admin. Stay Of All District Ct. Proceedings, *Hernandez v. Sessions III*, No. 16-56829 (9th Cir. Apr. 24, 2017), ECF No. 53; Order Den. Appellants' Mot. for Recons., *Hernandez v. Sessions III*, No. 16-56829 (9th Cir. May 12, 2017), ECF No. 59.

[2] *See* Civil Trial Scheduling Order, *Hernandez v. Lynch* (C.D. Cal. Aug. 7, 2017), ECF No. 113 (setting discovery timeline for this case).

1  requests nearly *four* months ago, Defendants have refused to answer a *single*

2  interrogatory or produce a *single* document.

3       Now that the Ninth Circuit has affirmed the preliminary injunction, this case is

4  proceeding full steam ahead toward a discovery cut-off deadline of April 27, 2018.

5  Further, Judge Bernal has explicitly rejected the Defendants' central objection to

6  discovery—that this case presents "purely" legal questions for which no facts are

7  relevant—stating:

8       I think I disagree with that position [i.e., that Plaintiffs do not get
        discovery because this case involves purely legal issues] as a general
9       statement, and that's why I imposed a discovery deadline as part of
        the scheduling order. So I think some discovery of some kind should
10      be conducted. I don't think the case presents a purely legal issue."

11  This Court should therefore reject Defendants' meritless objections and compel

12  Defendants to respond to the Plaintiff Class's discovery requests to enable the Court

13  to decide this case based on a sufficient factual record.

14       The Plaintiff Class is comprised of noncitizens who are detained in the Central

15  District under 8 U.S.C. § 1226(a) while their immigration cases are pending. Class

16  members have been ordered released on bond by an Immigration and Customs

17  Enforcement ("ICE") officer or an immigration judge, yet remain detained—in some

18  cases, for years—merely because they lack the financial resources to pay the bond.

19  Defendants' custody review policies or practices fail to consider class members'

20  ability to pay a bond and the availability of non-monetary conditions of release, in

21  violation of the Constitution's Due Process, Equal Protection, and Excessive Bail

22  clauses and 8 U.S.C. § 1226(a). The Class seeks a permanent injunction requiring the

23  Government to consider ability to pay and alternative conditions of release when

24  setting terms of release for immigrant detainees during their immigration

25  proceedings.

26       Plaintiffs served document requests, requests for admission, and

27  interrogatories on Defendants DHS and DOJ. Plaintiffs' requests seek basic

28

2

1   information that is plainly relevant to legal standards applicable to this case. "[D]ue

2   process requires 'adequate procedural protections' to ensure that the government's

3   asserted justification for physical confinement 'outweighs the individual's

4   constitutionally protected interest in avoiding physical restraint.'" *Casas-Castrillon*

5   *v. Dep't of Homeland Sec.*, 535 F.3d 942, 950 (9th Cir. 2008) (quoting *Zadvydas v.*

6   *Davis*, 533 U.S. 678, 690 (2001)). To analyze the Class's claims under this standard,

7   the Court will examine the Government's justifications for "confinement," and the

8   adequacy of the "procedural protections" that the Government currently provides to

9   class members, to determine if their constitutionally protected liberty interest entitles

10  them to greater procedures. *Zadvydas*, 533 U.S. at 690-92. Further, to determine

11  whether permanent injunctive relief is warranted, the Court must evaluate whether

12  the Plaintiffs will suffer irreparable harm in the absence of the relief sought, engage

13  in a balance of equities, and consider the public's interest.

14      Plaintiffs' requests seek three sets of information relevant to the parties'

15  claims and defenses under these governing legal standards. Fed. R. Civ. P. 26(b)(1).

16  *First*, Plaintiffs seek information about the challenged custody review procedures,

17  including information concerning Defendants' policies and practices for custody

18  determinations and bond hearings, and how the procedures are applied in individual

19  class members' cases. In particular, Plaintiffs seek information related to

20  Defendants' assertion, made repeatedly in this Court and before the Ninth Circuit,

21  that immigration officials already consider class members' ability to pay.

22      *Second*, Plaintiffs seek basic information about class members, including their

23  names and contact information and information about the harms they have suffered

24  in detention (such as the length of their incarceration).

25      *Third*, Plaintiffs seek information about the costs of Defendants' existing

26  procedures and Plaintiffs' requested relief, including information related to

27  Defendants' assertions that the relief sought will create unmanageable burdens and

28

1  "upend[ ]" the immigration system. Emergency Mot. for Stay of Inj. and Proceedings

2  Pending Appeal ("Ninth Circuit Stay Motion") at 1-2, *Hernandez v. Lynch*, No. 16-

3  56829 (9th Cir. Dec. 30, 2016), ECF No. 5-1.

4      The Defendants have not met their burden of showing why this limited set of

5  critical information "should not be allowed," much less "clarifying, explaining, and

6  supporting its objections." *Sullivan v. Prudential Ins. Co. of Am.*, 233 F.R.D. 573,

7  575 (C.D. Cal. 2005). Defendants' position also ignores the governing legal

8  framework. Courts evaluating challenges to detention procedures routinely rely on

9  facts about the application of those procedures, their effects on detainees, and the

10  costs to the Government. *See infra* IV.B.1; XXII.B.1; XXXV.B.1. Consistent with

11  existing case law, this Court relied on extensive factual information—including

12  documents submitted by Defendants—in granting a preliminary injunction. Order

13  Den. Defs.' Mot. to Dismiss, Granting Pls.' Mot. for Class Cert., Granting Pls.' Mot.

14  for Prelim. Inj. at 7-11, *Hernandez v. Sessions III*, No. 5:16-00620-JGB-KK (C.D.

15  Cal. Nov. 10, 2016), ECF No. 84.

16      **B.    Defendants' Introductory Statement**

17      [TO COME FROM DEFENDANTS]

18              **DISPUTED REQUESTS**

19      **OBJECTION THAT THERE ARE NO FACTUAL ISSUES IN THIS CASE
        AND DISCOVERY IS THEREFORE UNWARRANTED**

20
21  **I.    GENERAL OBJECTION NO. 1 TO PLAINTIFFS' RFPS TO DHS, AND
        GENERAL OBJECTION NO. 1 TO PLAINTIFFS' RFPS TO DOJ[3]:**

22      Defendants oppose Plaintiffs' requests for discovery as inappropriate in this

23  case. First, this case presents purely legal questions concerning the constitutionality

24  of 8 U.S.C. § 1226(a). Section 1226(a) provides that consideration of ability to pay

25  and alternatives to detention when assessing flight risk to set an alien's initial bond is

26
27  ―――――――――――――
        [3] The objections listed here differed only typographically and not materially,
    and are therefore presented as one here.

28

1  a discretionary determination; does not require that an alien who is determined to

2  present a flight risk have an initial bond set below the $1,500 statutory minimum;

3  and does not require consideration of alternatives to a full cash bond or alternatives

4  to detention when setting an initial bond for an alien who is determined to present a

5  flight risk. Because these questions are purely legal, Plaintiffs have not demonstrated

6  the required need for the discovery they seek.

7       A.    **Plaintiffs' Contentions**

8            1.    There Are Plainly Discoverable Facts Relevant to Plaintiffs'
                   Claims and the Government's Defenses.
9

10      Defendants' discovery responses repeatedly state that this case "presents

11  purely legal questions concerning the constitutionality of 8 U.S.C. § 1226(a)" that do

12  not require discovery to answer.[4] At the Parties' various conferences, Plaintiffs

13  sought to have Defendants commit to producing any documents or interrogatory

14  responses, but Defendants summarily refused to produce any information in response

15  to Plaintiffs' discovery requests based on the above general objection.

16      However, Judge Bernal has already made clear that he believes this case

17  requires fact discovery.

18              I think I disagree with that position [i.e., that Plaintiffs do
                not get discovery because this case involves purely legal
19              issues] as a general statement, and that's why I imposed a
                discovery deadline as part of the scheduling order. So I
20              think some discovery of some kind should be conducted. I
                don't think the case presents a purely legal issue.
21

22

23  _____

24      [4] Defendants' statement mischaracterizes the claims at issue in this case.
    Plaintiffs are not challenging the constitutionality of any *statute* in this litigation.
25  Instead, Plaintiffs challenge the adequacy of the *procedures* that Defendants have
    adopted to make custody decisions. *See* Pls.- Pets.' Not. of Mot. and Mot. for Class-
26  Wide Prelim. Inj. and P&A at 2, *Hernandez v. Sessions III*, No. 5:16-00620-JGB-KK
    (C.D. Cal. May 19, 2016), ECF No. 45 (stating that Plaintiffs seek to "enjoin
27  [Defendants'] unlawful policies or practices" of "ignor[ing] an individual's ability to
    pay").
28

5

1  Transcript of Oral Argument at 5, *Hernandez v. Sessions*, 5:16-cv-00620-JGB-KK
2  (October 2, 2017). Consistent with this statement, Judge Bernal's preliminary
3  injunction decision—as well as the Ninth Circuit decision upholding it—relied on
4  extensive facts about the Plaintiffs, Defendants' policies and practices, and the harms
5  suffered by Plaintiffs in the absence of the requested relief. Order Den. Defs.' Mot.
6  to Dismiss, Granting Pls.' Mot. for Class Cert., Granting Pls.' Mot. for Prelim. Inj. at
7  7-11, *Hernandez v. Sessions III*, No. 5:16-00620-JGB-KK (C.D. Cal. Nov. 10, 2016,
8  ECF No. 84 at 7-11; *Hernandez v. Sessions*, No. 16-56829, 2017 WL 4341748, at
9  *4-5, *14-15 (9th Cir. Oct. 2, 2017).

10       Judge Bernal's position is well grounded in governing case law. Courts
11  routinely rely on numerous facts when deciding legal questions concerning the
12  adequacy of procedural safeguards. For example, when resolving due process
13  challenges to government detention procedures, the Ninth Circuit regularly examines
14  the facts and circumstances of Defendants' restrictions on detainees' liberty,
15  Defendants' purported justifications for those restraints, and the procedures
16  Defendants currently provide. *See Zadvydas*, 533 U.S. at 691-92 (examining, inter
17  alia, the regulatory purpose for indefinite immigration detention, and the nature of
18  the deprivation of liberty); *Casas-Castrillon*, 535 F.3d at 952 (remanding due
19  process challenge to develop a record regarding "the procedural review" the
20  petitioner received).

21       As a result, the Supreme Court, Ninth Circuit, and district courts routinely rely
22  on facts when resolving legal questions regarding the sufficiency of procedural
23  safeguards, including in cases concerning immigration detention. *See Demore v.*
24  *Kim*, 538 U.S. 510, 518-20, 529-30 (2003) (resolving question whether due process
25  required bond hearings by relying on aggregate data concerning individual cases);
26  *Rodriguez v. Robbins*, 804 F.3d 1060, 1085 (9th Cir. 2015) (*"Rodriguez III"*), *cert.*
27  *granted sub nom. Jennings v. Rodriguez*, 136 S. Ct. 2489 (2016) (citing to flaws in

28

existing custody review procedures based on facts developed in discovery); *see also Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 55, 57 (1991) (relying on information concerning causes for delays in arraignment and observing that "it takes 36 hours to process arrested persons in Riverside County" in assessing constitutional requirements); *Nozzi v. Hous. Auth. of City of L.A.*, 806 F.3d 1178, 1193-1200 (9th Cir. 2015) (citing numerous facts to address sufficiency of procedures for notifying low-income tenants of reduction in rent subsidies); *Vazquez v. Rackauckas*, 734 F.3d 1025, 1041-53 (9th Cir. 2013) (discussing numerous record facts to determine whether procedures for challenging application of gang injunction were sufficient); *Morales-Izquierdo v. Gonzalez*, 486 F.3d 484, 496 (9th Cir. 2007) (en banc) (relying on data concerning the error rate to assess the sufficiency of additional process in reinstated removal proceedings); *Orantes-Hernandez v. Meese*, 685 F. Supp. 1488, 1507-08 (C.D. Cal. 1988) (resolving procedural due process claim by reference to facts about "a substantial number of class members").

     *Rodriguez III* is instructive. There, a certified class of immigration detainees in the Central District of California challenged the lawfulness of detaining noncitizens under various immigration statutes for prolonged periods of time on due process and statutory grounds. During the course of pre-trial proceedings, the parties conducted substantial discovery on numerous matters. *See* Minute Order in Chambers, *Rodriguez v. Robbins,* No. CV 07-03239-TJH (RNBx), (C.D. Cal. Apr. 25, 2011), ("*Rodriguez*"), ECF No. 169 (granting motion to compel government to produce substantial discovery, including class members' A-files and documents concerning government policies and practices); Order at 7, *Rodriguez*, ECF No. 210 (finding that information concerning class members' immigration cases "go[es] directly to the due process inquiry before the Court"). Those topics included:  the length that class members remained in detention (particularly those who continued to pursue claims for relief from removal), the rates at which class members succeeded in their cases,

7

1  the class members' ties to their communities and other equities, and the costs of

2  running alternatives to detention programs. The Ninth Circuit relied heavily on these

3  facts in affirming summary judgment and the permanent injunction. *See Rodriguez*

4  *III* (noting that "parties conducted discovery, and class counsel adduced extensive

5  evidence detailing the circumstances under which class members are detained"); *see*

6  *also* Joint Report at 10, *Hernandez v. Sessions III*, No. 5:16-00620-JGB-KK, 2016

7  (C.D. Cal. July 24, 2017), ECF No. 111 (citing *Rodriguez* discovery orders).

8        Defendants have claimed that the District Court's decision on prudential

9  exhaustion found that this case turns on purely legal issues that require no discovery.

10  Defs.' Not. of Mot. and Mot. to Stay Discovery Pending Ninth Cir. Prelim. Inj.

11  Appeal at 3, 9, *Hernandez v. Sessions III*, No. 5:16-00620-JGB-KK (C.D. Cal. Aug.

12  28, 2017), ECF No. 115. But, as noted above, Judge Bernal has made clear that he

13  made no such finding. The Court ruled—and the Ninth Circuit agreed—that

14  prudential exhaustion is not required because the BIA's views will not aid this Court

15  in resolving the constitutional issues before it. *See* Order Den. Defs.' Mot. to

16  Dismiss, Granting Pls.' Mot. for Class Cert., Granting Pls.' Mot. for Prelim. Inj. at

17  14-15, *Hernandez v. Sessions III*, No. 5:16-00620-JGB-KK (C.D. Cal. Nov. 10,

18  2016), ECF No. 84; Filed Opinion at 21-22, *Hernandez v. Sessions III*, No 16-56829

19  (9th Cir. Oct. 2, 2017), ECF No. 71-1. As Judge Bernal has now confirmed, that

20  ruling in no way suggested that there are no facts relevant to those constitutional

21  issues or that fact discovery should be foreclosed.

22        **B.**    **Defendants' Contentions**

23        [TO COME FROM DEFENDANTS]

24  **II.**   **GENERAL OBJECTION NO. 1 TO PLAINTIFFS'**

25        **INTERROGATORIES TO DHS AND GENERAL OBJECTION NO. 1 TO PLAINTIFFS' INTERROGATORIES TO DOJ:**

26        Defendants object to all of Plaintiffs' Interrogatories on the ground that

27  Plaintiffs have failed to provide a satisfactory reason why they need to conduct any

28

8

1  discovery in this case, which presents purely legal questions concerning the

2  constitutionality of 8 U.S.C. § 1226(a). Section 1226(a) provides that consideration

3  of ability to pay and alternatives to detention when setting an alien's initial bond is a

4  discretionary determination; and does not require that an alien who is determined to

5  present a flight risk has an initial bond set below the $1,500 statutory minimum; and

6  does not require consideration of alternatives to a full cash bond, or alternatives to

7  detention when setting an initial bond for an alien who is determined to present a

8  flight risk.

9      A.    **Plaintiffs' Contentions**

10     Plaintiffs' position regarding Defendants' general objection that no discovery

11  is warranted because this case presents a purely legal question is addressed *supra*

12  *Section* I.A.1.

13     B.    **Defendants' Contentions**

14     [TO COME FROM DEFENDANTS]

15  **GENERAL OBJECTION TO PLAINTIFFS' RELEVANT TIME PERIOD**

16  **III.  GENERAL OBJECTION TO RELEVANT TIME PERIOD IN PLAINTIFFS' RFPS TO DHS; GENERAL OBJECTION TO RELEVANT TIME PERIOD IN PLAINTIFFS' RFPS TO DOJ; OBJECTION NO. 5 TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS REGARDING RELEVANT TIME PERIOD IN PLAINTIFFS' INTERROGATORIES TO DHS; AND OBJECTION NO. 7 TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS REGARDING RELEVANT TIME PERIOD IN PLAINTIFFS' INTERROGATORIES TO DOJ[5]:**

21  Defendants object to Plaintiffs' assertion that the relevant time period for any

22  responsive documents begins January 1, 2012. This request is overbroad and not

23  proportional to the needs of the case. January 1, 2012, is not a relevant date for the

24  subject matter of this litigation, and extends more than four years prior to the date

25  this lawsuit was filed. This case involves claims regarding whether Defendants

26  _____

27  [5] The objections listed were titled differently, but were materially identical. They are therefore addressed as one here.

28

9

1  current policies and procedures violate Plaintiffs' constitutional rights. Therefore, at
2  most, the relevant time period began with the filing of this lawsuit on April 6, 2016.
3  Moreover, identifying additional responsive materials outside of this time period
4  would require substantial additional costs that are not proportional to the marginal
5  relevance of those materials to the claims and defenses in this litigation.

6      **A.      Plaintiffs' Contentions**

7          1.      Plaintiffs' Relevant Time Period Coincides with the Incidents
                Giving Rise to the Complaint and is Not Unduly Broad
8

9          Plaintiffs seek only relevant materials starting from the calendar year when
10  named Plaintiff Cesar Matias was detained and ending on the date the Plaintiff Class
11  served its discovery requests. The Government contends that the relevant time period
12  can start no earlier than the filing of the Complaint, ignoring the years before that
13  date when the named Plaintiffs were subjected to the challenged policies and
14  practices. Defendants' contentions are wrong as a matter of law.

15         The Federal Rules of Civil Procedure "provide[ ] that parties may obtain
16  discovery regarding[ ] any nonprivileged matter that is relevant to any party's claim
17  or defense and proportional to the needs of the case . . . ."  *Rangel v. Chino Valley*
18  *Unified Sch. Dist.*, 2017 WL 2874468, *2 (C.D. Cal. July 5, 2017) (quoting Fed. R.
19  Civ. P. 26(b)(1)) (granting plaintiff's motion to compel discovery from 2012, for
20  incidents that occurred in December of 2013 and June of 2014, because such
21  documents may still have been relevant to plaintiff's claims). While "courts typically
22  limit discovery to a 'reasonable time' from the alleged" acts forming the basis of the
23  parties' claims, courts need not restrict discovery to the dates of the liability period,
24  or even to the date of the filing of the complaint. *See, e.g.*, *Razo v. Timec Co.*, 2016
25  WL 1623938, at *2 (N.D. Cal. Apr. 21, 2016) (limiting discovery requests to two
26  years prior to the relevant incident); *Jessop v. City of Fresno*, 2016 WL 4161087, at
27  *6-7 (E.D. Cal. Aug. 4, 2016) (explaining that information from months preceding
28

1  relevant incidents are also discoverable when access to that information can help

2  provide relevant factual information); *Garedakis v. Brentwood Union Sch. Dist.*,

3  2016 WL 1133715, at *3 (N.D. Cal. Mar. 23, 2016) (permitting discovery into a

4  period two years prior to liability period in order to provide context to alleged harm

5  caused during liability period); *see also United States v. City of Torrance*, 164

6  F.R.D. 493, 495-96 (C.D. Cal. 1995) (explaining how discovery of documents

7  created post-filing may still be appropriate as such documents "may relate to events

8  occurring prior to the filing of the complaint.") (citation and internal quotation marks

9  omitted).

10        Plaintiffs' proposed time period effectively tracks the period of the alleged

11  acts that form the basis of this case. Defendants detained named Plaintiff Cesar

12  Matias on March 29, 2012. Accordingly, Plaintiffs seek discovery starting January 1,

13  2012, a few months before his detention and initial bond proceedings. Subsequent to

14  those proceedings, Mr. Matias remained detained for ***over four*** years, during which

15  he was continuously subjected to Defendants' policies and practices regarding bond,

16  including having his financial circumstances ignored. He also suffered the harms of

17  Defendants' policies and practices throughout that period, including his struggle to

18  collect the necessary documents to defend himself against deportation. Plaintiffs'

19  requested discovery period is therefore well in-line with discovery periods set

20  frequently by other courts. *See, e.g.*, *Rangel*, 2017 WL 2874468, at *2; *Razo*, 2016

21  WL 1623938, at *2; *Garedakis*, 2016 WL 1133715, at *3; *see also* Section IV.B.1

22  *infra* (discussing relevance of bond hearings for former class members).

23        To the extent that the Government believes that production of records for the

24  proposed time period will be unduly burdensome, this concern can be addressed by

25  sampling. On multiple occasions during the parties' meet and confers, Plaintiffs have

26  proposed sampling records from the proposed time period, but the Government has

27  refused, maintaining its position that all the requested information is irrelevant.

28

11

**B.   Defendants' Contentions**

[TO COME FROM DEFENDANTS]

**REQUESTS FOR INFORMATION REGARDING CURRENT AND FORMER CLASS MEMBERS**

**IV.   RFP NO. 1 TO DHS:**

The Alien file ("A file") for every PLAINTIFF or former PLAINTIFF who was or is a member of the certified class at any time between November 10, 2016 and the date of DEFENDANT'S response to this request, as well as the A files for Plaintiffs Xochitl Hernandez and Cesar Matias.

**A.   DEFENDANTS' OBJECTIONS TO RFP NO. 1 TO DHS:**

Defendants object to RFP No. 1 as inappropriate in this case, which presents purely legal questions. Because this case presents legal issues, disposition on summary judgment is appropriate; there are no genuine issues of fact in dispute that would benefit from discovery. Further, any decisions concerning discovery and its scope should be stayed pending the Ninth Circuit's forthcoming decision, which is likely to provide substantial guidance in resolving (or eliminating) discovery and jurisdictional issues.

Further, subject to objections that apply to all RFPs and objections to any applicable definitions above, Defendants object to RFP No. 1 as overbroad because it seeks information not relevant to the claims and defenses in this case. A-files of former Plaintiffs, i.e., individuals who have posted bond and been released from immigration custody, who were otherwise released from or exited immigration custody, or whose detention authority has changed from 8 U.S.C. § 1226(a) to another provision, are no longer "of consequence in determining" Plaintiffs' claims that Defendants have violated the constitutional rights of the class members by not requiring that ability to pay be considered in setting a bond, by requiring a cash bond, and/or by not considering failure to post bond as a changed circumstance or

1    any of the factors needed to establish the propriety of a permanent injunction. See

2    Fed. R. Evid. 401 (defining "relevance").

3         Additionally, the A-files of individual aliens are not relevant to the claims and

4    defenses in this case because Plaintiffs allegedly challenge the policies and practices

5    of Defendants, rather than the individual bond determinations made for each

6    Plaintiff. Thus, A-files are not "of consequence in determining" Plaintiffs' claims. *Id*.

7         Defendants also object to the extent that Plaintiffs seek information protected

8    from disclosure under the Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the

9    application of the Privacy Act to "visitors and aliens"; and other statutes, regulations,

10   or directives regarding the protection of privacy, confidential information, or medical

11   information, or under regulations preventing disclosure of specific alien information

12   (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6), 1186a(c)(4), 1202(f),

13   1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2),(b),(c),(d); 22 U.S.C. §

14   7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e), 214.11(e); 214.14(e); 216.5(e)(3)(iii);

15   236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which

16   would subject Defendants to civil or criminal penalties or other sanctions in the event

17   of unauthorized disclosure.

18        Defendants further object to RFP No. 1 because it is unduly burdensome and

19   disproportionate to the needs of the case. The compilation of the information sought

20   would require significant manual, case-by-case processing and coordination with

21   multiple government agencies. Defendants cannot easily identify class members by

22   using an automated search of DHS databases because the issuance of bond

23   determinations and whether an individual is detained under 8 U.S.C. § 1226(a) are

24   not readily captured in any relevant DHS database. The records for any subset of

25   individuals that might be identified would have to be individually examined to

26   determine whether an individual is or is not a class member. Moreover, identifying

27   individuals who were class members at any point since November 10, 2016, requires

28

13

1  the merging of one-time snapshots of data taken during the time period that must be

2  combined manually. The ever shifting detention population as individuals are

3  detained and released make this complicated and burdensome. Finally, each

4  individual A-file would then be required to be located, requested, digitized, and

5  reviewed. There are likely thousands of Plaintiffs and former Plaintiffs that have

6  been detained since November 10, 2016. The requested information will need to be

7  processed manually at great cost and with significant workforce resources.

8         Therefore, the burden and expense of the proposed discovery outweighs its

9  likely benefit because this matter presents a constitutional challenge to Defendants'

10  policies and practices, and the parties do not contest the relevant facts regarding

11  those policies and practices. In particular, the parties agree that immigration officials

12  and immigration judges are not required under current policy to engage in a free-

13  standing inquiry and consider a non-citizen's financial circumstances in every single

14  case, even where the non-citizen has not put his or her financial circumstances at

15  issue, and that immigration officials and immigration judges are free to consider

16  "ability to pay" when they, in their discretion, deem it relevant.

17  **DEFENDANTS' RESPONSE TO RFP NO. 1 TO DHS:**

18         Pursuant to the above objections, no documents will be produced in response

19         to this request.

20     **B.    Plaintiffs' Contentions**

21         1.    Information Regarding Current and Former Immigrant Detainees
                Who Are or Were Held on Bond is Not Just Relevant, but Central
22             to Plaintiffs' Claims and the Government's Defenses.

23         Defendants argue that information about individual class members is

24  irrelevant. Defendants' arguments misunderstand the nature of Plaintiffs' claims, and

25  are irreconcilable with their own prior positions in this case.

26         Plaintiffs have sought a limited set of documents and database records related

27  to class members. Specifically, Plaintiffs have sought the following information:

28
                                          14

- *Class members' A-files*. A-files are administrative files maintained by DHS that contain the Government's records related to a noncitizen's immigration case and detention, including records related to custody determinations. These documents often contain a variety of biographical information, including immigration status, family ties, residence history, work history, criminal history and other information.

- *Information about class members in databases maintained by DHS and DOJ*. The databases contain information about the length of noncitizens' detention, custody determinations, bond amounts, non-monetary conditions of release, the merits of their immigration case, and contact information.

- *Class members' Risk Calculation Assessments*. ICE employs Risk Calculation Assessments, a computer algorithm that relies on individual detainee information, as a tool to determine whether to release detainees and under what conditions.

- *Documents concerning class members' custody determinations and bond hearings, to the extent they are not already maintained in the A-file*. This information is intended to capture any miscellaneous information that Defendants use to make custody determinations for members of the Class.

The requested documents and database information about class members are plainly relevant for at least three reasons.

*First*, this information provides evidence as to how Defendants' challenged procedures operate in practice. For example, class members' A-files may contain bond decisions and briefs that reflect whether the class member's ability to pay was considered at a bond hearing. Likewise, database records will document the outcome of bond hearings, including the bond amount set in a case, as well as how long class

15

1   members were detained on a bond they were unable to post. The A-file documents,

2   records of proceeding, and database records are the only readily available sources for

3   such information. Without the requested information, the Court will have no

4   opportunity to evaluate how the challenged procedures are applied in individual

5   cases.

6          Courts routinely rely on such evidence when resolving questions regarding the

7   legal or constitutional sufficiency of procedural safeguards, including in cases

8   concerning immigration detention. *See Demore*, 538 U.S. at 518-20, 529-30

9   (resolving question whether due process required bond hearings by relying on

10  aggregate data concerning individual cases); *Rodriguez III*, 804 F.3d at 1079, 1081,

11  1085 (considering class members' individual experiences under challenged detention

12  procedures based on facts drawn from A-files); *see also Cty. of Riverside*, 500 U.S.

13  at 55, 57 (relying on information concerning causes for delays in arraignment and

14  observing that "it takes 36 hours to process arrested persons in Riverside County" in

15  assessing constitutional requirements). For example, the Ninth Circuit's decision in

16  *Rodriguez III* relied on numerous facts concerning the class members, including their

17  lengths of detention; their ties to this country and claims for relief from removal;

18  their levels of education; and the effects of detention on themselves and their

19  families. 804 F.3d at 1072-73, 1085. Consistent with this authority, this Court relied

20  on facts concerning the class members in its decision granting a preliminary

21  injunction and denying Defendants' motion to dismiss. *See* Order Den. Defs.' Mot.

22  to Dismiss, Granting Pls.' Mot. for Class Cert., Granting Pls.' Mot. for Prelim. Inj. at

23  7-11, *Hernandez v. Sessions III*, No. 5:16-00620-JGB-KK (C.D. Cal. Nov. 10, 2016),

24  ECF No. 84.

25         The Government itself has recognized that "Plaintiffs' Certified Record of

26  Proceedings" is "potentially relevant" because "the parties—and the Court—can

27  evaluate the process afforded to each Plaintiff when their initial bonds were set."

28
                                        16

1  Joint Report at 7, *Hernandez v. Sessions III*, No. 5:16-00620-JGB-KK (C.D. Cal.

2  July 24, 2017), ECF No. 111. This concession is fatal to their arguments. This is a

3  class action: much as the named Plaintiffs' records are relevant to evaluating the

4  procedures at issue, so too are the records of other unnamed Plaintiffs.

5      *Second*, the requested documents and database information provide evidence

6  as to the harm that class members suffer and why the relief they seek is in the public

7  interest—information that the Court must evaluate in determining whether to grant

8  permanent injunctive relief. *See, e.g.*, *Facebook, Inc. v. Power Ventures, Inc.*, 2017

9  WL 1650608, *5 (N.D. Cal. May 2, 2017) ("A party seeking a permanent injunction

10  must [show] . . . that the public interest would not be disserved by a permanent

11  injunction."). Plaintiffs' requests seek information to establish the degree of

12  deprivation they will suffer without obtaining adequate hearings including, for

13  example, the length of time class members are typically detained; whether they were

14  separated from U.S. citizen children; and whether they were able to successfully

15  litigate their cases while detained. As other litigation has shown, the class members'

16  records reveal numerous important facts concerning the class, which are critical to

17  assessing the deprivation they suffer. *See Rodriguez III*, 804 F.3d at 1081-82

18  (discussing record facts concerning class members, including detention lengths and

19  rates at which they won removal cases).

20      *Third*, Plaintiffs' counsel are entitled to such information because the class

21  members are their clients. *See* Fed. R. Civ. P. 23(g)(4); *Staton v. Boeing Co.*, 327

22  F.3d 938, 959-60 (9th Cir. 2003) (referring to absent class members as "class

23  counsel's clients"). Plaintiffs need to investigate the class members' claims and

24  protect their interests, and Defendants are in a far better position to compile and

25  provide the information necessary to do so. *Cf. Artis v. Deere & Co.*, 276 F.R.D.

26  348, 353 (N.D. Cal. 2011) (permitting discovery because "putative class members

27  may possess relevant discoverable information concerning issues dealing with

28

17

1 Plaintiff's gender discrimination claims" and any privacy concerns could be

2 mitigated via protective order).

3       Defendants advance several arguments as to why the requested information is

4 irrelevant, but none withstand scrutiny. ***First***, Defendants claim that information

5 about former class members (*i.e.*, individuals who have been released or whose

6 detention authority has changed from 8 U.S.C. § 1226(a) to another provision) is not

7 relevant to Plaintiffs' claims for current class members. *See, e.g.*, Objections to DHS

8 RFP 1. This makes no sense. Information about how Defendants' procedures were

9 applied to detainees who have been released is no less relevant than information

10 about detainees who remain incarcerated. In both cases, the information would shed

11 light on how the challenged procedures operate in practice and the harms that

12 Defendants' existing detention regime causes to detainees. Indeed, Defendants have

13 recognized that information about the Named Plaintiffs—both of whom have been

14 released like "former" class members—is relevant because it will allow the Court to

15 "evaluate the process afforded each Plaintiff." Joint Report at 7, *Hernandez v.*

16 *Sessions III*, No. 5:16-00620-JGB-KK (C.D. Cal. July 24, 2017), ECF No. 111.

17       ***Second***, Defendants claim that facts about individual class members are not

18 relevant because "Plaintiffs allegedly challenge the policies and practices of

19 Defendants, rather than the individual bond determinations made for each Plaintiff."

20 *See, e.g.*, Objections to DHS RFP 1. But, as set forth above, the Court can only

21 evaluate the legal sufficiency of Defendants' "policies and practices" on the basis of

22 how they operate in practice. This is not a facial challenge to Defendants'

23 procedures; it is an as-applied challenge to how the procedures are applied to class

24 members. While Plaintiffs do not seek to challenge the individual bond amounts set

25 in their cases, their claims will require the Court to evaluate how Defendants' class-

26 wide "policies and practices" are applied in custody determinations and bond

27 hearings in individual cases.

28

18

1    ***Third***, Defendants claim that information about the merits of Plaintiffs'

2    immigration cases is not relevant because bond hearings are conducted separate and

3    apart from removal proceedings. *See* Objections to DOJ RFP 1 (citing 8 C.F.R. §

4    1003.19(d)). But Plaintiffs do not seek such information because it is considered in

5    bond hearings. Rather, Plaintiffs seek merits information that demonstrate that the

6    class members' detention is not reasonable, and to document the harms that the

7    Plaintiff class suffers in detention. For example, this information may reveal that

8    class members who are detained are less likely to prevail on their immigration cases

9    and be deported than similarly situated detainees who were released on bond. Courts

10   have recognized that the effects of detention, including on noncitizens' ability to

11   litigate their cases in detention, is relevant to a due process challenge to detention

12   procedures. *See Rodriguez III*, 804 F.3d at 1081-82.

13       Pursuant to LR 37-2.1, Plaintiffs state that, at the parties' various conferences,

14   Plaintiffs maintained that at least some information regarding the class members was

15   relevant, but Defendants refused to produce any information based on their general

16   objection that discovery is not appropriate in this case.

17           2.   <u>Defendants Cannot Withhold Information Based on Hypothetical Assertions of Privilege and Confidentiality.</u>

18

19       Defendants object to Plaintiffs' requests on the ground that they seek

20   information that is "likely" subject to certain privileges or "to the extent that

21   Plaintiffs seek information protected from disclosure under the Privacy Act," DHS

22   policy, "and other statutes, regulations, or directives regarding the protection of

23   privacy, confidential information, or medical information, or under regulations

24   preventing disclosure of specific alien information . . . such as, but not limited to"

25   twenty-five identified statutory and regulatory provisions. Critically, Defendants do

26   not assert that these privileges or confidential provisions ***in fact*** apply, only that they

27   ***may*** apply to some unidentified portions of the requested information. Defendants'

28

19

1  hypothetical and unsupported invocations of privilege and confidentiality cannot

2  justify their refusal to produce the requested information.

3       Federal Rule of Civil Procedure 26(b)(5)(A) requires that "[w]hen a party

4  withholds information otherwise discoverable by claiming that the information is

5  privileged . . . the party must: (i) expressly make the claim; and (ii) describe the

6  nature of the documents, communications, or tangible things not produced or

7  disclosed—and do so in a manner that, without revealing information itself

8  privileged or protected, will enable other parties to assess the claim." A "blanket

9  claim of privilege is simply not sufficient," and "objections should be plain enough

10 and specific enough so that the court can understand in what way the [discovery

11 requests] are alleged to be objectionable." *Davis v. Fendler*, 650 F.2d 1154, 1160

12 (9th Cir. 1981). "[B]oilerplate objections or blanket refusals inserted into a response

13 to a [] request for production of documents are insufficient to assert a privilege."

14 *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. Of Mont.*, 408 F.3d 1142,

15 1149 (9th Cir. 2005).

16       Defendants' objections utterly fail to meet these requirements. Defendants do

17 not identify whether any given privilege or confidentiality provision applies to the

18 requested information, or describe the nature of the material claimed to be privileged

19 or confidential. Indeed, it appears that Defendants have not even reviewed the

20 requested documents to determine whether they in fact contain privileged or

21 confidential material. Defendants' objections should be rejected on this basis alone.

22       Moreover, Defendants fail to explain why their concerns about the production

23 of alleged confidential information cannot be addressed by a suitably tailored

24 protective order. The parties have commenced negotiations on a protective order, and

25 exchanged drafts. The draft protective order provides stringent provisions to protect

26 sensitive information, and expressly authorizes the production of information subject

27 to the Privacy Act. *See* 5 U.S.C. 552a(b)(11) (permitting disclosure of information

28

1  subject to the Privacy Act "pursuant to the order of a court of competent
2  jurisdiction"). Courts have found that several of the confidentiality provisions
3  invoked by Defendants do not bar civil discovery and that a protective order is
4  sufficient to protect information subject to those provisions. *See Zambrano v. I.N.S.*,
5  972 F.2d 1122, 1125 (9th Cir. 1992), *overruled on other grounds in I.N.S. v.*
6  *Zambrano*, 509 U.S. 918 (1993); Order, *Rodriguez* (C.D. Cal. May 3, 2012), ECF
7  No. 210.

8      Accordingly, if Defendants determine that requested information is subject to
9  confidentiality provisions, they can seek to produce the information subject to the
10 rigorous terms of the parties' negotiated protective order. But in all events,
11 Defendants' invocation of privilege and confidentiality cannot justify their refusal to
12 produce any responsive information.

13     Pursuant to LR 37-2.1, Plaintiffs state that, at the parties' various conferences,
14 Plaintiffs asserted that Defendants could not refuse to produce any information based
15 on claims of hypothetical privilege or confidentiality, and must conduct an
16 investigation and log any documents withheld, but Defendants maintained that they
17 would not produce any information based on their general objection that discovery is
18 not appropriate in this case.

19             3.    The Government's Vague Assertions of Burden Do Not Justify
                     Refusing to Produce the Requested Documents.
20

21     The Government has also refused to produce the information requested above,
22 even where Plaintiffs have requested only a sampling from the relevant time period,
23 because doing so purportedly "require[s] significant manual, case-by-case processing
24 and coordination with multiple government agencies." This objection, which does no
25 more than describe a typical civil litigant's obligation to participate in discovery, is
26 patently insufficient. As the party objecting to discovery, the Government must
27
28

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
PURSUANT TO LOCAL RULE 37-2.1

1  justify its decision to withhold this highly relevant information to which only it has

2  access. The Government has not and cannot do so.

3  On a motion to compel, the Court only needs to limit the scope of a discovery

4  request if:

5
6  > (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

7  > (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

8
9  > (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

10  Fed. R. Civ. P. 26(b)(2)(C). In addition, to overcome a motion to compel the

11  production of electronically stored information, a party "must show that the

12  information *is not reasonably accessible* because of undue burden or cost." *Lindell*

13  *v. Synthes USA*, 2013 WL 3146806, at *6 (E.D. Cal. June 18, 2013) (emphasis

14  added) (citing Fed. R. Civ. P. 26(b)(2)(B)).

15  "The party who resists discovery has the burden to show that discovery should

16  not be allowed, and has the burden of clarifying, explaining, and supporting its

17  objections." *Polaris Innovations Ltd. v. Kingston Tech. Co.*, 2017 WL 3275615, at

18  *2 (C.D. Cal. Feb. 14, 2017) (quoting *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458

19  (C.D. Cal. 2002)). "General or boilerplate objections such as 'overly burdensome

20  and harassing' are improper—especially when a party fails to submit any evidentiary

21  declarations supporting such objections." *Id*. (internal alterations omitted) (quoting

22  *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006)). The

23  Government's boilerplate burden objections do not satisfy any of the tests above and

24  the Court should compel it to produce the requested information.

25  **First**, the Government raises a threshold issue that it cannot "easily identify

26  class members"—and therefore their records—because "whether an individual is

27  detained under 8 U.S.C. § 1226(a)" is not captured in relevant databases and

28

1   therefore will require manual file review. The Government has failed to provide any

2   evidentiary support for its objection, which plainly lacks merit. The Government has

3   *already* identified individuals who qualify as class members, and produced their

4   records, without incident. On December 15, 2015, in response to a FOIA request

5   submitted by Plaintiffs' counsel, the Government produced detention data limited to

6   individuals detained under Section 1226(a) in the Central District of California. (*See*

7   Decl. of Michael Tan, *Hernandez v. Sessions III*, No. 5:16-00620 (C.D. Cal. Apr. 22,

8   2016), ECF No. 24-1; Ex. B, the "ICE FOIA Response"). By producing this

9   information, the Government has demonstrated that it is entirely capable of

10  identifying and producing records for class members. Moreover, the preliminary

11  injunction order requires the Government to provide new bond hearings, with the

12  required procedures, to class members. Yet in the ten months since the order was

13  entered, the Government has never claimed that it is unable to comply because it

14  cannot identify class members.

15          The reality is that—even if the Government's databases do not separately track

16  the statutory detention authority—the Government can "easily identify" class

17  members using satisfactory proxies for detention authority and class membership.

18  The Government has admitted as much. In a letter concerning Defendants'

19  objections, the Government stated that Defendant DHS has proposed using

20  "mandatory detention" as a proxy for distinguishing between class members and

21  non-class members. Defendants' September 25, 2017 Letter at 9. The Government

22  has provided no reason why Defendant DOJ could not use the same proxy to produce

23  information maintained in DOJ databases. In addition, Defendants have additional

24  proxies to identify class members. For example, the immigration charges that

25  determine whether a respondent is subject to 8 U.S.C. § 1226(a) are recorded in the

26  EOIR database and can be used to identify individuals released pursuant to 8 U.S.C.

27  § 1226(a); indeed, the Government relies on analysis based on these charges on its

28

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
PURSUANT TO LOCAL RULE 37-2.1

website. *See* Executive Office for Immigration Review (Aug., 2016), available at https://www.justice.gov/sites/default/files/pages/attachments/2016/08/25/criminal-charge-completion-statistics-201608.pdf.

**Second**, the Government's burden objections to the production of documents concerning class members, including A-files, are overstated. Defendants fail to acknowledge that Plaintiffs have repeatedly offered to negotiate a sample of A-files to minimize any burdens on the Government. A reasonably sized sample would be equivalent to what DHS routinely produces *every few days* in response to individual requests for A-files. Indeed, a subdivision of DHS, the National Records Center, produced 4,000 to 6,000 A-files per month in 2005 in individual immigration cases in response to FOIA requests from individual immigrants. *See* Recommendations from the CIS Ombudsman to the Director USCIS (July 12, 2006), *available at* http://www.dhs.gov/xlibrary/assets/CISOmbudsman _RR_30_FOIA_Processing_07-12-06.pdf. In 2012, USCIS processed 600 A-file requests per day. *See* https://foia.blogs.archives.gov/2012/06/07/ensuring-requests-for-a-files-are-a-ok/. That number is almost certainly larger today, given that the number of deportation cases has substantially increased in the last few years.

Defendants have not identified anything distinctive about Plaintiffs' discovery requests that will require more or different review than what the Government ordinarily conducts under FOIA. A-files produced in response to FOIA requests undergo review for confidential and privileged information, much as Defendants claim they need to do here. *See generally* 5 U.S.C. § 552(b) (exempting certain categories of information from disclosure under FOIA). Moreover, "[t]he government uses the A-file routinely in almost every case to determine whether an alien should be removed and whether an alien should be naturalized, and *maintains an automated system to make access easy for its staff*." *Dent v. Holder*, 627 F.3d 365, 373 (9th Cir. 2010) (citing U.S. Gov't Accountability Office, GAO–07–85,

1  Immigration Benefits: Additional Efforts Needed to Help Ensure Alien Files are
2  Located when Needed 1 (2006)) (emphasis added).

3        Given the Government's routine production of thousands of A-files, Plaintiffs'
4  request for a limited sample of A-files and other documents can hardly be considered
5  unduly burdensome. Even if the production requires some expenditure of resources,
6  "[t]he fact that production of documents will be time consuming and expensive is not
7  ordinarily a sufficient reason to refuse to produce material if the requested material is
8  relevant and necessary to the discovery of admissible evidence." *Shaw v. Experian*
9  *Info. Sols., Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015).

10        Accordingly, Defendants have failed to establish any legitimate reason to limit
11  the scope of Plaintiffs' requests. The requested information is not duplicative, is in
12  the Government's exclusive possession, and cannot reasonably be obtained from any
13  other source. Even if Plaintiffs were able to identify class members without the
14  Government's records, interviewing those class members individually to inquire as
15  to the contents of their A-files and other documents is unreasonably burdensome
16  compared to having the Government produce those files, particularly since the class
17  members are in detention. The Court should therefore reject the Government's
18  meritless burden arguments and compel the Government to produce the requested
19  information.

20            4.     <u>Plaintiffs' Position on Remaining Objections</u>.

21        Plaintiffs' position regarding Defendants' contention that no discovery should
22  take place in this case is addressed *supra* Section I.A.1.

23      **C.**    **Defendants' Contentions**

24      [TO COME FROM DEFENDANTS]

25  **V.**   **RFP NO. 2 TO DHS:**

26      All electronic DATABASE records CONCERNING IMMIGRATION
27  DETAINEES held at any time during the Relevant Time Period under 8 U.S.C. §
28

1226(a), including but not limited to electronic database records CONCERNING

their detention, CUSTODY DETERMINATIONS, CUSTODY

REDETERMINATION HEARINGS, IMMIGRATION BONDS, ALTERNATIVE

CONDITIONS OF RELEASE, removal proceedings, removal, and appearance for

removal proceedings and removal.

### A.   <u>DEFENDANTS' OBJECTIONS TO RFP NO. 2 TO DHS:</u>

Defendants object to RFP No. 2 as inappropriate in this case, which presents

purely legal questions. Because this case presents legal issues, disposition on

summary judgment is appropriate; there are no genuine issues of fact in dispute that

would benefit from discovery. Further, any decisions concerning discovery and its

scope should be stayed pending the Ninth Circuit's forthcoming decision, which is

likely to provide substantial guidance in resolving (or eliminating) discovery and

jurisdictional issues.

Further, subject to objections that apply to all RFPs and objections to any

applicable definitions above, Defendants object to RFP No. 2 in that it seeks

information regarding "removal proceedings, removal, and appearance for . . .

removal" as overbroad because it seeks information not relevant to the claims and

defenses in this case. This information is not "of consequence in determining"

Plaintiffs' claims that Defendants have violated the constitutional rights of the class

members by not requiring that ability to pay be considered in setting a bond, by

requiring a cash bond, and/or by not considering failure to post bond as a changed

circumstance or any of the factors needed to establish the propriety of a permanent

injunction. *See* Fed. R. Evid. 401 (defining "relevance"). Moreover, custody and

bond proceedings are separate proceedings from removal proceedings. *See* 8 C.F.R.

§ 1003.19(d) ("Consideration by the Immigration Judge of an application or request

of a respondent regarding custody or bond under this section shall be separate and

apart from, and shall form no part of, any deportation or removal hearing or

1  proceeding."); *see also Joseph v. Holder*, 600 F.3d 1235, 124042 (9th Cir. 2010).

2  The evidence offered in a custody proceeding is maintained in a separate record of

3  proceeding from removal proceedings, and the adjudicator is limited to considering

4  only that evidence which is introduced in the custody proceeding when determining

5  eligibility for release. As such, the information contained in the removal proceeding

6  is not relevant to the claims and defenses in this case.

7      Additionally, the database records of individual aliens are not relevant to the

8  claims and defenses in this case because Plaintiffs allegedly challenge the policies

9  and practices of Defendants, rather than the individual bond determinations made for

10  each Plaintiff. Thus, individual records are not "of consequence in determining"

11  Plaintiffs' claims. *Id.*

12      Defendants also object to the extent that Plaintiffs seek information protected

13  from disclosure under the Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the

14  application of the Privacy Act to "visitors and aliens"; and other statutes, regulations,

15  or directives regarding the protection of privacy, confidential information, or medical

16  information, or under regulations preventing disclosure of specific alien information

17  (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f);

18  1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2),(b),(c),(d); 22 U.S.C. §

19  7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii);

20  236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which

21  would subject Defendants to civil or criminal penalties or other sanctions in the event

22  of unauthorized disclosure.

23      Defendants also object to RFP No. 2 in that it seeks any responsive documents

24  beginning in January 1, 2012. This case involves claims regarding whether

25  Defendants current policies and procedures violate Plaintiffs constitutional rights.

26  Therefore, at most, the relevant time period began with the filing of this lawsuit on

27  April 6, 2016.

28

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
PURSUANT TO LOCAL RULE 37-2.1

1    Defendants also object to RFP No. 2 because it is unduly burdensome and
2    disproportionate to the needs of the case. The records sought require significant
3    processing to compile the requested information. DHS databases do not organize the
4    requested information as defined in RFP No. 2. Moreover, information regarding the
5    "detention" authority under which an alien is held or whether an alien is subject to
6    "alternative conditions of release" under 8 U.S.C. § 1226(a) are not captured in the
7    relevant databases. In order to compile the requested information, Defendants must
8    first generate a list of all requested individuals, which is a labor and time-intensive
9    process. The records for any subset of individuals that might be identified would
10   have to be individually examined to determine whether an individual is or is not
11   detained under 8 U.S.C. § 1226(a). Additionally, identifying individuals who were
12   detained under 8 U.S.C. § 1226(a) at any point since a particular date requires the
13   merging of one-time snapshots of data taken during the time period that must be
14   combined manually. The ever shifting detention population as individuals are
15   detained and released make this complicated and burdensome. Furthermore,
16   information related to these multiple categories are contained in various databases
17   and will have to be manually combined to respond to the RFP, without any guarantee
18   of complete accuracy.

19   Therefore, the requested information will need to be processed manually,
20   likely at great cost and with significant workforce resources. As discussed above, the
21   burden and expense of the proposed discovery outweighs its likely benefit because
22   this matter presents a constitutional challenge to Defendants' policies and practices,
23   and the parties do not contest the relevant facts regarding those policies and
24   practices. In particular, the parties agree that immigration officials and immigration
25   judges are not required under current policy to engage in a freestanding inquiry and
26   consider a non-citizen's financial circumstances in every single case, even where the
27   non-citizen has not put his or her financial circumstances at issue, and that

28

1  immigration officials and immigration judges are free to consider "ability to pay"

2  when they, in their discretion, deem it relevant.

3  **DEFENDANTS' RESPONSE TO RFP NO. 2 TO DHS:**

4  　　Pursuant to the above objections, no documents will be produced in response

5  to this request.

6  　　**B.**　　**Plaintiffs' Contentions**

7  　　1.　　Plaintiffs' request seeks information about class members maintained in

8  DHS databases. This information includes a range of plainly relevant information,

9  including class members' names and contact information, information concerning

10  their custody determinations (including the amount of bond set), the length of time

11  that they have been detained, and the outcome of their immigration cases. For the

12  reasons set forth in Section IV.B.1, this information is relevant because it will

13  illustrate how Defendants' policies and procedures are applied in individual class

14  members cases and the harms that class members suffer in detention.

15  　　Defendants object that their databases "do not organize the requested

16  information as defined in" Plaintiffs' requests or do not "capture" the requested

17  information. This makes no sense. Plaintiffs' requests seek "all" database records

18  concerning class members maintained by Defendants DHS and DOJ. Plaintiffs'

19  requests include an illustrative list of the type of database information that they seek,

20  but—to the extent that this information is not "captured" or "organized" by

21  Defendants—Defendants need not produce that specific information. However,

22  Defendants' objection provides no basis for refusing to produce *any* database

23  information, including information that is "captured" by Defendants. In any event,

24  "[t]he fact that Defendants do not segregate the data in the precise manner it is

25  requested and would be required to manually review some of the data entries does

26  not make Plaintiff's requests inaccessible 'because of undue burden or cost.'"

27  *Lindell*, 2013 WL 3146806, at *7.

28

29

1     2.    Plaintiffs' position regarding Defendants' contention that no discovery

2 should take place in this case is addressed *supra* Section I.A.1.

3     3.    Plaintiffs' position regarding Defendants' contention that the requested

4 information regarding current and former class members is not relevant is addressed

5 *supra* Section IV.B.1.

6     4.    Plaintiffs' position regarding Defendants' withholding of information

7 based on hypothetical assertions of privilege and confidentiality is addressed *supra*

8 Section IV.B.2.

9     5.    Plaintiffs' position regarding the Relevant Time Period is addressed

10 *supra* Section III.A.1.

11     6.    Plaintiffs' position regarding Defendants' vague and unsubstantiated

12 assertion of undue burden against producing information regarding class members is

13 addressed *supra* Section IV.B.2.

14     **C.**    **Defendants' Contentions**

15     [TO COME FROM DEFENDANTS]

16 **VI.**    **RFP NO. 3 TO DHS:**

17     All LOOKUP TABLES or other DOCUMENTS indicating the definition of

18 each DATABASE field maintained in any electronic DATABASE that contain

19 records for any PLAINTIFF; the possible entries for each DATABASE field; the

20 definition of each possible entry for the DATABASE field; and the name of the

21 DATABASE.

22     **A.**    **DEFENDANTS' OBJECTIONS TO RFP NO. 3 TO DHS:**

23     Defendants object to RFP No. 3 as inappropriate in this case, which presents

24 purely legal questions. Because this case presents legal issues, disposition on

25 summary judgment is appropriate; there are no genuine issues of fact in dispute that

26 would benefit from discovery. Further, any decisions concerning discovery and its

27 scope should be stayed pending the Ninth Circuit's forthcoming decision, which is

28

1   likely to provide substantial guidance in resolving (or eliminating) discovery and

2   jurisdictional issues.

3          Further, subject to objections that apply to all RFPs and objections to any

4   applicable definitions above, Defendants object to RFP No. 3 as overbroad because it

5   seeks information not relevant to the claims and defenses in this case. "All lookup

6   tables" regarding "each database field" in "any electronic database" do not contain

7   substantial information that is "of consequence in determining" Plaintiffs' claims

8   that Defendants have violated the constitutional rights of the class members by not

9   requiring that ability to pay be considered in setting a bond, by requiring a cash

10  bond, and/or by not considering failure to post bond as a changed circumstance or

11  any of the factors needed to establish the propriety of a permanent injunction. *See*

12  Fed. R. Evid. 401 (defining "relevance"). Some of the databases maintained by DHS

13  contain information not relevant to the claims and defenses in this case.

14         Defendants additionally object on the ground that Plaintiffs' request for all

15  database dictionaries as well as their potential entries is overbroad because many if

16  not most of the fields are not relevant to the claims and defenses in this case.

17         Defendants also object to RFP No. 3 in that it seeks information that likely is

18  protected under the deliberative process privilege, the law-enforcement sensitive

19  protection, the law-enforcement privilege, and/or other government privileges.

20         Defendants also object to RFP No. 3 because it is unduly burdensome and

21  disproportionate to the needs of the case. The information sought requires significant

22  processing to compile and will need to be processed manually, likely at great cost

23  and with significant workforce resources. The burden and expense of the proposed

24  discovery outweighs its likely benefit because this matter presents a constitutional

25  challenge to Defendants' policies and practices, and the parties do not contest the

26  relevant facts regarding those policies and practices. In particular, the parties agree

27  that immigration officials and immigration judges are not required under current

28

31

1  policy to engage in a free-standing inquiry and consider a non-citizen's financial

2  circumstances in every single case, even where the non-citizen has not put his or her

3  financial circumstances at issue, and that immigration officials and immigration

4  judges are free to consider "ability to pay" when they, in their discretion, deem it

5  relevant. Thus, information regarding the lookup tables regarding databases

6  containing information regarding Plaintiffs are not relevant in determining whether

7  the Constitution requires consideration of "ability to pay" in every case.

8  **DEFENDANTS' RESPONSE TO RFP NO. 3 TO DHS:**

9      Pursuant to the above objections, no documents will be produced in response

10  to this request.

11      **B.    Plaintiffs' Contentions**

12      1.    Plaintiffs' request seeks the "look up" tables and other documents that

13  explain the content and operation of the databases from which Plaintiffs seek

14  information in DHS RFP No. 2. This information is necessary to enable Plaintiffs to

15  understand the scope and meaning of database information that is produced, and is

16  therefore plainly relevant to the parties' claims and defenses in this case. Defendants'

17  objections to producing this information have been previously addressed by

18  Plaintiffs:

19      2.    Plaintiffs' position regarding Defendants' contention that no discovery

20  should take place in this case is addressed *supra* Section I.A.1.

21      3.    Plaintiffs' position regarding Defendants' contention that the requested

22  information regarding current and former class members is not relevant is addressed

23  *supra* Section IV.B.1.

24      4.    Plaintiffs' position regarding Defendants' withholding of information

25  based on hypothetical assertions of privilege and confidentiality is addressed *supra*

26  Section IV.B.2.

27

28

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
PURSUANT TO LOCAL RULE 37-2.1

1    5.    Plaintiffs' position regarding Defendants' vague and unsubstantiated

2    assertion of undue burden against producing information regarding class members is

3    addressed *supra* Section IV.B.2.

4    **C.    Defendants' Contentions**

5    [TO COME FROM DEFENDANTS]

6    **VII.    RFP NO. 9 TO DHS:**

7    All ICE Risk Classification Assessments for every PLAINTIFF or former

8    PLAINTIFF who was or is a member of the certified class at any time between

9    November 10, 2016 and the date of DEFENDANT'S response to this request, as well

10   as for Plaintiffs Xochitl Hernandez and Cesar Matias.

11   **A.    DEFENDANTS' OBJECTIONS TO RFP NO. 9 TO DHS:**

12   Defendants object to RFP No. 9 as inappropriate in this case, which presents

13   purely legal questions. Because this case presents legal issues, disposition on

14   summary judgment is appropriate; there are no genuine issues of fact in dispute that

15   would benefit from discovery. Further, any decisions concerning discovery and its

16   scope should be stayed pending the Ninth Circuit's forthcoming decision, which is

17   likely to provide substantial guidance in resolving (or eliminating) discovery and

18   jurisdictional issues.

19   Further, subject to objections that apply to all RFPs and objections to any

20   applicable definitions above, Defendants object to RFP No. 9 in that it seeks

21   information that likely is protected the under attorney-client privilege, the attorney-

22   work product protection, the deliberative process privilege, the law-enforcement

23   sensitive protection, the law-enforcement privilege, and/or other government

24   privileges.

25   Defendants also object to the extent that Plaintiffs seek information protected

26   from disclosure under the Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the

27   application of the Privacy Act to "visitors and aliens"; and other statutes, regulations,

28

33

1  or directives regarding the protection of privacy, confidential information, or medical

2  information, or under regulations preventing disclosure of specific alien information

3  (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f);

4  1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2),(b),(c),(d); 22 U.S.C. §

5  7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii);

6  236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which

7  would subject Defendants to civil or criminal penalties or other sanctions in the event

8  of unauthorized disclosure.

9          Defendants also object to RFP No. 9 as overbroad because it seeks

10  information not relevant to the claims and defenses in this case. Risk Assessment

11  Classifications of former Plaintiffs, i.e., individuals who have posted bond and been

12  released from immigration custody, who were otherwise released from or exited

13  immigration custody, and whose detention authority has changed from 8 U.S.C. §

14  1226(a) to another provision, are no longer "of consequence in determining"

15  Plaintiffs' claims that Defendants have violated the constitutional rights of the class

16  members by not requiring that ability to pay be considered in setting a bond, by

17  requiring a cash bond, and/or by not considering failure to post bond as a changed

18  circumstance or any of the factors needed to establish the propriety of a permanent

19  injunction. *See* Fed. R. Evid. 401 (defining "relevance").

20          Additionally, the Risk Classification Assessments of individual aliens,

21  whether former or current Plaintiffs, are not relevant to the claims and defenses in

22  this case because Plaintiffs allegedly challenge the policies and practices of

23  Defendants, rather than the individual bond determinations made for each Plaintiff.

24  Thus, the Risk Classification Assessments are not "of consequence in determining"

25  Plaintiffs' claims. *Id.*

26          Defendants further object to RFP No. 9 because it is unduly burdensome and

27  disproportionate to the needs of the case. The information sought requires significant

28

1  manual, case-by-case processing. Defendants cannot easily identify class members

2  by using an automated search of DHS databases because the issuance of bonds and

3  actual detention under 8 U.S.C. § 1226(a) is not readily captured in the relevant

4  databases. Once each class member is identified, each individual Risk Classification

5  Assessment would be required to be located and analyzed. The requested

6  information will need to be processed manually at great cost and with a significant

7  workforce resources.

8         Therefore, the burden and expense of the proposed discovery outweighs its

9  likely benefit because this matter presents a constitutional challenge to Defendants'

10  policies and practices, and the parties do not contest the relevant facts regarding

11  those policies and practices. In particular, the parties agree that immigration officials

12  and immigration judges are not required under current policy to engage in a free-

13  standing inquiry and consider a non-citizen's financial circumstances in every single

14  case, even where the non-citizen has not put his or her financial circumstances at

15  issue, and that immigration officials and immigration judges are free to consider

16  "ability to pay" when they, in their discretion, deem it relevant.

17  **DEFENDANTS' RESPONSE TO RFP NO. 9 TO DHS:**

18         Pursuant to the above objections, no documents will be produced in response

19  to this request.

20         **B.**     **Plaintiffs' Contentions**

21         1.     Plaintiffs' request seeks documents concerning the Risk Classification

22  Assessments (RCAs) for class members. "ICE uses the RCA tool to help make its

23  detention decisions. Through RCA, ICE inputs database records and interview

24  information into a 'scoring system' that produces public safety and flight risk

25  assessments--low/medium/high for each--and then recommends detention or release,

26  with the capability to make attendant custody or supervision classifications." Mark

27  Noferi, Robert Koulish, The Immigration Detention Risk Assessment, 29 Geo.

28

1   Immigr. L.J. 45, 48 (2014). Information about how ICE employs the RCA to make

2   custody determinations for class members is plainly relevant to the parties' claims

3   and defenses in this case. Defendants' objections to producing this information have

4   been previously addressed by Plaintiffs:

5       2.      Plaintiffs' position regarding Defendants' contention that no discovery

6   should take place in this case is addressed *supra* Section I.A.1.

7       3.      Plaintiffs' position regarding Defendants' withholding of information

8   based on hypothetical assertions of privilege and confidentiality is addressed *supra*

9   Section IV.B.2.

10      4.      Plaintiffs' position regarding Defendants' contention that the requested

11  information regarding current and former class members is not relevant is addressed

12  *supra* Section IV.B.1.

13      5.      Plaintiffs' position regarding Defendants' vague and unsubstantiated

14  assertion of undue burden against producing information regarding class members is

15  addressed *supra* Section IV.B.2.

16      C.      **Defendants' Contentions**

17      [TO COME FROM DEFENDANTS]

18  **VIII.  RFP NO. 10 TO DHS:**

19      All DOCUMENTS and COMMUNICATIONS CONCERNING

20  DEFENDANT'S policies, procedures, practices, forms, and trainings about the ICE

21  Risk Classification Assessment tool—including, but not limited to whether ICE

22  accepts or overrides the recommendation made by the tool—in the Central District of

23  California.

24      A.      **DEFENDANTS' OBJECTIONS TO RFP NO. 10 TO DHS:**

25      Defendants object to RFP No. 10 as inappropriate in this case, which presents

26  purely legal questions. Further, any decisions concerning discovery and its scope

27  should be stayed pending the Ninth Circuit's forthcoming decision, which is likely to

28

36

1    provide substantial guidance in resolving (or eliminating) discovery and
2    jurisdictional issues.

3            Further, subject to objections that apply to all RFPs and objections to any
4    applicable definitions above, Defendants object to RFP No. 10 in that it seeks
5    information that likely is protected under the attorney-client privilege, the attorney-
6    work product protection, the deliberative process privilege, and/or law-enforcement
7    sensitive protection.

8            Defendants also object to RFP No. 10 because it is vague. It is unclear what
9    types of documents Plaintiffs are seeking in their request.

10           Defendants also object to RFP No. 10 as overbroad because it seeks
11   information not relevant to the claims and defenses in this case. Any document or
12   communication regarding Defendants' historical policies, procedures, practices,
13   form, and trainings are not "of consequence in determining" Plaintiffs' claims that
14   Defendants' current policies and practices have violated the constitutional rights of
15   the class members by not requiring that ability to pay be considered in setting a
16   bond, by requiring a cash bond, and/or by not considering failure to post bond as a
17   changed circumstance. *See* Fed. R. Evid. 401 (defining "relevance").

18           Defendants also object to RFP No. 10 because it seeks information which is
19   not relevant and is disproportionate to the needs of this case. Plaintiffs appear to seek
20   information that likely resides with a large number of individuals that are involved
21   with policies, procedures, practices, forms, and trainings. It would take significant
22   resources to collect, inspect, and produce any responsive information.

23           Therefore, the burden and expense of the proposed discovery outweighs its
24   likely benefit because this matter presents a constitutional challenge to Defendants'
25   policies and practices, and the parties do not contest the relevant facts regarding
26   those policies and practices. In particular, the parties agree that immigration officials
27   and immigration judges are not required under current policy to engage in a free-
28

37

1  standing inquiry and consider a non-citizen's financial circumstances in every single

2  case, even where the non-citizen has not put his or her financial circumstances at

3  issue, and that immigration officials and immigration judges are free to consider

4  "ability to pay" when they, in their discretion, deem it relevant. Thus, information

5  regarding Defendants' policies, procedures, practices, forms, and trainings regarding

6  Risk Classification Assessments are not relevant in determining whether the

7  Constitution requires consideration of "ability to pay" in every case.

8  **DEFENDANTS' RESPONSE TO RFP NO. 10 TO DHS:**

9        Pursuant to the above objections, no documents will be produced in response

10  to this request.

11        **B.    Plaintiffs' Contentions**

12        1.    Plaintiffs' position regarding Defendants' contention that no discovery

13  should take place in this case is addressed *supra* Section I.A.1.

14        2.    Plaintiffs' position regarding Defendants' withholding of information

15  based on hypothetical assertions of privilege and confidentiality is addressed *supra*

16  Section IV.B.2.

17        3.    Defendants have withdrawn their objection regarding vagueness.

18        4.    Plaintiffs' position that information regarding Defendants' policies,

19  procedures and general practices regarding custody determinations and other

20  contexts where a person's ability to pay is considered are relevant to the parties'

21  claims and defenses is addressed *supra* Section XXII.B.1.

22        5.    Defendants have agreed to meet and confer with Plaintiffs regarding

23  potential custodians and search terms for locating information responsive to this

24  request, but only if the Court compels Defendants to engage in discovery.

25        **C.    Defendants' Contentions**

26        [TO COME FROM DEFENDANTS]

27  **IX.    RFP NO. 1 TO DOJ:**

28

38

1   All electronic DATABASE records CONCERNING IMMIGRATION

2   DETAINEES held under 8 U.S.C. § 1226(a) at any time during the Relevant Time

3   Period, including but not limited to electronic database records CONCERNING their

4   detention, CUSTODY DETERMINATIONS, CUSTODY REDETERMINATION

5   HEARINGS, IMMIGRATION BONDS, ALTERNATIVE CONDITIONS OF

6   RELEASE, representation by counsel, removal proceedings, custody and merits

7   appeals to the Board of Immigration Appeals, removal, and appearance for removal

8   proceedings and removal.

9   **A.   <u>DEFENDANTS' OBJECTIONS TO RFP NO. 1 TO DOJ:</u>**

10   Defendants object to RFP No. 1 as inappropriate in this case, which presents

11   purely legal questions. Because this case presents legal issues, disposition on

12   summary judgment is appropriate; there are no genuine issues of fact in dispute that

13   would benefit from discovery. Further, any decisions concerning discovery and its

14   scope should be stayed pending the Ninth Circuit's forthcoming decision, which is

15   likely to provide substantial guidance in resolving (or eliminating) discovery and

16   jurisdictional issues.

17   Further, subject to objections that apply to all RFPs and objections to any

18   applicable definitions above, Defendants object to RFP No. 1 in that it seeks

19   information regarding "representation by counsel, removal proceedings, . . . merits

20   appeals to Board of Immigration Appeals, removal, and appearance for . . . removal"

21   as overbroad because it seeks information not relevant to the claims and defenses in

22   this case. This information is not "of consequence in determining" Plaintiffs' claims

23   that Defendants have violated the constitutional rights of the class members by not

24   requiring that ability to pay be considered in setting a bond, by requiring a cash

25   bond, and/or by not considering failure to post bond as a changed circumstance or

26   any of the factors needed to establish the propriety of a permanent injunction. *See*

27   Fed. R. Evid. 401 (defining "relevance"). Moreover, custody and bond proceedings

28

39

1  are separate proceedings from removal proceedings. *See* 8 C.F.R. § 1003.19(d)

2  ("Consideration by the Immigration Judge of an application or request of a

3  respondent regarding custody or bond under this section shall be separate and apart

4  from, and shall form no part of, any deportation or removal hearing or proceeding.");

5  *see also Joseph v. Holder*, 600 F.3d 1235, 1240- 42 (9th Cir. 2010). The evidence

6  offered in a custody proceeding is maintained in a separate record of proceeding

7  from removal proceedings, and the adjudicator is limited to considering only that

8  evidence which is introduced in the custody proceeding when determining eligibility

9  for release. As such, the information contained in the removal proceeding is not

10  relevant to the claims and defenses in this case.

11      Additionally, the database records of individual aliens are not relevant to the

12  claims and defenses in this case because Plaintiffs allegedly challenge the policies

13  and practices of Defendants, rather than the individual bond determinations made or

14  each Plaintiff. Thus, individual records are not "of consequence in determining"

15  Plaintiffs' claims. *Id*.

16      Defendants also object to the extent that Plaintiffs seek information protected

17  from disclosure under the Privacy Act, 5 U.S.C. § 552a; and other statutes,

18  regulations, or directives regarding the protection of privacy, confidential

19  information, or medical information, or under regulations preventing disclosure of

20  specific alien information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6);

21  1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and

22  1367(a)(2),(b),(c),(d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e);

23  214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21;

24  1003.46; and 1208.6), many of which would subject Defendants to civil or criminal

25  penalties or other sanctions in the event of unauthorized disclosure.

26      Defendants also object to RFP No. 1 in that it seeks any responsive documents

27  beginning in January 1, 2012. This case involves claims regarding whether

28

1   Defendants current policies and procedures violate Plaintiffs constitutional rights.

2   Therefore, at most, the relevant time period began with the filing of this lawsuit on

3   April 6, 2016.

4          Defendants further object to RFP No. 1 because it is unduly burdensome and

5   disproportionate to the needs of the case. The records sought requires significant

6   manual, case-by-case processing because the requested information is not readily

7   identifiable given the capabilities of the EOIR database. In order to compile the

8   requested information, Defendants must first retrieve from its database a list of all

9   those who have been detained, whether under 8 U.S.C. § 1226(a) or otherwise. The

10  EOIR database does not specifically track individuals by which detention authority

11  they are detained under, so a simple query containing the variables in Plaintiffs'

12  request would not suffice. To provide a list of only those detained under 8 U.S.C. §

13  1226(a), Defendant would need to embark on a time and labor intensive review of

14  the paper record for each respondent on the detainee list originally retrieved. There

15  are likely thousands of immigration detainees that have been detained pursuant to 8

16  U.S.C. § 1226(a) since January 1, 2012.

17         Therefore, the requested information will need to be processed manually,

18  likely at great cost and with significant workforce resources. As discussed above, the

19  burden and expense of the proposed discovery outweighs its likely benefit because

20  this matter presents a constitutional challenge to Defendants' policies and practices,

21  and the parties do not contest the relevant facts regarding those policies and

22  practices. In particular, the parties agree that immigration officials and immigration

23  judges are not required under current policy to engage in a freestanding inquiry and

24  consider a non-citizen's financial circumstances in every single case, even where the

25  non-citizen has not put his or her financial circumstances at issue, and that

26  immigration officials and immigration judges are free to consider "ability to pay"

27  when they, in their discretion, deem it relevant.

28

41

**DEFENDANTS' RESPONSE TO RFP NO. 1 TO DOJ:**

Pursuant to the above objections, no documents will be produced in response to this request.

**B.     Plaintiffs' Contentions**

1.     Plaintiffs' request seeks information about class members maintained in DOJ databases. This information includes a range of plainly relevant information, including class members' names and contact information, information concerning their custody determinations (including the amount of bond set), the length of time that they have been detained, and the outcome of their immigration cases. For the reasons set forth in Section IV.B.1, this information is relevant because it will illustrate how Defendants' policies and procedures are applied in individual class members cases and the harms that class members suffer in detention. Defendants' objections to producing this information have been previously addressed by Plaintiffs:

2.     Plaintiffs' position regarding Defendants' contention that no discovery should take place in this case is addressed *supra* Section I.A.1.

3.     Plaintiffs' position regarding Defendants' contention that the requested information regarding current and former class members is not relevant is addressed *supra* Section IV.B.1.

4.     Plaintiffs' position regarding Defendants' withholding of information based on hypothetical assertions of privilege and confidentiality is addressed *supra* Section IV.B.2.

5.     Plaintiffs' position regarding the Relevant Time Period is addressed *supra* Section III.A.1.

6.     Plaintiffs' position regarding Defendants' vague and unsubstantiated assertion of undue burden against producing information regarding class members is addressed *supra* Section IV.B.2.

1  **C.  Defendants' Contentions**

2  [TO COME FROM DEFENDANTS]

3  **X.  RFP NO. 2 TO DOJ:**

4  All LOOKUP TABLES or other DOCUMENTS indicating the definition of

5  each DATABASE field maintained in any electronic DATABASE that contain

6  records for any PLAINTIFF; the possible entries for each DATABASE field; the

7  definition of each possible entry for the DATABASE field; and the name of the

8  DATABASE.

9  **A.  DEFENDANTS' OBJECTIONS TO RFP NO. 2 TO DOJ:**

10  Defendants object to RFP No. 2 as inappropriate in this case, which presents

11  purely legal questions. Because this case presents legal issues, disposition on

12  summary judgment is appropriate; there are no genuine issues of fact in dispute that

13  would benefit from discovery. Further, any decisions concerning discovery and its

14  scope should be stayed pending the Ninth Circuit's forthcoming decision, which is

15  likely to provide substantial guidance in resolving (or eliminating) discovery and

16  jurisdictional issues.

17  Further, subject to objections that apply to all RFPs and objections to any

18  applicable definitions above, Defendants object to RFP No. 2 as overbroad because it

19  seeks information that Plaintiffs have not established is relevant to the claims and

20  defenses in this case. "All lookup tables" regarding "each database field" in "any

21  electronic database" do not contain substantial information that is "of consequence in

22  determining" Plaintiffs' claims that Defendants have violated the constitutional

23  rights of the class members by not requiring that ability to pay be considered in

24  setting a bond, by requiring a cash bond, and/or by not considering failure to post

25  bond as a changed circumstance or any of the factors needed to establish the

26  propriety of a permanent injunction. *See* Fed. R. Evid. 401 (defining "relevance").

27

28

43

1    Defendants additionally object on the ground that Plaintiffs' request for all

2  database dictionaries as well as their potential entries is overbroad because many, if

3  not most, of the fields are not relevant to the claims and defenses in this case.

4    Defendants also object to RFP No. 2 in that it seeks information that is likely

5  protected under the deliberative process privilege, the law-enforcement sensitive

6  protection, the law-enforcement privilege, and/or other government privileges.

7    Defendants also object to RFP No. 2 because it is unduly burdensome and

8  disproportionate to the needs of the case. The information sought requires significant

9  processing to compile and will need to be processed manually, likely at great cost

10  and with significant workforce resources. The burden and expense of the proposed

11  discovery outweighs its likely benefit because this matter presents a constitutional

12  challenge to Defendants' policies and practices, and the parties do not contest the

13  relevant facts regarding those policies and practices. In particular, the parties agree

14  that immigration officials and immigration judges are not required under current

15  policy to engage in a free-standing inquiry and consider a non-citizen's financial

16  circumstances in every single case, even where the non-citizen has not put his or her

17  financial circumstances at issue, and that immigration officials and immigration

18  judges are free to consider "ability to pay" when they, in their discretion, deem it

19  relevant. Thus, information regarding the lookup tables and databases containing

20  information regarding Plaintiffs are not relevant in determining whether the

21  Constitution requires consideration of "ability to pay" in every case.

22  **DEFENDANTS' RESPONSE TO RFP NO. 2 TO DOJ:**

23    Pursuant to the above objections, no documents will be produced in response

24  to this request.

25    **B.    Plaintiffs' Contentions**

26    1.    Plaintiffs' request seeks the "look up" tables and other documents that

27  explain the content and operation of the databases from which Plaintiffs seek

28

44

1  information in DOJ RFP No. 1. This information is necessary to enable Plaintiffs to

2  understand the scope and meaning of database information that is produced, and is

3  therefore plainly relevant to the parties' claims and defenses in this case. Defendants'

4  objections to producing this information have been previously addressed by

5  Plaintiffs:

6      2.    Plaintiffs' position regarding Defendants' contention that no discovery

7  should take place in this case is addressed *supra* Section I.A.1.

8      3.    Plaintiffs' position regarding Defendants' contention that the requested

9  information regarding current and former class members is not relevant is addressed

10 *supra* Section IV.B.1.

11     4.    Plaintiffs' position regarding Defendants' withholding of information

12 based on hypothetical assertions of privilege and confidentiality is addressed *supra*

13 Section IV.B.2.

14     5.    Plaintiffs' position regarding Defendants' vague and unsubstantiated

15 assertion of undue burden against producing information regarding class members is

16 addressed *supra* Section IV.B.2.

17     **C.    Defendants' Contentions**

18         [TO COME FROM DEFENDANTS]

19 **XI.   RFP NO. 5 TO DOJ:**

20         All DOCUMENTS and COMMUNICATIONS CONCERNING CUSTODY

21 REDETERMINATION HEARINGS for any PLAINTIFF [sic] or former

22 PLAINTIFF who had a bond set under 8 U.S.C. § 1226(a) at any time from

23 November 10, 2016 to the date of production, including but not limited to any orders

24 at those hearings; bond memoranda; the record of proceedings; and hearing

25 recordings.

26     **A.    DEFENDANTS' OBJECTIONS TO RFP NO. 5 TO DOJ:**

27

28

1    Defendants object to RFP No. 5 as inappropriate in this case, which presents

2 purely legal questions. Because this case presents legal issues, disposition on

3 summary judgment is appropriate; there are no genuine issues of fact in dispute that

4 would benefit from discovery. Further, any decisions concerning discovery and its

5 scope should be stayed pending the Ninth Circuit's forthcoming decision, which is

6 likely to provide substantial guidance in resolving (or eliminating) discovery and

7 jurisdictional issues.

8    Further, subject to objections that apply to all RFPs and objections to any

9 applicable definitions above, Defendants object to RFP No. 5 in that it seeks

10 information that likely is protected under the attorney-client privilege, the attorney-

11 work product protection, the deliberative process privilege, the law-enforcement

12 sensitive protection, the law-enforcement privilege, and/or other government

13 privileges.

14    Defendants object that RFP No. 5 is vague because the term "former

15 Plaintiffs" is undefined, and it is thus unclear the extent of the information Plaintiffs

16 seek to obtain. Defendants also object because it is unclear what types of documents

17 Plaintiffs are seeking in their request.

18    Defendants also object to RFP No. 5 as overbroad because it seeks

19 information not relevant to the claims and defenses in this case. Documents and

20 communications concerning custody redeterminations for former Plaintiffs, to the

21 extent this group includes individuals who have posted bond and been released from

22 immigration custody, who were otherwise released from or exited immigration

23 custody, or whose detention authority has changed from 8 U.S.C. § 1226(a) to

24 another provision, are no longer "of consequence in determining" Plaintiffs' claims

25 that Defendants have violated the constitutional rights of the class members by not

26 requiring that ability to pay be considered in setting a bond, by requiring a cash

27 bond, and/or by not considering failure to post bond as a changed circumstance or

28

46

1  any of the factors needed to establish the propriety of a permanent injunction. *See*

2  Fed. R. Evid. 401 (defining "relevance").

3       Additionally, the records of individual aliens are not relevant to the claims and

4  defenses in this case because Plaintiffs allegedly challenge the policies and practices

5  of Defendants, rather than the individual bond determinations made for each

6  Plaintiff. Thus, individual records are not "of consequence in determining"

7  Plaintiffs' claims. *Id.*

8       Defendants also object to the extent that Plaintiffs seek information protected

9  from disclosure under the Privacy Act, 5 U.S.C. § 552a; and other statutes,

10  regulations, or directives regarding the protection of privacy, confidential

11  information, or medical information, or under regulations preventing disclosure of

12  specific alien information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6);

13  1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and

14  1367(a)(2),(b),(c),(d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e);

15  214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21;

16  1003.46; and 1208.6), many of which would subject Defendants to civil or criminal

17  penalties or other sanctions in the event of unauthorized disclosure.

18       Defendants further object to RFP No. 5 because it is unduly burdensome and

19  disproportionate to the needs of the case. The data sought requires significant

20  manual, case-by-case review to locate, extract, and process the requested

21  information. Plaintiffs request documents and communications concerning "any

22  PLAINTIFF [sic] or former PLAINTIFF who had a bond set under 8 U.S.C. §

23  1226(a) at any time from November 10, 2016 to the date of production." This

24  requested information is not readily identifiable given the capabilities of the EOIR

25  database. In order to compile the requested information, Defendants must first

26  retrieve from its database a list of all those who have been detained, whether under 8

27  U.S.C. § 1226(a) or otherwise. The EOIR database does not specifically track

28

47

1   individuals by which detention authority they are detained under, so a simple query

2   containing the variables in Plaintiffs' request would not suffice. To provide a list of

3   only those detained under 8 U.S.C. § 1226(a), Defendant would need to embark on a

4   time and labor intensive review of the paper record for each respondent on the

5   detainee list originally retrieved. Once the requested list of individuals is deduced, it

6   then would require case-by-case processing to extract the requested information and

7   then review and produce it. There are likely thousands of immigration detainees that

8   have been detained pursuant to 8 U.S.C. § 1226(a) who would constitute current and

9   former Plaintiffs. Even limiting the request to those filed regarding current Plaintiffs,

10  there are hundreds of individual files to review.

11          Therefore, the requested information will need to be processed manually,

12  likely at great cost and with significant workforce resources. As discussed above, the

13  burden and expense of the proposed discovery outweighs its likely benefit because

14  this matter presents a constitutional challenge to Defendants' policies and practices,

15  and the parties do not contest the relevant facts regarding those policies and

16  practices. In particular, the parties agree that immigration officials and immigration

17  judges are not required under current policy to engage in a freestanding inquiry and

18  consider a non-citizen's financial circumstances in every single case, even where the

19  non-citizen has not put his or her financial circumstances at issue, and that

20  immigration officials and immigration judges are free to consider "ability to pay"

21  when they, in their discretion, deem it relevant.

22  **DEFENDANTS' RESPONSE TO RFP NO. 5 TO DOJ:**

23          Pursuant to the above objections, no documents will be produced in response

24  to this request.

25          **B.    Plaintiffs' Contentions**

26          1.    Plaintiffs' position regarding Defendants' contention that no discovery

27  should take place in this case is addressed *supra* Section I.A.1.

28

48

---

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
PURSUANT TO LOCAL RULE 37-2.1

1    2.    Plaintiffs' position regarding Defendants' withholding of information

2  based on hypothetical assertions of privilege and confidentiality is addressed *supra*

3  Section IV.B.2.

4    3.    Defendants have withdrawn their objection regarding vagueness.

5    4.    Plaintiffs' position regarding Defendants' contention that the requested

6  information regarding current and former class members is not relevant is addressed

7  *supra* Section IV.B.1.

8    5.    Plaintiffs' position regarding the Relevant Time Period is addressed

9  *supra* Section III.A.1.

10    6.    Plaintiffs' position regarding Defendants' vague and unsubstantiated

11  assertion of undue burden against producing information regarding class members is

12  addressed *supra* Section IV.B.2.

13    **C.    Defendants' Contentions**

14    [TO COME FROM DEFENDANTS]

15  **XII.   INTERROGATORY NO. 1 TO DHS:**

16    Identify all PLAINTIFFS and former PLAINTIFFS who were or are members

17  of the certified class at any time between November 10, 2016 and the date of

18  DEFENDANT'S response to this request, including the PLAINTIFF's name, alien

19  number, detention facility in the Central District of California, date of initial

20  detention, dates of any CUSTODY DETERMINATIONS, the outcomes of any

21  CUSTODY DETERMINATIONS (including any bond amount set and any other

22  conditions of release), date of and reason for release, if any, immigration attorney or

23  attorneys, if any, and address and phone number of immigration attorney or

24  attorneys.

25    **A.    DEFENDANTS' RESPONSE TO INTERROGATORY NO. 1 TO DHS:**

26

27

28

1    Defendants object to Interrogatory No. 1 as premature, compound, unduly

2  burdensome, vague, overbroad as to scope and time, not relevant to any party's claim

3  or defense, and disproportionate to the needs of the case considering the negligible

4  potential importance of the discovery in resolving the issues, and whether the burden

5  or expense of the proposed discovery outweighs its likely benefit. Because this case

6  presents legal questions, disposition on summary judgment is appropriate.

7    Defendants object to Interrogatory No. 1 as vague because the term "former

8  Plaintiffs" is undefined, and it is thus unclear the extent of the information Plaintiffs

9  seek to obtain.

10    Moreover, to the extent "former Plaintiffs" include individuals who are no

11  longer detained, Defendants object to Interrogatory No. 1 as overly broad and not

12  relevant. This information is not "of consequence in determining" Plaintiffs' claims

13  that Defendants have violated the constitutional rights of the class members by not

14  requiring that ability to pay be considered in setting a bond, by requiring a cash

15  bond, and/or by not considering failure to post bond as a changed circumstance or

16  any of the factors needed to establish the propriety of a permanent injunction. *See*

17  Fed. R. Evid. 401 (defining "relevance").

18    Defendants object to Interrogatory No. 1 as premature because this case

19  presents purely legal questions concerning the constitutionality of 8 U.S.C. §

20  1226(a). Section 1226(a) provides that consideration of ability to pay and

21  alternatives to detention when setting an alien's initial bond is a discretionary

22  determination. Section 1226(a) does not require that DHS set an initial bond below

23  the $1,500 statutory minimum for an alien who presents a flight risk. Moreover,

24  section 1226(a) does not require that DHS consider alternatives to a full cash bond,

25  or alternatives to detention when setting an initial bond for an alien who presents a

26  flight risk. Because these questions are purely legal, Plaintiffs have not demonstrated

27

28

50

1   the required need for the discovery they seek. *See Am. States Ins. Co. v. Hubbard*,

2   2017 U.S. Dist. LEXIS 112790 (C.D. Cal. Feb. 14, 2017).

3       Defendants further object to Interrogatory No. 1 as premature because the

4   Ninth Circuit has exercised jurisdiction to review the constitutional and jurisdictional

5   claims at issue, submitted this case for a decision after argument on July 11, 2017,

6   and has not yet issued a decision. It is therefore premature to proceed with discovery

7   as to this interrogatory, which is intertwined with the merits of the preliminary

8   injunction order that is currently before the Ninth Circuit. Any decisions concerning

9   discovery and its scope should be stayed pending the Ninth Circuit's forthcoming

10  decision regarding the preliminary injunction appeal in this case, which is likely to

11  provide substantial guidance to this Court and the parties in resolving (or

12  eliminating) discovery and jurisdictional issues, while simultaneously conserving

13  judicial resources.

14      Defendants further object to Interrogatory No. 1 as overbroad to the extent

15  Plaintiffs seek personal, private information of individuals that is protected from

16  disclosure by the Privacy Act, 5 U.S.C. § 552a *et seq.*, concerning aliens who were

17  represented by counsel when their initial bonds were set.

18      Defendants further object that the six subparts of Interrogatory No. 1

19  constitute six separate and discrete interrogatories.

20      Defendants further object to Interrogatory No. 1 as overbroad and

21  disproportionate to the needs of this case, to the extent that it seeks information

22  related to aliens who have posted bond and been released from immigration custody,

23  who were otherwise released from or exited immigration custody, and whose

24  detention authority has changed from 8 U.S.C. § 1226(a) to another provision.

25      Additionally, the records of individual aliens are not relevant to the claims and

26  defenses in this case because Plaintiffs allegedly challenge the policies and practices

27  of Defendants, rather than the individual bond determinations made for each

28

1   Plaintiff. Thus, individual records are not "of consequence in determining"

2   Plaintiffs' claims. *Id.*

3        Defendants further object to Interrogatory No. 1 as unduly burdensome and

4   disproportionate to the needs of the case. Defendants have not identified individual

5   Plaintiffs and former Plaintiffs, as the information is not readily available given the

6   manner in which DHS databases are configured. The compilation of the information

7   sought would require significant manual, case-by-case processing. Defendants

8   cannot easily identify class members by using an automated search of DHS

9   databases because the issuance of bond determinations and whether an individual is

10  detained under 8 U.S.C. § 1226(a) are not readily captured in any relevant DHS

11  database. The records for any subset of individuals that might be identified would

12  have to be individually examined to determine whether an individual is or is not a

13  class member. Moreover, identifying individuals who were class members at any

14  point since November 10, 2016, requires the merging of one-time snapshots of data

15  taken during the time period that must be combined manually. The ever shifting

16  detention population as individuals are detained and released make this complicated

17  and burdensome.

18        There are likely thousands of Plaintiffs and former Plaintiffs that have been

19  detained since November 10, 2016.

20        Therefore, the requested information will need to be processed manually,

21  likely at great cost, due to the broad time period of this request, with a significant

22  workforce effort, and would be an undue burden on Defendants that outweighs any

23  benefit likely to be garnered by Plaintiffs. As discussed above, the burden and

24  expense of the proposed discovery outweighs its likely benefit because this matter

25  presents a constitutional challenge to Defendants' policies and practices, and the

26  parties do not contest the relevant facts regarding those policies and practices. In

27  particular, the parties agree that immigration officials and immigration judges are not

28

1    required under current policy to engage in a free-standing inquiry and consider a

2    non-citizen's financial circumstances in every single case, even where the non-

3    citizen has not put his or her financial circumstances at issue, and that immigration

4    officials and immigration judges are free to consider "ability to pay" when they, in

5    their discretion, deem it relevant.

6    **B.    Plaintiffs' Contentions**

7         1.    Plaintiffs' position regarding Defendants' contention that no discovery

8    should take place in this case is addressed *supra* Section I.A.1.

9         2.    Defendants have withdrawn their objection regarding vagueness.

10        3.    Plaintiffs' position regarding Defendants' contention that the requested

11   information regarding current and former class members is not relevant is addressed

12   *supra* Section IV.B.1.

13        4.    Plaintiffs' position regarding Defendants' withholding of information

14   based on hypothetical assertions of privilege and confidentiality is addressed *supra*

15   Section IV.B.2.

16        5.    Defendants withdrew their objection regarding subparts.

17        6.    Plaintiffs' position regarding Defendants' vague and unsubstantiated

18   assertion of undue burden against producing information regarding class members is

19   addressed *supra* Section IV.B.2.

20   **C.    Defendants' Contentions**

21        [TO COME FROM DEFENDANTS]

22   **XIII.  INTERROGATORY NO. 2 TO DHS:**

23        Identify the steps through which DEFENDANT identified PLAINTIFFS and

24   former PLAINTIFFS and their information, as requested in Interrogatory No. 1,

25   above.

26   **A.    DEFENDANTS' RESPONSE TO INTERROGATORY NO. 2 TO DHS:**

27

28

1   Defendants object to this interrogatory as premature, vague, overbroad and
2   ambiguous with respect to its request to identify "the steps through which
3   DEFENDANTS identified PLAINTIFFS." The term "steps" is undefined, and it is
4   thus unclear what information Plaintiffs seek to obtain.

5   Defendants object to Interrogatory No. 2 as vague because the term "former
6   Plaintiffs" is undefined, and it is thus unclear the extent of the information Plaintiffs
7   seek to obtain.

8   Defendants object to Interrogatory No. 2 as overbroad to the extent that it
9   seeks information related to aliens who have posted bond and been released from
10  immigration custody, who were otherwise released from or exited immigration
11  custody, or whose detention authority has changed from 8 U.S.C. § 1226(a) to
12  another provision.

13  Defendants object to Interrogatory No. 2 as premature because this case
14  presents purely legal questions concerning the constitutionality of 8 U.S.C. §
15  1226(a). Section 1226(a) provides that consideration of ability to pay and
16  alternatives to detention when setting an alien's initial bond is a discretionary
17  determination; and does not require that an alien who is determined to present a
18  flight risk have an initial bond set below the $1,500 statutory minimum; and does not
19  require consideration of alternatives to a full cash bond, or alternatives to detention
20  when setting an initial bond for an alien who is determined to present a flight risk.
21  Because these questions are purely legal, Plaintiffs have not demonstrated the
22  required need for the discovery they seek. *See Am. States Ins. Co. v. Hubbard*, 2017
23  U.S. Dist. LEXIS 112790 (C.D. Cal. Feb. 14, 2017).

24  Defendants further object to Interrogatory No. 2 as premature because the
25  Ninth Circuit has exercised jurisdiction to review the constitutional and jurisdictional
26  claims at issue, submitted this case for a decision after argument on July 11, 2017,
27  and has not yet issued a decision. It is therefore premature to proceed with discovery
28

54

1   as to this interrogatory, which is intertwined with the merits of the preliminary

2   injunction order that is currently before the Ninth Circuit. Any decisions concerning

3   discovery and its scope should be stayed pending the Ninth Circuit's forthcoming

4   decision regarding the preliminary injunction appeal in this case, which is likely to

5   provide substantial guidance to this Court and the parties in resolving (or

6   eliminating) discovery and jurisdictional issues.

7       Defendants further object to Interrogatory No. 2 as unduly burdensome.

8   Defendants have not identified individual Plaintiffs and former Plaintiffs, as the

9   information is not readily available given the manner in which DHS databases are

10  configured. Further, detention under 8 U.S.C. § 1226(a) is not captured or

11  categorized in this manner in DHS databases.

12      Therefore, the requested information will need to be processed manually,

13  likely at great cost, due to the broad time period of this request, and with significant

14  workforce effort, and would be an undue burden on Defendants that outweighs any

15  benefit likely to be garnered by Plaintiffs. As discussed above, the burden and

16  expense of the proposed discovery outweighs its likely benefit because this matter

17  presents a constitutional challenge to Defendants' policies and practices, and the

18  parties do not contest the relevant facts regarding those policies and practices. In

19  particular, the parties agree that immigration officials and immigration judges are not

20  required under current policy to engage in a freestanding inquiry and consider a non-

21  citizen's financial circumstances in every single case, even where the non-citizen has

22  not put his or her financial circumstances at issue, and that immigration officials and

23  immigration judges are free to consider "ability to pay" when they, in their

24  discretion, deem it relevant.

25      Defendants object to Interrogatory No. 2 as disproportionate to the needs of

26  the case considering the negligible potential importance of the discovery in resolving

27  the issues, and whether the burden or expense of the proposed discovery outweighs

28

55

1  its likely benefit. Because this case presents legal questions, disposition on summary

2  judgment is appropriate.

3          **B.**   **Plaintiffs' Contentions**

4          1.      Defendants have withdrawn their objection regarding vagueness.

5          2.      Plaintiffs' position regarding Defendants' contention that the requested

6  information regarding current and former class members is not relevant is addressed

7  *supra* Section IV.B.1.

8          3.      Plaintiffs' position regarding Defendants' contention that no discovery

9  should take place in this case is addressed *supra* Section I.A.1.

10         4.      Plaintiffs' position regarding Defendants' vague and unsubstantiated

11 assertion of undue burden against producing information regarding class members is

12 addressed *supra* Section IV.B.2.

13         **C.**   **Defendants' Contentions**

14         [TO COME FROM DEFENDANTS]

15 **XIV.  INTERROGATORY NO. 1 TO DOJ:**

16         Identify all PLAINTIFFS and former PLAINTIFFS who were or are members

17 of the certified class at any time between November 10, 2016 and the date of

18 DEFENDANT'S response to this request, including the PLAINTIFF's name, alien

19 number, detention facility in the Central District of California, date of initial

20 detention, dates of any CUSTODY REDETERMINATION HEARINGS and the

21 outcomes of those HEARINGS (including any bond amount set and any other

22 conditions of release), the date and outcomes of any appeals of decisions resulting

23 from those HEARINGS, the date of and reason for their release, if any, immigration

24 attorney or attorneys, if any, and address and phone number of immigration attorney

25 or attorneys.

26         **A.**   **DEFENDANTS' RESPONSE TO INTERROGATORY NO. 1 TO DOJ:**

27

28

1    Defendants object to Interrogatory No. 1 as inappropriate, premature,

2  compound, unduly burdensome, overbroad as to scope and time, vague, not relevant

3  to any party's claim or defense, and disproportionate to the needs of the case

4  considering the importance of the discovery in resolving the issues, and whether the

5  burden or expense of the proposed discovery outweighs its likely benefit. Because

6  this case presents legal issues, disposition on summary judgment is appropriate; there

7  are no genuine issues of fact in dispute that would benefit from discovery.

8    Defendants object to Interrogatory No. 1 as vague because the term "former

9  Plaintiffs" is undefined, and it is thus unclear the extent of the information Plaintiffs

10 seek to obtain. Moreover, to the extent "former Plaintiffs" include individuals who

11 are no longer detained, Defendants object to Interrogatory No. 1 as overly broad and

12 not relevant. This information is not "of consequence in determining" Plaintiffs'

13 claims that Defendants have violated the constitutional rights of the class members

14 by not requiring that ability to pay be considered in setting a bond, by requiring a

15 cash bond, and/or by not considering failure to post bond as a changed circumstance

16 or any of the factors needed to establish the propriety of a permanent injunction. *See*

17 Fed. R. Evid. 401 (defining "relevance").

18   Defendants object to Interrogatory No. 1 as overly broad because it seeks

19 attorney information, including name and contact information that is not relevant to

20 the claims or defenses in this case.

21   Defendants object to Interrogatory No. 1 as premature because this case

22 presents purely legal questions concerning the constitutionality of 8 U.S.C. §

23 1226(a). Section 1226(a) provides that consideration of ability to pay and

24 alternatives to detention when setting an alien's initial bond is a discretionary

25 determination. Section 1226(a) does not require that an immigration judge set an

26 initial or redetermined bond below the $1,500 statutory minimum for an alien who

27 presents a flight risk. Moreover, section 1226(a) does not require that EOIR consider

28

57

1    alternatives to a full cash bond, or alternatives to detention when setting an initial

2    bond for an alien who presents a flight risk. Because these questions are purely legal,

3    Plaintiffs have not demonstrated the required need for the discovery they seek. *See*

4    *Am. States Ins. Co. v. Hubbard*, 2017 U.S. Dist. LEXIS 112790 (C.D. Cal. Feb. 14,

5    2017).

6         Defendants further object to Interrogatory No. 1 as premature because the

7    Ninth Circuit has exercised jurisdiction to review the constitutional and jurisdictional

8    claims at issue, submitted this case for a decision after argument on July 11, 2017,

9    and has not yet issued a decision. It is therefore premature and inappropriate to

10   proceed with discovery as to this interrogatory, which is intertwined with the merits

11   of the preliminary injunction order that is currently before the Ninth Circuit. Any

12   decisions concerning discovery and its scope should be stayed pending the Ninth

13   Circuit's forthcoming decision regarding the preliminary injunction appeal in this

14   case, which is likely to provide substantial guidance to this Court and the parties in

15   resolving (or eliminating) discovery and jurisdictional issues, while simultaneously

16   conserving judicial resources.

17        Defendants object to Interrogatory No. 1 as overbroad to the extent Plaintiffs

18   seek personal, private information of individuals that is protected from disclosure by

19   the Privacy Act, 5 U.S.C. § 552a *et seq.*, concerning aliens who were represented by

20   counsel when their initial bonds were set.

21        Defendants further object that the nine subparts of Interrogatory No. 1

22   constitute nine separate and discrete interrogatories.

23        Defendants further object to Interrogatory No. 1 as overbroad and

24   disproportionate to the needs of this case, to the extent that it seeks information

25   related to aliens who have posted bond and been released from immigration custody,

26   who were otherwise released from or exited immigration custody, and whose

27   detention authority has changed from 8 U.S.C. § 1226(a) to another provision.

28

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
PURSUANT TO LOCAL RULE 37-2.1

1    Additionally, the database records of individual aliens are not relevant to the

2    claims and defenses in this case because Plaintiffs allegedly challenge the policies

3    and practices of Defendants, rather than the individual bond determinations made for

4    each Plaintiff. Thus, individual records are not "of consequence in determining"

5    Plaintiffs' claims. *Id.*

6    Defendants further object to Interrogatory No. 1 as unduly burdensome and

7    disproportionate to the needs of the case. The data sought requires significant

8    manual, case-by-case review to locate, extract, and process the requested

9    information. Plaintiffs request the identity and information concerning "all

10    PLAINTIFFS and former PLAINTIFFS who were members of the certified class at

11    any time between November 10, 2016 and the date of DEFENDANT'S response."

12    This requested information is not readily identifiable given the capabilities of the

13    EOIR database. In order to compile the requested information, Defendants must first

14    retrieve from its database a list of all those who have been detained, whether under 8

15    U.S.C. § 1226(a) or otherwise. The EOIR database does not specifically track

16    individuals by which detention authority they are detained under, so a simple query

17    containing the variables in Plaintiffs' request would not suffice. To provide a list of

18    only those detained under 8 U.S.C. § 1226(a), Defendant would need to embark on a

19    time and labor intensive review of the paper record for each respondent on the

20    detainee list originally retrieved. Once the requested list of individuals is deduced, it

21    then would require case-by-case processing to extract the requested information and

22    then review and produce it. There are likely thousands of immigration detainees that

23    have been detained pursuant to 8 U.S.C. § 1226(a) who would constitute current and

24    former Plaintiffs. Even limiting the request to those filed regarding current Plaintiffs,

25    there are hundreds of individual files to review.

26    Therefore, the requested information will need to be processed manually, at

27    great cost, due to the broad time period of this request, with a significant workforce

28

59

1    effort, and would be an undue burden on Defendants that outweighs any benefit

2    likely to be garnered by Plaintiffs. As discussed above, the burden and expense of

3    the proposed discovery outweighs its likely benefit because this matter presents a

4    constitutional challenge to Defendants' policies and practices, and the parties do not

5    contest the relevant facts regarding those policies and practices. In particular, the

6    parties agree that immigration officials and immigration judges are not required

7    under current policy to engage in a free-standing inquiry and consider a non-citizen's

8    financial circumstances in every single case, even where the non-citizen has not put

9    his or her financial circumstances at issue, and that immigration officials and

10   immigration judges are free to consider "ability to pay" when they, in their

11   discretion, deem it relevant.

12       **B.    Plaintiffs' Contentions**

13       1.      Plaintiffs' position regarding Defendants' contention that no discovery

14   should take place in this case is addressed *supra* Section I.A.1.

15       2.      Defendants have withdrawn their objection regarding vagueness.

16       3.      Plaintiffs' position regarding Defendants' contention that the requested

17   information regarding current and former class members is not relevant is addressed

18   *supra* Section IV.B.1.

19       4.      Plaintiffs' position regarding Defendants' withholding of information

20   based on hypothetical assertions of privilege and confidentiality is addressed *supra*

21   Section IV.B.2.

22       5.      Defendants withdrew their objection regarding subparts.

23       6.      Plaintiffs' position regarding Defendants' vague and unsubstantiated

24   assertion of undue burden against producing information regarding class members is

25   addressed *supra* Section IV.B.2.

26       **C.    Defendants' Contentions**

27       [TO COME FROM DEFENDANTS]

28

# XV.   INTERROGATORY NO. 2 TO DOJ:

Identify the steps through which DEFENDANT identified PLAINTIFFS and former PLAINTIFFS and their information, as requested in Interrogatory No. 1, above.

## A.   DEFENDANTS' RESPONSE TO INTERROGATORY NO. 2 TO DOJ:

Defendants object to this interrogatory as premature, vague, overbroad as to scope, and ambiguous with respect to its request to identify "the steps through which DEFENDANTS identified PLAINTIFFS." The term "steps" is undefined, and it is thus unclear what information Plaintiffs seek to obtain.

Defendants object to Interrogatory No. 2 as vague because the term "former Plaintiffs" is undefined, and it is thus unclear the extent of the information Plaintiffs seek to obtain.

Defendants object to Interrogatory No. 2 as overbroad to the extent that it seeks information related to aliens who have posted bond and been released from immigration custody, who were otherwise released from or exited immigration custody, or whose detention authority has changed from 8 U.S.C. § 1226(a) to another provision.

Defendants object to Interrogatory No. 2 as premature because this case presents purely legal questions concerning the constitutionality of 8 U.S.C. § 1226(a). Section 1226(a) provides that consideration of ability to pay and alternatives to detention when setting an alien's initial bond is a discretionary determination; and does not require that an alien who is determined to present a flight risk have an initial bond set below the $1,500 statutory minimum; and does not require consideration of alternatives to a full cash bond, or alternatives to detention when setting an initial bond for an alien who is determined to present a flight risk. Because these questions are purely legal, Plaintiffs have not demonstrated the

61

1  required need for the discovery they seek. *See Am. States Ins. Co. v. Hubbard*, 2017

2  U.S. Dist. LEXIS 112790 (C.D. Cal. Feb. 14, 2017).

3       Defendants object to Interrogatory No. 2 as also premature because the Ninth

4  Circuit has exercised jurisdiction to review the constitutional and jurisdictional

5  claims at issue, submitted this case for a decision after argument on July 11, 2017,

6  and has not yet issued a decision. It is therefore premature and inappropriate to

7  proceed with discovery as to this interrogatory, which is intertwined with the merits

8  of the preliminary injunction order that is currently before the Ninth Circuit. Any

9  decisions concerning discovery and its scope should be stayed pending the Ninth

10 Circuit's forthcoming decision regarding the preliminary injunction appeal in this

11 case, which is likely to provide substantial guidance to this Court and the parties in

12 resolving (or eliminating) discovery and jurisdictional issues, while simultaneously

13 conserving judicial resources.

14      Defendants object to Interrogatory No. 2 as unduly burdensome. Defendants

15 have not identified individual Plaintiffs and former Plaintiffs, as the requested

16 information is not readily identifiable given the capabilities of the EOIR database.

17 Further, detention under 8 U.S.C. § 1226(a) is not captured or categorized in this

18 manner in EOIR database.

19      Therefore, the requested information will need to be processed manually, at

20 great cost, due to the broad time period of this request, and with a significant

21 workforce effort, and would be an undue burden on Defendants that outweighs any

22 benefit likely to be garnered by Plaintiffs. As discussed above, the burden and

23 expense of the proposed discovery outweighs its likely benefit because this matter

24 presents a constitutional challenge to Defendants' policies and practices, and the

25 parties do not contest the relevant facts regarding those policies and practices. In

26 particular, the parties agree that immigration officials and immigration judges are not

27 required under current policy to engage in a free-standing inquiry and consider a

28

1  non-citizen's financial circumstances in every single case, even where the non-

2  citizen has not put his or her financial circumstances at issue, and that immigration

3  officials and immigration judges are free to consider "ability to pay" when they, in

4  their discretion, deem it relevant.

5       Defendants object to Interrogatory No. 2 as disproportionate to the needs of

6  the case considering the negligible potential importance of the discovery in resolving

7  the issues, and whether the burden or expense of the proposed discovery outweighs

8  its likely benefit. Because this case presents legal issues, disposition on summary

9  judgment is appropriate; there are no genuine issues of fact in dispute that would

10 benefit from discovery.

11      **B.   Plaintiffs' Contentions**

12      1.   Defendants have withdrawn their objection regarding vagueness.

13      2.   Plaintiffs' position regarding Defendants' contention that the requested

14 information regarding current and former class members is not relevant is addressed

15 *supra* Section IV.B.1.

16      3.   Plaintiffs' position regarding Defendants' contention that no discovery

17 should take place in this case is addressed *supra* Section I.A.1.

18      4.   Plaintiffs' position regarding Defendants' vague and unsubstantiated

19 assertion of undue burden against producing information regarding class members is

20 addressed *supra* Section IV.B.2.

21      **C.   Defendants' Contentions**

22      [TO COME FROM DEFENDANTS]

23 **XVI.  GENERAL OBJECTION NO. 3 TO PLAINTIFFS' RFPS TO DHS:**

24      Defendants object to these requests to the extent the requested information is

25 not categorized in the DHS databases in the manner Plaintiffs request. For example,

26 the detention authority under which an individual is detained is not separately

27 captured in any DHS databases. There are also not specific fields for much of the

28

1  data requested. Compiling data for a time range requires the compilation of
2  snapshots taken throughout the time period and must be done manually. Therefore,
3  in order to respond to the requests, the database would need to be manually queried
4  on a case-by-case basis, at great cost and with a significant workforce effort, and
5  would be an undue burden on Defendants that outweighs any benefit likely to be
6  garnered by Plaintiffs.

7    A.    **Plaintiffs' Contentions**

8    1.    Plaintiffs' position regarding Defendants' vague and unsubstantiated
9  assertion of undue burden against producing information regarding class members is
10 addressed *supra* Section IV.B.2.

11   B.    **Defendants' Contentions**

12   [TO COME FROM DEFENDANTS]

13 **XVII. GENERAL OBJECTION NO. 3 TO PLAINTIFFS' RFPS TO DOJ:**

14   Defendants object to these requests to the extent the requested information is
15 not categorized in the EOIR database in the manner Plaintiffs request. For example,
16 detention specifically under 8 U.S.C. § 1226(a) is not separately captured in the
17 database. Therefore, the database would need to be manually queried on a case-by-
18 case basis, at great cost and with a significant workforce effort, and would be an
19 undue burden on Defendants that outweighs any benefit likely to be garnered by
20 Plaintiffs.

21   A.    **Plaintiffs' Contentions**

22   1.    Plaintiffs' position regarding Defendants' vague and unsubstantiated
23 assertion of undue burden against producing information regarding class members is
24 addressed *supra* Section IV.B.2.

25   B.    **Defendants' Contentions**

26   [TO COME FROM DEFENDANTS]

27 **XVIII.   GENERAL OBJECTION NO. 4 TO PLAINTIFFS'**
   **INTERROGATORIES TO DHS:**
28

64

1  Defendants object to these interrogatories to the extent the requested

2  information is not readily available given the manner in which DHS databases are

3  configured. For example, the detention authority under which an individual is

4  detained is not separately captured in any DHS databases. There are also not specific

5  fields for much of the data requested. Compiling data for a time range requires the

6  compilation of snapshots taken throughout the time period and must be done

7  manually. Therefore, in order to respond to the requests, the database would need to

8  be manually queried on a case-by-case basis, at great cost and with a significant

9  workforce effort, and would be an undue burden on Defendants that outweighs any

10  benefit likely to be garnered by Plaintiffs.

11  **A.   Plaintiffs' Contentions**

12  1.   Plaintiffs' position regarding Defendants' vague and unsubstantiated

13  assertion of undue burden against producing information regarding class members is

14  addressed *supra* Section IV.B.2.

15  **B.   Defendants' Contentions**

16  [TO COME FROM DEFENDANTS]

17  **XIX.  GENERAL OBJECTION NO. 4 TO PLAINTIFFS'**

18  **INTERROGATORIES TO DOJ:**

19  Defendants object to these interrogatories to the extent the requested

20  information is not categorized in the EOIR database in the manner Plaintiffs request.

21  For example, detention specifically under 8 U.S.C. § 1226(a) is not separately

22  captured in the database. Therefore, the database would need to be manually queried

23  on a case-by-case basis, at great cost and with a significant workforce effort, and

24  would be an undue burden on Defendants that outweighs any benefit likely to be

25  garnered by Plaintiffs.

26  **A.   Plaintiffs' Contentions**

27

28

65

1       1.      Plaintiffs' position regarding Defendants' vague and unsubstantiated assertion of undue burden against producing information regarding class members is addressed *supra* Section IV.B.2.

**B.      Defendants' Contentions**

[TO COME FROM DEFENDANTS]

## XX.   GENERAL OBJECTION NO. 2 TO PLAINTIFFS' INTERROGATORIES TO DHS:

Defendants object to the extent that the number of interrogatories, when the sub-parts are included, exceed the number of interrogatories that may be propounded without leave of court, in violation of Fed. R. Civ. P. 33(a)(1).

**A.      Plaintiffs' Contentions**

Defendants have withdrawn their objection regarding subparts.

**B.      Defendants' Contentions**

[TO COME FROM DEFENDANTS]

## XXI.  GENERAL OBJECTION NO. 2 TO PLAINTIFFS' INTERROGATORIES TO DOJ:

Defendants object to the extent that the number of interrogatories, when the sub-parts are included, exceed the number of interrogatories that may be propounded without leave of court. Fed. R. Civ. P. 33(a)(1).

**A.      Plaintiffs' Contentions**

Defendants have withdrawn their objection regarding subparts.

**B.      Defendants' Contentions**

[TO COME FROM DEFENDANTS]

## REQUESTS AND OBJECTIONS REGARDING DEFENDANTS' POLICIES, PROCEDURES AND GENERAL PRACTICES FOR CUSTODY DETERMINATIONS

## XXII. RFP NO. 4 TO DHS:

1   All DOCUMENTS and COMMUNICATIONS CONCERNING
2   DEFENDANT'S policies, procedures, practices, forms, and trainings about
3   CUSTODY DETERMINATIONS in the Central District of California.

4   ## A.   DEFENDANTS' OBJECTIONS TO RFP NO. 4 TO DHS:

5   Defendants object to RFP No. 4 as inappropriate in this case, which presents
6   purely legal questions. Because this case presents legal issues, disposition on
7   summary judgment is appropriate; there are no genuine issues of fact in dispute that
8   would benefit from discovery. Further, any decisions concerning discovery and its
9   scope should be stayed pending the Ninth Circuit's forthcoming decision, which is
10  likely to provide substantial guidance in resolving (or eliminating) discovery and
11  jurisdictional issues.

12  Further, subject to objections that apply to all RFPs and objections to any
13  applicable definitions above, Defendants object to RFP No. 4 in that it seeks
14  information that likely is protected under the attorney-client privilege, the attorney-
15  work product protection, the deliberative process privilege, the law-enforcement
16  sensitive protection, the law-enforcement privilege, and/or other government
17  privileges.

18  Defendants also object to RFP No. 4 because it is vague. It is unclear what
19  types of documents Plaintiffs are seeking in their request.

20  Defendants also object to RFP No. 4 as overbroad because it seeks
21  information not relevant to the claims and defenses in this case. Any document or
22  communication regarding Defendants' historical policies, procedures, practices,
23  form, and trainings are not "of consequence in determining" Plaintiffs' claims that
24  Defendants' current policies and practices have violated the constitutional rights of
25  the class members by not requiring that ability to pay be considered in setting a
26  bond, by requiring a cash bond, and/or by not considering failure to post bond as a
27  changed circumstance. *See* Fed. R. Evid. 401 (defining "relevance").

28

1    Defendants also object to RFP No. 4 because it seeks information which is not

2    relevant and is disproportionate to the needs of this case. Plaintiffs appear to seek

3    information that likely resides with a large number of individuals that are involved

4    with policies, procedures, practices, forms, and trainings. It would take significant

5    resources to collect, inspect, and produce any responsive information.

6    Therefore, the burden and expense of the proposed discovery outweighs its

7    likely benefit because this matter presents a constitutional challenge to Defendants'

8    policies and practices, and the parties do not contest the relevant facts regarding

9    those policies and practices. In particular, the parties agree that immigration officials

10   and immigration judges are not required under current policy to engage in a free-

11   standing inquiry and consider a non-citizen's financial circumstances in every single

12   case, even where the non-citizen has not put his or her financial circumstances at

13   issue, and that immigration officials and immigration judges are free to consider

14   "ability to pay" when they, in their discretion, deem it relevant. Thus, information

15   regarding Defendants' policies, procedures, practices, forms, and trainings regarding

16   custody determinations are not relevant in determining whether the Constitution

17   requires consideration of "ability to pay" in every case.

18   **DEFENDANTS' RESPONSE TO RFP NO. 4 TO DHS:**

19   Pursuant to the above objections, no documents will be produced in response

20   to this request.

21   **B.    Plaintiffs' Contentions**

22        1.    Information Regarding the Government's Policies, Procedures
               and General Practices Regarding Custody Determinations and
23             other Contexts Where a Person's Ability to Pay is Considered are
               Relevant to the Parties' Claims and Defenses.
24

25   The parties' litigation positions, as well as the District Court's order granting a

26   preliminary injunction, confirm that there is discoverable information concerning

27

28
                                     68

1    Defendants' policies, procedures and practices regarding custody determinations

2    relevant to the claims and defenses at issue in this case.

3        ***First***, some of Plaintiffs' discovery requests seek to determine whether

4    Defendants follow the procedures they say they do. For instance, Defendants assert

5    that immigration officials already consider ability to pay at custody determinations in

6    certain circumstances. *See* Opening Br. Of Defs.- Appellants at 28-29, 35,

7    *Hernandez v. Lynch*, No. 16-56829 (9th Cir. Feb. 1, 2017), ECF No. 13. Plaintiffs

8    have the right to test that assertion through discovery into the nature and operation of

9    that alleged practice. *See Green v. Baca*, 219 F.R.D. 485, 493 (C.D. Cal. 2003)

10   (ruling that Plaintiff was entitled to discovery on "defendant's customs and

11   policies . . . because the evidence, which concerns important constitutional issues, is

12   critical to plaintiff's ability to prove his case"). Relatedly, publicly available

13   materials instruct DHS officers to consider financial circumstances when setting

14   bond for certain detainees—namely, children and mothers detained in family

15   detention facilities. *See* Pls.- Pets.' Not. of Mot. and Mot. for Class-Wide Prelim. Inj.

16   and P&A at 7, *Hernandez v. Sessions III*, No. 5:16-00620-JGB-KK (C.D. Cal. May

17   19, 2016), ECF No. 45. In light of Defendants' insistence that it would be overly

18   burdensome and/or impractical to institute the permanent injunctive relief Plaintiffs

19   request, the fact that Defendants *already* implement similar procedures in some

20   cases, and the operation of those procedures, is relevant.

21       ***Second***, Defendants have raised numerous factual disputes concerning their

22   existing practices. For example, their Answer denies that an inability to post bond is

23   not a "changed circumstance" that would support a bond redetermination hearing

24   under the regulations, Defs.' Answer ¶ 29, *Hernandez v. Sessions III*, No. 5:16-

25   00620-JGB-KK (C.D. Cal. May 16, 2017), ECF No. 107; denies that ICE and

26   immigration judges in practice routinely set high bonds, *id.*, ¶ 30, and denies that

27   ICE and immigration judges are not required to consider alternative conditions of

28

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
PURSUANT TO LOCAL RULE 37-2.1

1  release when setting bonds, *id.*, ¶ 38. Defendants have also disputed that the named

2  Plaintiffs' cases are typical of the class. See *id.*, ¶ 40. These disputes cannot be

3  resolved without fact discovery.

4       ***Third***, Defendants have repeatedly stated that Plaintiffs' requested relief will

5  fundamentally alter the operation of the immigration courts, while at the same time

6  claiming that it would make no meaningful difference in the outcomes of bond

7  proceedings. For instance, Defendants have said that requiring immigration judges to

8  consider ability to pay would "create an incentive for judges to issue 'no-bond'

9  orders." Opening Br. of Defs.- Appellants at 43, *Hernandez v. Lynch*, No. 16-56829

10  (9th Cir. Feb. 1, 2017), ECF No. 13. But they have *also* said that requiring

11  consideration of financial circumstances "focuses on semantics and form over

12  substance," Reply Br. of Defs.'- Appellants at 21, *Hernandez v. Lynch*, No. 16-

13  56829 (9th Cir. Mar. 15, 2017), ECF No. 48, and would have "no meaningful effect

14  other than prolonging the process," *id.* at 23-24. Regardless of what position

15  Defendants ultimately settle on, Plaintiffs are entitled to discovery to determine, for

16  example, whether it is true that requiring consideration of ability to pay or alternative

17  conditions would create improper incentives for Immigration Judges, or whether it

18  would needlessly delay bond hearings. Such questions cannot be answered without

19  knowing more about the operation of Defendants' existing procedures, and how

20  Defendants' officers would behave under new legal requirements that require

21  consideration of ability to pay and alternative conditions.

22         2.   <u>Plaintiffs' Position on Remaining Objections</u>.

23       1.   Plaintiffs' position regarding Defendants' contention that no discovery

24  should take place in this case is addressed *supra* Section I.A.1.

25       2.   Plaintiffs' position regarding Defendants' withholding of information

26  based on hypothetical assertions of privilege and confidentiality is addressed *supra*

27  Section IV.B.2.

28

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
PURSUANT TO LOCAL RULE 37-2.1

1     3.     Defendants have withdrawn their objection regarding vagueness.

2     4.     Defendants have agreed to meet and confer with Plaintiffs regarding

3  potential custodians and search terms for locating information responsive to this

4  request, but only if the Court compels Defendants to engage in discovery.

5     C.     **Defendants' Contentions**

6     [TO COME FROM DEFENDANTS]

7  **XXIII.     RFP NO. 5 TO DHS:**

8     All DOCUMENTS and COMMUNICATIONS CONCERNING

9  DEFENDANT'S policies, procedures, practices, forms, and trainings for DHS

10  attorneys in the Office of Chief Counsel about CUSTODY REDETERMINATION

11  HEARINGS in the Central District of California.

12     A.     **DEFENDANTS' OBJECTIONS TO RFP NO. 5 TO DHS:**

13  Defendants object to RFP No. 5 as inappropriate in this case, which presents

14  purely legal questions. Because this case presents legal issues, disposition on

15  summary judgment is appropriate; there are no genuine issues of fact in dispute that

16  would benefit from discovery. Further, any decisions concerning discovery and its

17  scope should be stayed pending the Ninth Circuit's forthcoming decision, which is

18  likely to provide substantial guidance in resolving (or eliminating) discovery and

19  jurisdictional issues.

20  Further, subject to objections that apply to all RFPs and objections to any

21  applicable definitions above, Defendants object to RFP No. 5 in that it seeks

22  information that likely is protected under the attorney-client privilege, the attorney-

23  work product protection, the deliberative process privilege, the law-enforcement

24  sensitive protection, the law-enforcement privilege, and/or other government

25  privileges.

26  Defendants also object to RFP No. 5 because it is vague. It is unclear what

27  types of documents Plaintiffs are seeking in their request.

28
JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
PURSUANT TO LOCAL RULE 37-2.1

1    Defendants also object to RFP No. 5 as overbroad because it seeks

2  information not relevant to the claims and defenses in this case. Any document or

3  communication regarding Defendants' historical policies, procedures, practices,

4  form, and trainings are not "of consequence in determining" Plaintiffs' claims that

5  Defendants' current policies and practices have violated the constitutional rights of

6  the class members by not requiring that ability to pay be considered in setting a

7  bond, by requiring a cash bond, and/or by not considering failure to post bond as a

8  changed circumstance. *See* Fed. R. Evid. 401 (defining "relevance").

9    Defendants also object to RFP No. 5 because it seeks information which is not

10  relevant and is disproportionate to the needs of this case. Plaintiffs appear to seek

11  information that likely resides with a large number of individuals that are involved

12  with policies, procedures, practices, forms, and trainings. It would take significant

13  resources to collect, inspect, and produce any responsive information.

14    Therefore, the burden and expense of the proposed discovery outweighs its

15  likely benefit because this matter presents a constitutional challenge to Defendants'

16  policies and practices, and the parties do not contest the relevant facts regarding

17  those policies and practices. In particular, the parties agree that immigration officials

18  and immigration judges are not required under current policy to engage in a free-

19  standing inquiry and consider a non-citizen's financial circumstances in every single

20  case, even where the non-citizen has not put his or her financial circumstances at

21  issue, and that immigration officials and immigration judges are free to consider

22  "ability to pay" when they, in their discretion, deem it relevant. Thus, information

23  regarding Defendants' policies, procedures, practices, forms, and trainings regarding

24  custody redetermination hearings are not relevant in determining whether the

25  Constitution requires consideration of "ability to pay" in every case.

26  **DEFENDANTS' RESPONSE TO RFP NO. 5 TO DHS:**

27

28

1  Pursuant to the above objections, no documents will be produced in response

2  to this request.

3      **B.    Plaintiffs' Contentions**

4      1.    Plaintiffs' request seeks information concerning DHS Office of Chief

5  Counsel (OCC)'s policies, procedures and practices for custody determinations. DHS

6  OCC represents the Government at removal proceedings, including at bond hearings

7  conducted in the immigration courts. For the reasons set forth above with respect to

8  DHS RFP No. 4, information concerning the Government's policies, procedures and

9  practices at bond hearings is plainly relevant to the parties' claims and defenses in

10  this case. Defendants' objections to this request have been previously addressed by

11  Plaintiffs:

12      2.    Plaintiffs' position regarding Defendants' contention that no discovery

13  should take place in this case is addressed *supra* Section I.A.1.

14      3.    Plaintiffs' position regarding Defendants' withholding of information

15  based on hypothetical assertions of privilege and confidentiality is addressed *supra*

16  Section IV.B.2.

17      4.    Defendants have withdrawn their objection regarding vagueness.

18      5.    Plaintiffs' position that information regarding Defendants' policies,

19  procedures and general practices regarding custody determinations and other

20  contexts where a person's ability to pay is considered are relevant to the parties'

21  claims and defenses is addressed *supra* Section XXII.B.1.

22      6.    Defendants have agreed to meet and confer with Plaintiffs regarding

23  potential custodians and search terms for locating information responsive to this

24  request, but only if the Court compels Defendants to engage in discovery.

25      **C.    Defendants' Contentions**

26      [TO COME FROM DEFENDANTS]

27  **XXIV.    RFP NO. 6 TO DHS:**

28

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
PURSUANT TO LOCAL RULE 37-2.1

1    All DOCUMENTS and COMMUNICATIONS CONCERNING

2  DEFENDANT'S policies, procedures, practices, forms, and trainings

3  CONCERNING IMMIGRATION BONDS and ALTERNATIVE BONDS in the

4  Central District of California, including the process and requirements for posting

5  bond; the process for depositing and/or managing bond payments; process and

6  requirements for the return of bond payments; the process and requirements for bond

7  forfeiture; the process and requirements for bail bonds companies to act as a surety;

8  contracts or agreements between bail bonds companies and Defendant; and any

9  audits or evaluations of bail bonds companies.

10    **A.    DEFENDANTS' OBJECTIONS TO RFP NO. 6 TO DHS:**

11    Defendants object to RFP No. 6 as inappropriate in this case, which presents

12  purely legal questions. Because this case presents legal issues, disposition on

13  summary judgment is appropriate; there are no genuine issues of fact in dispute that

14  would benefit from discovery. Further, any decisions concerning discovery and its

15  scope should be stayed pending the Ninth Circuit's forthcoming decision, which is

16  likely to provide substantial guidance in resolving (or eliminating) discovery and

17  jurisdictional issues.

18    Further, subject to objections that apply to all RFPs and objections to any

19  applicable definitions above, Defendants object to RFP No. 6 in that it seeks

20  information that likely is protected under the attorney-client privilege, the attorney-

21  work product protection, the deliberative process privilege, the law-enforcement

22  sensitive protection, the law-enforcement privilege, and/or other government

23  privileges.

24    Defendants also object to RFP No. 6 because it is vague. It is unclear what

25  types of documents Plaintiffs are seeking in their request.

26    Defendants also object to RFP No. 6 as overbroad because it seeks

27  information not relevant to the claims and defenses in this case. Any document or

28

74

1    communication regarding Defendants' historical policies, procedures, practices,

2    form, and trainings are not "of consequence in determining" Plaintiffs' claims that

3    Defendants' current policies and practices have violated the constitutional rights of

4    the class members by not requiring that ability to pay be considered in setting a

5    bond, by requiring a cash bond, and/or by not considering failure to post bond as a

6    changed circumstance. *See* Fed. R. Evid. 401 (defining "relevance").

7        Additionally, documents and communications concerning the process and

8    requirements for posting bond; the process for depositing and/or managing bond

9    payments; process and requirements for the return of bond payments; the process and

10   requirements for bond forfeiture; the process and requirements for bail bonds

11   companies to act as a surety; contracts or agreements between bail bonds companies

12   and Defendant; and any audits or evaluations of bail bonds companies are not "of

13   consequence in determining" Plaintiffs' claim that the requirement to post all cash

14   bonds violates Plaintiffs' constitutional rights. *Id.* Moreover, as made clear in 8

15   C.F.R. § 103.6, the regulation of sureties are under the purview of the U.S.

16   Department of Treasury.

17       Defendants also object to RFP No. 6 because it seeks information which is not

18   relevant and is disproportionate to the needs of this case. Plaintiffs appear to seek

19   information that likely resides with a large number of individuals that are involved

20   with policies, procedures, practices, forms, and trainings. It would take significant

21   resources to collect, inspect, and produce any responsive information.

22       Therefore, the burden and expense of the proposed discovery outweighs its

23   likely benefit because this matter presents a constitutional challenge to Defendants'

24   policies and practices, and the parties do not contest the relevant facts regarding

25   those policies and practices. In particular, the parties agree that immigration officials

26   and immigration judges are not required under current policy to engage in a free-

27   standing inquiry and consider a non-citizen's financial circumstances in every single

28

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
PURSUANT TO LOCAL RULE 37-2.1

1   case, even where the non-citizen has not put his or her financial circumstances at

2   issue, and that immigration officials and immigration judges are free to consider

3   "ability to pay" when they, in their discretion, deem it relevant. The parties also

4   agree that current policy requires the posting of full cash bonds. Thus, information

5   regarding Defendants' policies, procedures, practices, forms, and trainings regarding

6   bonds and alternative bonds are not relevant in determining whether the Constitution

7   requires consideration of "ability to pay" in every case or whether the requirement to

8   post full cash bonds is unconstitutional.

9   **DEFENDANTS' RESPONSE TO RFP NO. 6 TO DHS:**

10        Pursuant to the above objections, no documents will be produced in response

11   to this request.

12        **B.**    **Plaintiffs' Contentions**

13        1.    Plaintiffs' requests seek information concerning DHS's policies,

14   procedures and practices concerning the posting of bond and the availability of

15   "alternative bonds" (bonds that do not require the posting of the full cash value, such

16   as property bonds or collateral bonds). Plaintiffs specifically challenge Defendants'

17   alleged requirement that detainees post the full cash value of a bond and, unlike

18   commonly available in the criminal justice system, do not make available

19   "alternative bonds." *See* Compl.- Class Action ¶ 46, *Hernandez v. Lynch*, No. 16-620

20   (C.D. Cal. Apr. 6, 2016), ECF No. 1. Information concerning Defendants' policies,

21   procedures and practices concerning the posting of bond and the availability of

22   "alternative bonds" is plainly relevant to the parties' claims and defenses in this case.

23   Defendants' objections to the request have been previously addressed by Plaintiffs:

24        2.    Plaintiffs' position regarding Defendants' contention that no discovery

25   should take place in this case is addressed *supra* Section I.A.1.

26

27

28

1      3.      Plaintiffs' position regarding Defendants' withholding of information

2  based on hypothetical assertions of privilege and confidentiality is addressed *supra*

3  Section IV.B.2.

4      4.      Defendants have withdrawn their objection regarding vagueness.

5      5.      Plaintiffs' position that information regarding Defendants' policies,

6  procedures and general practices regarding custody determinations and other

7  contexts where a person's ability to pay is considered are relevant to the parties'

8  claims and defenses is addressed *supra* Section XXII.B.1.

9      6.      Defendants have agreed to meet and confer with Plaintiffs regarding

10 potential custodians and search terms for locating information responsive to this

11 request, but only if the Court compels Defendants to engage in discovery.

12     **C.      Defendants' Contentions**

13     [TO COME FROM DEFENDANTS]

14 **XXV. RFP NO. 7 TO DHS:**

15     All DOCUMENTS and COMMUNICATIONS CONCERNING

16 DEFENDANT'S policies, procedures, practices, forms, and trainings about

17 ALTERNATIVE CONDITIONS OF RELEASE, including ISAP and any other ICE

18 Alternatives to Detention programs, in the Central District of California.

19     **A.      DEFENDANTS' OBJECTIONS TO RFP NO. 7 TO DHS:**

20     Defendants object to RFP No. 7 as inappropriate in this case, which presents

21 purely legal questions. Because this case presents legal issues, disposition on

22 summary judgment is appropriate; there are no genuine issues of fact in dispute that

23 would benefit from discovery. Further, any decisions concerning discovery and its

24 scope should be stayed pending the Ninth Circuit's forthcoming decision, which is

25 likely to provide substantial guidance in resolving (or eliminating) discovery and

26 jurisdictional issues.

27

28

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
PURSUANT TO LOCAL RULE 37-2.1

1    Further, subject to objections that apply to all RFPs and objections to any

2 applicable definitions above, Defendants object to RFP No. 7 in that it seeks

3 information that likely is protected under the attorney-client privilege, the attorney-

4 work product protection, the deliberative process privilege, the law-enforcement

5 sensitive protection, the law-enforcement privilege, and/or other government

6 privileges.

7    Defendants also object to RFP No. 7 because it is vague. It is unclear what

8 types of documents Plaintiffs are seeking in their request.

9    Defendants also object to RFP No. 7 as overbroad because it seeks

10 information not relevant to the claims and defenses in this case. Any document or

11 communication regarding Defendants' historical policies, procedures, practices,

12 form, and trainings are not "of consequence in determining" Plaintiffs' claims that

13 Defendants' current policies and practices have violated the constitutional rights of

14 the class members by not requiring that ability to pay be considered in setting a

15 bond, by requiring a cash bond, and/or by not considering failure to post bond as a

16 changed circumstance. *See* Fed. R. Evid. 401 (defining "relevance").

17    Defendants also object to RFP No. 7 because it seeks information which is

18 disproportionate to the needs of this case. Plaintiffs appear to seek information that

19 likely resides with a large number of individuals that are involved with policies,

20 procedures, practices, forms, and trainings. Moreover, alternative to detention

21 programs are contracted with vendors that utilize a number of programs which vary

22 by location. It would take significant financial and human resources to collect,

23 inspect, and produce any responsive information.

24    Therefore, the burden and expense of the proposed discovery outweighs its

25 likely benefit because this matter presents a constitutional challenge to Defendants'

26 policies and practices, and the parties do not contest the relevant facts regarding

27 those policies and practices. In particular, the parties agree that immigration officials

28

1   and immigration judges are not required under current policy to engage in a free-

2   standing inquiry and consider a non-citizen's financial circumstances in every single

3   case, even where the non-citizen has not put his or her financial circumstances at

4   issue, and that immigration officials and immigration judges are free to consider

5   "ability to pay" when they, in their discretion, deem it relevant. The parties also

6   agree that immigration officials are not required to engage in a free-standing inquiry

7   and consider alternative conditions of release. Thus, information regarding

8   Defendants' policies, procedures, practices, forms, and trainings regarding

9   alternative conditions of release are not relevant in determining whether the

10  Constitution requires consideration of "ability to pay" in every case.

11  **DEFENDANTS' RESPONSE TO RFP NO. 7 TO DHS:**

12      Pursuant to the above objections, no documents will be produced in response

13  to this request.

14      **B.    Plaintiffs' Contentions**

15      1.    Plaintiffs' request seeks information concerning Defendants' policies,

16  procedures and practices regarding non-monetary conditions of release, including the

17  Intensive Supervision Appearance Program (ISAP). Information concerning the

18  ISAP program and other non-monetary conditions of release—including their

19  effectiveness at ensuring the appearance of immigration detainees at removal

20  proceedings—is relevant to Plaintiffs' claim that Defendants' failure to consider the

21  availability of such alternatives results in the detention of noncitizens based on their

22  inability to pay a money bond, as well as to the Government's claims that the relief

23  that Plaintiffs seek will be unworkable or costly. Defendants' objections to this

24  request have been previously addressed by Plaintiffs:

25      2.    Plaintiffs' position regarding Defendants' contention that no discovery

26  should take place in this case is addressed *supra* Section I.A.1.

27

28

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
PURSUANT TO LOCAL RULE 37-2.1

1    3.    Plaintiffs' position regarding Defendants' withholding of information

2  based on hypothetical assertions of privilege and confidentiality is addressed *supra*

3  Section IV.B.2.

4    4.    Defendants have withdrawn their objection regarding vagueness.

5    5.    Plaintiffs' position that information regarding Defendants' policies,

6  procedures and general practices regarding custody determinations and other

7  contexts where a person's ability to pay is considered are relevant to the parties'

8  claims and defenses is addressed *supra* Section XXII.B.1.

9    6.    Defendants have agreed to meet and confer with Plaintiffs regarding

10  potential custodians and search terms for locating information responsive to this

11  request, but only if the Court compels Defendants to engage in discovery.

12    **C.    Defendants' Contentions**

13    [TO COME FROM DEFENDANTS]

14  **XXVI.    RFP NO. 7 TO DOJ:**

15    All DOCUMENTS and COMMUNICATIONS CONCERNING

16  DEFENDANT'S policies, procedures, practices, forms, and trainings about setting

17  ALTERNATIVE CONDITIONS OF RELEASE at a CUSTODY

18  REDETERMINATION HEARING in the Central District of California.

19    **A.    DEFENDANTS' OBJECTIONS TO RFP NO. 7 TO DOJ:**

20    Defendants object to RFP No. 7 as inappropriate in this case, which presents

21  purely legal questions. Because this case presents legal issues, disposition on

22  summary judgment is appropriate; there are no genuine issues of fact in dispute that

23  would benefit from discovery. Further, any decisions concerning discovery and its

24  scope should be stayed pending the Ninth Circuit's forthcoming decision, which is

25  likely to provide substantial guidance in resolving (or eliminating) discovery and

26  jurisdictional issues.

27

28

1    Further, subject to objections that apply to all RFPs and objections to any

2  applicable definitions above, Defendants object to RFP No. 7 in that it seeks

3  information that likely is protected under the attorney-client privilege, the attorney-

4  work product protection, the deliberative process privilege, the law-enforcement

5  sensitive protection, the law-enforcement privilege, and/or other government

6  privileges.

7    Defendants also object to RFP No. 7 because it is vague. It is unclear what

8  types of documents Plaintiffs are seeking in their request.

9    Defendants also object to RFP No. 7 as overbroad because it seeks

10  information not relevant to the claims and defenses in this case. Any document or

11  communication regarding Defendants' historical policies, procedures, practices,

12  form, and trainings are not "of consequence in determining" Plaintiffs' claims that

13  Defendants' current policies and practices have violated the constitutional rights of

14  the class members by not requiring that ability to pay be considered in setting a

15  bond, by requiring a cash bond, and/or by not considering failure to post bond as a

16  changed circumstance. *See* Fed. R. Evid. 401 (defining "relevance").

17    Defendants also object to RFP No. 7 because it seeks information which is not

18  relevant and is disproportionate to the needs of this case. Plaintiffs appear to seek

19  information that likely resides with a large number of individuals that are involved

20  with policies, procedures, practices, forms, and trainings. It would take significant

21  resources to collect, inspect, and produce any responsive information.

22  **DEFENDANTS' RESPONSE TO RFP NO. 7 TO DOJ:**

23    Pursuant to the above objections, no documents will be produced in response

24  to this request.

25    **B.    Plaintiffs' Contentions**

26    1.    Plaintiffs' position regarding Defendants' contention that no discovery

27  should take place in this case is addressed *supra* Section I.A.1.

28

1    2.    Plaintiffs' position regarding Defendants' withholding of information

2  based on hypothetical assertions of privilege and confidentiality is addressed *supra*

3  Section IV.B.2.

4    3.    Defendants have withdrawn their objection regarding vagueness.

5    4.    Plaintiffs' position that information regarding Defendants' policies,

6  procedures and general practices regarding custody determinations and other

7  contexts where a person's ability to pay is considered are relevant to the parties'

8  claims and defenses is addressed *supra* Section XXII.B.1.

9    5.    Defendants have agreed to meet and confer with Plaintiffs regarding

10 potential custodians and search terms for locating information responsive to this

11 request, but only if the Court compels Defendants to engage in discovery.

12   **C.    Defendants' Contentions**

13   [TO COME FROM DEFENDANTS]

14 **XXVII.    RFP NO. 8 TO DHS:**

15   All DOCUMENTS and COMMUNICATIONS CONCERNING

16 DEFENDANT'S policies, procedures, practices, forms, and trainings about

17 IMMIGRATION DETAINEES requesting a new CUSTODY

18 REDETERMINATION HEARING based on a material change in circumstances

19 under 8 C.F.R. § 1003.19(e) in the Central District of California.

20   **A.    DEFENDANTS' OBJECTIONS TO RFP NO. 8 TO DHS:**

21   Defendants object to RFP No. 8 as inappropriate in this case, which presents

22 purely legal questions. Because this case presents legal issues, disposition on

23 summary judgment is appropriate; there are no genuine issues of fact in dispute that

24 would benefit from discovery. Further, any decisions concerning discovery and its

25 scope should be stayed pending the Ninth Circuit's forthcoming decision, which is

26 likely to provide substantial guidance in resolving (or eliminating) discovery and

27 jurisdictional issues.

28

1    Further, subject to objections that apply to all RFPs and objections to any

2  applicable definitions above, Defendants object to RFP No. 8 in that it seeks

3  information that likely is protected under the attorney-client privilege, the attorney-

4  work product protection, the deliberative process privilege, the law-enforcement

5  sensitive protection, the law-enforcement privilege, and/or other government

6  privileges.

7    Defendants also object to RFP No. 8 because it is vague. It is unclear what

8  types of documents Plaintiffs are seeking in their request.

9    Defendants also object to RFP No. 8 as overbroad because it seeks

10 information not relevant to the claims and defenses in this case. Any document or

11 communication regarding Defendants' historical policies, procedures, practices,

12 form, and trainings are not "of consequence in determining" Plaintiffs' claims that

13 Defendants' current policies and practices have violated the constitutional rights of

14 the class members by not requiring that ability to pay be considered in setting a

15 bond, by requiring a cash bond, and/or by not considering failure to post bond as a

16 changed circumstance. *See* Fed. R. Evid. 401 (defining "relevance").

17    Defendants also object to RFP No. 8 as not relevant because documents or

18 communications regarding Defendants' policies, procedures, practices, form, and

19 trainings regarding requesting a new custody redetermination are not "of

20 consequence in determining" Plaintiffs' claims that Defendants do not consider the

21 failure to post bond to be a changed circumstance. *Id.* The process to request a

22 hearing is not related to an immigration judge's potential holding at that hearing.

23 **DEFENDANTS' RESPONSE TO RFP NO. 8 TO DHS:**

24    Pursuant to the above objections, no documents will be produced in response

25 to this request.

26    **B.    Plaintiffs' Contentions**

27

28
                                        83

1        1.     Plaintiffs' request seeks information concerning Defendants' policies,

2   procedures and practices regarding the ability of class members to request a new

3   bond hearing. Plaintiffs specifically challenge the Defendants' alleged policy and

4   practice of refusing to recognize a Class member's financial inability to post bond,

5   despite having made good faith efforts to do so, as a basis for a new bond hearing.

6   *See* Compl.- Class Action ¶ 29, *Hernandez v. Lynch*, No. 16-00620-JGB-KK (C.D.

7   Cal. Apr. 6, 2016), ECF No. 1. Plaintiffs' request therefore seeks information that is

8   plainly relevant to the parties' claims and defenses in this case. Defendants'

9   objections to the request have been previously addressed by Plaintiffs:

10       2.     Plaintiffs' position regarding Defendants' contention that no discovery

11  should take place in this case is addressed *supra* Section I.A.1.

12       3.     Plaintiffs' position regarding Defendants' withholding of information

13  based on hypothetical assertions of privilege and confidentiality is addressed *supra*

14  Section IV.B.2.

15       4.     Defendants have withdrawn their objection regarding vagueness.

16       5.     Plaintiffs' position that information regarding Defendants' policies,

17  procedures and general practices regarding custody determinations and other

18  contexts where a person's ability to pay is considered are relevant to the parties'

19  claims and defenses is addressed *supra* Section XXII.B.1.

20       6.     Defendants have agreed to meet and confer with Plaintiffs regarding

21  potential custodians and search terms for locating information responsive to this

22  request, but only if the Court compels Defendants to engage in discovery.

23       **C.    Defendants' Contentions**

24       [TO COME FROM DEFENDANTS]

25  **XXVIII.   RFP NO. 6 TO DOJ:**

26       All DOCUMENTS and COMMUNICATIONS CONCERNING

27  DEFENDANT'S policies, procedures, practices, forms, and trainings about

28

84

1    IMMIGRATION DETAINEES requesting a new CUSTODY

2    REDETERMINATION HEARING based on a material change in circumstances

3    under 8 C.F.R. § 1003.19(e) in the Central District of California.

4         **A.**     **DEFENDANTS' OBJECTIONS TO RFP NO. 6 TO DOJ:**

5        Defendants object to RFP No. 6 as inappropriate in this case, which presents

6    purely legal questions. Because this case presents legal issues, disposition on

7    summary judgment is appropriate; there are no genuine issues of fact in dispute that

8    would benefit from discovery. Further, any decisions concerning discovery and its

9    scope should be stayed pending the Ninth Circuit's forthcoming decision, which is

10    likely to provide substantial guidance in resolving (or eliminating) discovery and

11    jurisdictional issues.

12        Further, subject to objections that apply to all RFPs and objections to any

13    applicable definitions above, Defendants object to RFP No. 6 in that it seeks

14    information that likely is protected under the attorney-client privilege, the attorney-

15    work product protection, the deliberative process privilege, the law-enforcement

16    sensitive protection, the law-enforcement privilege, and/or other government

17    privileges.

18        Defendants also object to RFP No. 6 because it is vague. It is unclear what

19    types of documents Plaintiffs are seeking in their request.

20        Defendants also object to RFP No. 6 as overbroad because it seeks

21    information not relevant to the claims and defenses in this case. Any document or

22    communication regarding Defendants' historical policies, procedures, practices,

23    form, and trainings are not "of consequence in determining" Plaintiffs' claims that

24    Defendants' current policies and practices have violated the constitutional rights of

25    the class members by not requiring that ability to pay be considered in setting a

26    bond, by requiring a cash bond, and/or by not considering failure to post bond as a

27    changed circumstance. *See* Fed. R. Evid. 401 (defining "relevance").

28

1    Defendants also object to RFP No. 6 as not relevant because documents or
2 communications regarding Defendants' policies, procedures, practices, form, and
3 trainings regarding requesting a new custody redetermination are not "of
4 consequence in determining" Plaintiffs' claims that Defendants do not consider the
5 failure to post bond to be a changed circumstance. *Id.* The process to request a
6 hearing is not related to an immigration judge's potential holding at that hearing.

7    Defendants also object to RFP No. 6 because it seeks information which is not
8 relevant and is disproportionate to the needs of this case. Plaintiffs appear to seek
9 information that likely resides with a large number of individuals that are involved
10 with policies, procedures, practices, forms, and trainings. It would take significant
11 resources to collect, inspect, and produce any responsive information.

12 **DEFENDANTS' RESPONSE TO RFP NO. 6 TO DOJ:**

13    Pursuant to the above objections, no documents will be produced in response
14 to this request.

15    **B.    Plaintiffs' Contentions**

16    1.    Plaintiffs' position regarding Defendants' contention that no discovery
17 should take place in this case is addressed *supra* Section I.A.1.

18    2.    Plaintiffs' position regarding Defendants' withholding of information
19 based on hypothetical assertions of privilege and confidentiality is addressed *supra*
20 Section IV.B.2.

21    3.    Defendants have withdrawn their objection regarding vagueness.

22    4.    Plaintiffs' position that information regarding Defendants' policies,
23 procedures and general practices regarding custody determinations and other
24 contexts where a person's ability to pay is considered are relevant to the parties'
25 claims and defenses is addressed *supra* Section XXII.B.1.

26

27

28

5.      Defendants have agreed to meet and confer with Plaintiffs regarding potential custodians and search terms for locating information responsive to this request, but only if the Court compels Defendants to engage in discovery.

### C.      Defendants' Contentions

[TO COME FROM DEFENDANTS]

## XXIX.      RFP NO. 11 TO DHS:

All DOCUMENTS and COMMUNICATIONS CONCERNING DEFENDANT'S policies, procedures, practices, forms, or trainings about custody determinations for individuals subject to FAMILY DETENTION.

### A.      DEFENDANTS' OBJECTIONS TO RFP NO. 11 TO DHS:

Defendants object to RFP No. 11 as inappropriate in this case, which presents purely legal questions. Because this case presents legal issues, disposition on summary judgment is appropriate; there are no genuine issues of fact in dispute that would benefit from discovery. Further, any decisions concerning discovery and its scope should be stayed pending the Ninth Circuit's forthcoming decision, which is likely to provide substantial guidance in resolving (or eliminating) discovery and jurisdictional issues.

Further, subject to objections that apply to all RFPs and objections to any applicable definitions above, Defendants object to RFP No. 11 in that it seeks information that likely is protected under attorney-client privilege, the attorney-work product protection, the deliberative process privilege, and/or law-enforcement sensitive protection.

Defendants also object to RFP No. 11 because it is vague. It is unclear what types of documents Plaintiffs are seeking in their request.

Defendants also object to RFP No. 11 as overbroad because it seeks information not relevant to the claims and defenses in this case. Any document or communication regarding Defendants' historical policies, procedures, practices,

87

1  form, and trainings are not "of consequence in determining" Plaintiffs' claims that

2  Defendants' current policies and practices have violated the constitutional rights of

3  the class members by not requiring that ability to pay be considered in setting a

4  bond, by requiring a cash bond, and/or by not considering failure to post bond as a

5  changed circumstance. *See* Fed. R. Evid. 401 (defining "relevance").

6      Defendants also object to RFP No. 11 because it seeks information which is

7  not relevant and is disproportionate to the needs of this case. Plaintiffs appear to seek

8  information that likely resides with a large number of individuals that are involved

9  with policies, procedures, practices, forms, and trainings. It would take significant

10  resources to collect, inspect, and produce any responsive information.

11      Therefore, the burden and expense of the proposed discovery outweighs its

12  likely benefit because this matter presents a constitutional challenge to Defendants'

13  policies and practices in the Central District of California, and the parties do not

14  contest the relevant facts regarding those policies and practices. In particular, the

15  parties agree that immigration officials and immigration judges are not required

16  under current policy to engage in a free-standing inquiry and consider a non-citizen's

17  financial circumstances in every single case, even where the non-citizen has not put

18  his or her financial circumstances at issue, and that immigration officials and

19  immigration judges are free to consider "ability to pay" when they, in their

20  discretion, deem it relevant. Thus, information regarding Defendants' policies,

21  procedures, practices, forms, and trainings regarding custody determinations for

22  individuals subject to family detention are not relevant in determining whether the

23  Constitution requires consideration of "ability to pay" in every case.

24      Moreover, there are no family detention facilities in the Central District of

25  California.

26  **DEFENDANTS' RESPONSE TO RFP NO. 11 TO DHS:**

27

28

1   Pursuant to the above objections, no documents will be produced in response
2   to this request.

3      **B.**   **Plaintiffs' Contentions**

4      1.   Plaintiffs' request seeks information concerning Defendants' policies,
5   procedures and practices for custody determinations for women and children held in
6   certain detention centers that house immigrant families. Defendants have a stated
7   policy to consider such individuals' ability to pay a bond at custody determinations.
8   *See* Pls.- Pets.' Not. of Mot. and Mot. for Class-Wide Prelim. Inj. and P & A at 7,
9   *Hernandez v. Sessions III*, No. 5:16-00620-JGB-KK (C.D. Cal. May 19, 2016), ECF
10   No. 45. This information is therefore plainly relevant to the parties' claims and
11   defenses in this case, including Defendants' claims that Plaintiffs' requested relief is
12   unworkable or unduly burdensome. Defendants' objections to the request have been
13   previously addressed by Plaintiffs:

14      2.   Plaintiffs' position regarding Defendants' contention that no discovery
15   should take place in this case is addressed *supra* Section I.A.1.

16      3.   Plaintiffs' position regarding Defendants' withholding of information
17   based on hypothetical assertions of privilege and confidentiality is addressed *supra*
18   Section IV.B.2.

19      4.   Defendants have withdrawn their objection regarding vagueness.

20      5.   Plaintiffs' position that information regarding Defendants' policies,
21   procedures and general practices regarding custody determinations and other
22   contexts where a person's ability to pay is considered are relevant to the parties'
23   claims and defenses is addressed *supra* Section XXII.B.1.

24      6.   Defendants have agreed to meet and confer with Plaintiffs regarding
25   potential custodians and search terms for locating information responsive to this
26   request, but only if the Court compels Defendants to engage in discovery.

27      **C.**   **Defendants' Contentions**
28

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
PURSUANT TO LOCAL RULE 37-2.1

1  [TO COME FROM DEFENDANTS]

2  **XXX. RFP NO. 12 TO DHS:**

3      All DOCUMENTS and COMMUNICATIONS CONCERNING the effect of

4  Executive Order No. 13767, "Border Security and Immigration Enforcement

5  Improvements," 82 Fed. Reg. 8793 (Jan. 25, 2017), and Memorandum from

6  Secretary of Homeland Security, "Implementing the President's Border Security and

7  Immigration Enforcement Improvements Policies" (Feb. 20, 2017), on CUSTODY

8  DETERMINATIONS in the Central District of California.

9      **A.   DEFENDANTS' OBJECTIONS TO RFP NO. 12 TO DHS:**

10      Defendants object to RFP No. 12 as inappropriate in this case, which presents

11  purely legal questions. Because this case presents legal issues, disposition on

12  summary judgment is appropriate; there are no genuine issues of fact in dispute that

13  would benefit from discovery. Further, any decisions concerning discovery and its

14  scope should be stayed pending the Ninth Circuit's forthcoming decision, which is

15  likely to provide substantial guidance in resolving (or eliminating) discovery and

16  jurisdictional issues.

17      Further, subject to objections that apply to all RFPs and objections to any

18  applicable definitions above, Defendants object to RFP No. 12 in that it seeks

19  information that likely is protected under the attorney-client privilege, the attorney-

20  work product protection, the deliberative process privilege, the law-enforcement

21  sensitive protection, the law-enforcement privilege, and/or other government

22  privileges.

23      Defendants also object to RFP No. 12 because it is vague. It is unclear what

24  types of documents Plaintiffs are seeking in their request.

25      Defendants also object to RFP No. 12 in that it seeks information that is

26  publicly available, which Defendants are not required to produce as there is a less

27  burdensome manner for Plaintiffs to obtain these materials. Fed. R. Civ. P.

28                          90

1  26(b)(2)(C)(i); *see*

2  https://www.dhs.gov/sites/default/files/publications/17_0220_S1_Implementing-the-

3  Presidents-Border-Security-Immigration-Enforcement-Improvement-Policies.pdf.

4       Defendants additionally object to RFP No. 12 as overbroad because it seeks

5  information not relevant to the claims and defenses in this case. Executive Order No.

6  13767 and the DHS Memorandum of February 20, 2017, relate to the

7  implementation of border security and enforcement policies that are not "of

8  consequence in determining" Plaintiffs' claims that Defendants have violated the

9  constitutional rights of the class members by not requiring that ability to pay be

10  considered in setting a bond, by requiring a cash bond, and/or by not considering

11  failure to post bond as a changed circumstance or any of the factors needed to

12  establish the propriety of a permanent injunction. *See* Fed. R. Evid. 401 (defining

13  "relevance").

14  **DEFENDANTS' RESPONSE TO RFP NO. 12 TO DHS:**

15       Pursuant to the above objections, no documents will be produced in response

16  to this request.

17       **B.**    <u>**Plaintiffs' Contentions**</u>

18       1.    Plaintiffs' request seeks information concerning a recent Executive

19  Order and DHS memorandum that addresses the Government's policies and

20  procedures for immigration detention. Plaintiffs seek information regarding whether

21  and how the Order and Memorandum have affected Defendants' custody

22  determination policies, procedures and practices that are at issue in this case.

23  Defendants' objections to the request have been previously addressed by Plaintiffs:

24       2.    Plaintiffs' position regarding Defendants' contention that no discovery

25  should take place in this case is addressed *supra* Section I.A.1.

26

27

28

91

3.     Plaintiffs' position regarding Defendants' withholding of information based on hypothetical assertions of privilege and confidentiality is addressed *supra* Section IV.B.2.

4.     Defendants have withdrawn their objection regarding vagueness.

5.     Defendants have withdrawn their objection regarding equally accessible information.

6.     Defendants have withdrawn their objection regarding relevance.

**C.     Defendants' Contentions**

[TO COME FROM DEFENDANTS]

## XXXI.     RFP NO. 9 TO DOJ:

All DOCUMENTS and COMMUNICATIONS CONCERNING the effect of Executive Order No. 13767, "Border Security and Immigration Enforcement Improvements," 82 Fed. Reg. 8793 (Jan. 25, 2017), and Memorandum from Secretary of Homeland Security, "Implementing the President's Border Security and Immigration Enforcement Improvements Policies" (Feb. 20, 2017), on CUSTODY REDETERMINATION HEARINGS in the Central District of California.

**A.     DEFENDANTS' OBJECTIONS TO RFP NO. 9 TO DOJ:**

Defendants object to RFP No. 9 as inappropriate in this case, which presents purely legal questions. Because this case presents legal issues, disposition on summary judgment is appropriate; there are no genuine issues of fact in dispute that would benefit from discovery. Further, any decisions concerning discovery and its scope should be stayed pending the Ninth Circuit's forthcoming decision, which is likely to provide substantial guidance in resolving (or eliminating) discovery and jurisdictional issues.

Further, subject to objections that apply to all RFPs and objections to any applicable definitions above, Defendants object to RFP No. 9 in that it seeks information that likely is protected under the attorney-client privilege, the attorney-

92

1   work product protection, the deliberative process privilege, the law-enforcement

2   sensitive protection, the law-enforcement privilege, and/or other government

3   privileges.

4        Defendants also object to RFP No. 9 in that it seeks information that is

5   publicly available, which Defendants are not required to produce as there is a less

6   burdensome manner for Plaintiffs to obtain these materials. Fed. R. Civ. P.

7   26(b)(2)(C)(i); *see*

8   https://www.justice.gov/sites/default/files/pages/attachments/2017/01/31/caseprocess

9   ingpriorities.pdf.

10       Defendants additionally object to RFP No. 9 as overbroad because it seeks

11   information not relevant to the claims and defenses in this case. Executive Order No.

12   13767 and the DHS Memorandum of February 20, 2017, relate to the

13   implementation of border security and enforcement policies that are not "of

14   consequence in determining" Plaintiffs' claims that Defendants have violated the

15   constitutional rights of the class members, who are detained under 8 U.S.C. §

16   1226(a), by not requiring that ability to pay be considered in setting a bond, by

17   requiring a cash bond, and/or by not considering failure to post bond as a changed

18   circumstance or any of the factors needed to establish the propriety of a permanent

19   injunction. *See* Fed. R. Evid. 401 (defining "relevance"). Neither document discusses

20   the conduct of custody redetermination hearing by an immigration judge.

21   **DEFENDANTS' RESPONSE TO RFP NO. 9 TO DOJ:**

22       Pursuant to the above objections, no documents will be produced in response

23   to this request.

24       **B.   Plaintiffs' Contentions**

25       1.   Plaintiffs' position regarding Defendants' contention that no discovery

26   should take place in this case is addressed *supra* Section I.A.1.

27

28

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
PURSUANT TO LOCAL RULE 37-2.1

2.      Plaintiffs' position regarding Defendants' withholding of information based on hypothetical assertions of privilege and confidentiality is addressed *supra* Section IV.B.2.

3.      Defendants have withdrawn their objection regarding equally accessible information.

4.      Defendants have withdrawn their objection regarding relevance.

### C.      **Defendants' Contentions**

[TO COME FROM DEFENDANTS]

## XXXII.      **RFP NO. 3 TO DOJ:**

All DOCUMENTS and COMMUNICATIONS CONCERNING DEFENDANT'S policies, procedures, practices, forms, and trainings about CUSTODY REDETERMINATION HEARINGS in the Central District of California.

### A.      **DEFENDANTS' OBJECTIONS TO RFP NO. 3 TO DOJ:**

Defendants object to RFP No. 3 as inappropriate in this case, which presents purely legal questions. Because this case presents legal issues, disposition on summary judgment is appropriate; there are no genuine issues of fact in dispute that would benefit from discovery. Further, any decisions concerning discovery and its scope should be stayed pending the Ninth Circuit's forthcoming decision, which is likely to provide substantial guidance in resolving (or eliminating) discovery and jurisdictional issues.

Defendants, subject to objections that apply to all RFPs and objections to any applicable definitions above, further object to RFP No. 3 in that it seeks information that likely is protected under the attorney-client privilege, the attorney-work product protection, the deliberative process privilege, the law-enforcement sensitive protection, the law-enforcement privilege, and/or other government privileges.

1    Defendants also object to RFP No. 3 because it is vague. It is unclear what

2    types of documents Plaintiffs are seeking in their request.

3    Defendants also object to RFP No. 3 as overbroad because it seeks

4    information not relevant to the claims and defenses in this case. Any document or

5    communication regarding Defendants' historical policies, procedures, practices,

6    forms, and trainings are not "of consequence in determining" Plaintiffs' claims that

7    Defendants' current policies and practices have violated the constitutional rights of

8    the class members by not requiring that ability to pay be considered in setting a

9    bond, by requiring a cash bond, and/or by not considering failure to post bond as a

10   changed circumstance. *See* Fed. R. Evid. 401 (defining "relevance").

11   Defendants also object to RFP No. 3 because it seeks information which is not

12   relevant and is disproportionate to the needs of this case. Plaintiffs appear to seek

13   information that likely resides with a large number of individuals that are involved

14   with policies, procedures, practices, forms, and trainings. It would take significant

15   resources to collect, inspect, and produce any responsive information.

16   Therefore, the burden and expense of the proposed discovery outweighs its

17   likely benefit because this matter presents a constitutional challenge to Defendants'

18   policies and practices, and the parties do not contest the relevant facts regarding

19   those policies and practices. In particular, the parties agree that immigration officials

20   and immigration judges are not required under current policy to engage in a free-

21   standing inquiry and consider a non-citizen's financial circumstances in every single

22   case, even where the non-citizen has not put his or her financial circumstances at

23   issue, and that immigration officials and immigration judges are free to consider

24   "ability to pay" when they, in their discretion, deem it relevant. Thus, information

25   regarding Defendants' policies, procedures, practices, forms, and trainings regarding

26   custody redetermination hearings are not relevant in determining whether the

27   Constitution requires consideration of "ability to pay" in every case.

28

95

1    **DEFENDANTS' RESPONSE TO RFP NO. 3 TO DOJ:**

2          Pursuant to the above objections, no documents will be produced in response

3    to this request.

4          **B.    Plaintiffs' Contentions**

5          1.    Plaintiffs' request seeks information concerning Defendants' policies,

6    procedures and practices for custody redetermination hearings (commonly referred to

7    as bond hearings). Defendants' objections to this request seeking plainly relevant

8    information have been previously addressed by Plaintiffs:

9          2.    Plaintiffs' position regarding Defendants' contention that no discovery

10   should take place in this case is addressed *supra* Section I.A.1.

11         3.    Plaintiffs' position regarding Defendants' withholding of information

12   based on hypothetical assertions of privilege and confidentiality is addressed *supra*

13   Section IV.B.2.

14         4.    Defendants have withdrawn their objection regarding vagueness.

15         5.    Plaintiffs' position that information regarding Defendants' policies,

16   procedures and general practices regarding custody determinations and other

17   contexts where a person's ability to pay is considered are relevant to the parties'

18   claims and defenses is addressed *supra* Section XXII.B.1.

19         6.    Defendants have agreed to meet and confer with Plaintiffs regarding

20   potential custodians and search terms for locating information responsive to this

21   request, but only if the Court compels Defendants to engage in discovery.

22         **C.    Defendants' Contentions**

23         [TO COME FROM DEFENDANTS]

24   **XXXIII.    RFP NO. 4 TO DOJ:**

25         All DOCUMENTS and COMMUNICATIONS CONCERNING

26   DEFENDANT'S policies and practices, both formal and informal, applied in the

27   Central District of California during the Relevant Time Period, CONCERNING

28                                              96

1    applications for fee waivers pursuant to 8 C.F.R. § 1003.24(d), including the

2    procedures for determining whether an individual is unable to pay a fee, the

3    standards applied to determine whether an individual is unable to pay, and the

4    training that immigration judges and any PERSONS who assist them receive with

5    respect to the adjudication of applications for fee waivers.

6    ## A.    DEFENDANTS' OBJECTIONS TO RFP NO. 4 TO DOJ:

7    Defendants object to RFP No. 4 as inappropriate in this case, which presents

8    purely legal questions. Because this case presents legal issues, disposition on

9    summary judgment is appropriate; there are no genuine issues of fact in dispute that

10   would benefit from discovery. Further, any decisions concerning discovery and its

11   scope should be stayed pending the Ninth Circuit's forthcoming decision, which is

12   likely to provide substantial guidance in resolving (or eliminating) discovery and

13   jurisdictional issues.

14   Further, subject to objections that apply to all RFPs and objections to any

15   applicable definitions above, Defendants object to RFP No. 4 in that it seeks

16   information that is publicly available, which Defendants are not required to produce

17   as there is a less burdensome manner for Plaintiffs to obtain these materials. Fed. R.

18   Civ. P. 26(b)(2)(C)(i); *see*

19   https://www.justice.gov/sites/default/files/eoir/legacy/2006/06/30/06-01.pdf.

20   Defendants also object to RFP No. 4 in that it seeks information that likely is

21   protected under the attorney-client privilege, the attorney-work product protection,

22   the deliberative process privilege, the law-enforcement sensitive protection, the law-

23   enforcement privilege, and/or other government privileges.

24   Defendants also object to RFP No. 4 because it is vague. It is unclear what

25   types of documents Plaintiffs are seeking in their request.

26   Defendants also object to RFP No. 4 as overbroad because it seeks

27   information not relevant to the claims and defenses in this case. Any document or

28

1  communication regarding Defendants' historical policies and practices are not "of

2  consequence in determining" Plaintiffs' claims that Defendants' current policies and

3  practices have violated the constitutional rights of the class members by not

4  requiring that ability to pay be considered in setting a bond, by requiring a cash

5  bond, and/or by not considering failure to post bond as a changed circumstance. *See*

6  Fed. R. Evid. 401 (defining "relevance").

7       Defendants also object to RFP No. 4 as overbroad because it seeks

8  information not relevant to the claims and defenses in this case. Fees are imposed to

9  offset court costs and therefore waiver of said fees should not impact the proceedings

10  or the individual involved in the proceedings. Bonds, on the other hand, are

11  specifically intended to influence an individual's behavior such that waiver would

12  undermine their very purpose. Therefore, information regarding fee waivers is not

13  "of consequence in determining" Plaintiffs' claims. *See* Fed. R. Evid. 401 (defining

14  "relevance").

15       Defendants also object to RFP No. 4 because it seek information which is not

16  relevant and is disproportionate to the needs of this case. Plaintiffs appear to seek

17  information that likely resides with a large number of individuals that are involved

18  with policies, procedures, practices, forms, and trainings. It would take significant

19  resources to collect, inspect, and produce any responsive information.

20       Therefore, the burden and expense of the proposed discovery outweighs its

21  likely benefit because this matter presents a constitutional challenge to Defendants'

22  policies and practices, and the parties do not contest the relevant facts regarding

23  those policies and practices. In particular, the parties agree that immigration officials

24  and immigration judges are not required under current policy to engage in a free-

25  standing inquiry and consider a non-citizen's financial circumstances in every single

26  case, even where the non-citizen has not put his or her financial circumstances at

27  issue, and that immigration officials and immigration judges are free to consider

28

1  "ability to pay" when they, in their discretion, deem it relevant. Thus, information

2  regarding Defendants' policies and practices regarding fee waivers for motions or

3  applications for relief are not relevant in determining whether the Constitution

4  requires consideration of "ability to pay" in every case.

5  **DEFENDANTS' RESPONSE TO RFP NO. 4 TO DOJ:**

6        Pursuant to the above objections, no documents will be produced in response

7  to this request.

8        **B.**    **<u>Plaintiffs' Contentions</u>**

9        1.    Plaintiffs' request seeks information concerning Defendants' policies,

10  procedures and practices regarding immigration judges' consideration of fee waiver

11  requests submitted by noncitizens in removal proceedings. Fee waivers require an

12  immigration judge to collect information concerning a detainee's ability to pay an

13  application fee, and determine whether the fee should be waived due to the

14  detainee's inability to pay it. This information is relevant to the parties' claims and

15  defenses in this case, in particular Defendants' claims that the relief that Plaintiffs

16  seek is unworkable or unduly burdensome.

17        2.    Plaintiffs' position regarding Defendants' contention that no discovery

18  should take place in this case is addressed *supra* Section I.A.1.

19        3.    Defendants have withdrawn their objection regarding equally accessible

20  information.

21        4.    Plaintiffs' position regarding Defendants' withholding of information

22  based on hypothetical assertions of privilege and confidentiality is addressed *supra*

23  Section IV.B.2.

24        5.    Defendants have withdrawn their objection regarding vagueness.

25        6.    Plaintiffs' position that information regarding Defendants' policies,

26  procedures and general practices regarding custody determinations and other

27

28

99

1  contexts where a person's ability to pay is considered are relevant to the parties'
2  claims and defenses is addressed *supra* Section XXII.B.1.

3        7.    Defendants have agreed to meet and confer with Plaintiffs regarding
4  potential custodians and search terms for locating information responsive to this
5  request, but only if the Court compels Defendants to engage in discovery.

6       **C.**    **Defendants' Contentions**
7       [TO COME FROM DEFENDANTS]

8  **XXXIV.**    **INTERROGATORY NO. 3[6] TO DHS:**

9       Identify all custody review procedures apart from CUSTODY
10  DETERMINATIONS applied to IMMIGRATION DETAINEES to determine
11  whether they can be released on bond or other conditions of supervision, including:
12  the statute, regulation or other authority authorizing the custody review process; the
13  PERSONS tasked with conducting the custody review; the standard applied to
14  determine whether an IMMIGRATION DETAINEE may be released; and the
15  conditions, including a monetary bond, on which an IMMIGRATION DETAINEE
16  can be ordered released.

17       **A.**    **RESPONSE TO INTERROGATORY NO. 3 TO DHS:**

18       Defendants object to Interrogatory No. 3 as premature, vague, overbroad and
19  ambiguous with respect to its request to identify "all custody review procedures apart
20  from CUSTODY DETERMINATIONS applied to IMMIGRATION DETAINEES to
21  determine whether they can be released on bond or other conditions of supervision."
22  The phrase "all custody review procedures" is undefined, and it is thus unclear what
23  information Plaintiffs seek to obtain.

24

25

---

26  [6] This interrogatory was inadvertently numbered as interrogatory 32, and was meant
27  to be labelled as interrogatory 3.  It will be referred to as Interrogatory 3 throughout
    this Joint Stipulation.

28

1    Defendants further object to Interrogatory No. 3 as also overly broad in scope,
2 in that it seeks more than five years of training and guidance documents.

3    Defendants further object to the four subparts of Interrogatory No. 3 as
4 constituting four separate and discrete interrogatories.

5    Defendants further object to Interrogatory No. 3 to the extent that Plaintiffs
6 seek information protected from disclosure by the attorney-client privilege, work
7 product doctrine, deliberative process privilege, law enforcement/investigatory files
8 privilege, self-critical analysis privilege, and other applicable privileges. Defendants
9 also object to the extent that Plaintiffs seek information protected from disclosure
10 under the Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the application of the
11 Privacy Act to "visitors and aliens"; and other statutes, regulations, or directives
12 regarding the protection of privacy, confidential information, or medical information,
13 or under regulations preventing disclosure of specific alien information (such as, but
14 not limited to: 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6);
15 1255a(c)(4),(5); 1304(b); and 1367(a)(2),(b),(c),(d); 22 U.S.C. § 7105(c)(1)(C); 8
16 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16;
17 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject
18 Defendants to civil or criminal penalties or other sanctions in the event of
19 unauthorized disclosure.

20    Defendants further object to Interrogatory No. 3 to the extent the request calls
21 for the disclosure of information already in Plaintiffs' possession or which is readily
22 available from a source that is equally accessible to Plaintiffs.

23    The lawsuit is a constitutional challenge to 8 U.S.C. § 1226(a) and (e). In such
24 a challenge, the key legal issue is whether 8 U.S.C. § 1226(a) is constitutional, where
25 it provides that consideration of ability to pay and alternatives to detention when
26 setting an alien's initial bond is a discretionary determination; does not require that
27 an alien who is determined to present a flight risk have an initial bond set below the
28

1   $1,500 statutory minimum; and does not require consideration of alternatives to a

2   full cash bond, or alternatives to detention when setting an initial bond for an alien

3   who is determined to present a flight risk.

4        The controlling precedents of the U.S. Supreme Court, the U.S. Court of

5   Appeals for the Ninth Circuit, Board of Immigration Appeals ("BIA"), and

6   congressionally-enacted statutes do not require consideration of ability to pay and

7   alternatives to detention when setting an alien's initial bond. Moreover, aliens

8   detained under 8 U.S.C. § 1226(a) who are determined to be a flight risk are not

9   entitled to have a bond set below the $1,500 statutory minimum, alternatives to a full

10  cash bond, or alternatives to detention. *See*, *e.g.*, *Prieto-Romero v. Clark*, 534 F.3d

11  1053, 1067 (9th Cir. 2008). It is well-settled there is no constitutional right to release

12  on bond while removal proceedings are pending and, except for unusual

13  circumstances, an alien only has rights afforded by Congress. *See generally Carlson*

14  *v. Landon*, 342 U.S. 524, 538 (1952).

15       The statute is clear. Congress committed to ICE officials and immigration

16  judges the unreviewable discretion to continue to detain an alien during removal

17  proceedings, to release an alien on bond and conditions, or to conditionally parole

18  aliens detained under 8 U.S.C. § 1226(a). *See* 8 U.S.C. §§ 1226(a) and (e);

19  1252(a)(2)(B) and (f)(1). 8 U.S.C. § 1226(a) and (e) provide that consideration of

20  ability to pay and alternatives to detention when setting an alien's initial bond is a

21  discretionary determination that is not subject to judicial review. At their initial bond

22  redetermination hearings, Plaintiffs were provided a reasonable opportunity to

23  present evidence, witnesses, and testimony to meet their burden of demonstrating

24  their eligibility for release. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006).

25  Therefore, because Plaintiffs cannot demonstrate that their bond hearings were "so

26  fundamentally unfair that the alien was prevented from reasonably presenting his

27  case," there is no violation of a constitutional right. *See Platero–Cortez v. INS*, 804

28

1  F.2d 1127, 1132 (9th Cir. 1986) (quoting *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir.

2  1985)); *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843-

3  44 (1984) (holding that courts should uphold an agency's interpretation of a statute it

4  administers if it is based on a reasonable construction of the statute).

5        A plain reading of the statute at issue here and judicial precedent forecloses

6  discovery in this case. Discovery will not shed further light on this issue because, as

7  the Ninth Circuit itself has found, the discretion comes from the statute itself.

8  Because this case presents a legal challenge, there are no genuine issues of fact in

9  dispute that would benefit from discovery.

10        Defendants object to Interrogatory No. 3 as disproportionate to the needs of

11  the case considering the negligible potential importance of the discovery in resolving

12  the issues, and whether the burden or expense of the proposed discovery outweighs

13  its likely benefit. Because this case presents legal questions, disposition on summary

14  judgment is appropriate.

15        **B.    Plaintiffs' Contentions**

16        1.    Plaintiffs' request seeks information concerning Defendants' policies,

17  procedures and practices for certain custody procedures apart from the procedures at

18  issue in this case (custody determinations and custody redetermination hearings

19  conducted under Section 1226(a)). Defendants employ different custody procedures

20  for noncitizens detained under color of other detention statutes, including "parole"

21  (Section 1225) and "Post-Order Custody Reviews" (Section 1231). Plaintiffs seek

22  information about these procedures to determine whether and how Defendants

23  consider detainees' ability to pay and the availability of non-monetary conditions of

24  release in these other contexts. Defendants' objections to this request for plainly

25  relevant information have been previously addressed by Plaintiffs:

26        2.    Defendants have withdrawn their vagueness objection.

27

28
                                           103

1      3.    Plaintiffs' position regarding the Relevant Time Period is addressed

2  *supra* Section III.A.1.

3      4.    Defendants have withdrawn their objection regarding subparts.

4      5.    Plaintiffs' position regarding Defendants' withholding of information

5  based on hypothetical assertions of privilege and confidentiality is addressed *supra*

6  Section IV.B.2.

7      6.    Defendants have withdrawn their objection regarding equally accessible

8  information.

9      7.    Plaintiffs' position regarding Defendants' contention that no discovery

10  should take place in this case is addressed *supra* Section I.A.1.

11  **C.**    **Defendants' Contentions**

12  [TO COME FROM DEFENDANTS]

13  **REQUESTS REGARDING THE COST OF DEFENDANTS' CURRENT POLICIES AND PROCEDURES AND PLAINTIFFS' REQUESTED**

14  **CHANGES TO THOSE POLICIES AND PROCEDURES**

15  **XXXV.**    **RFP NO. 8 TO DOJ:**

16  All DOCUMENTS and COMMUNICATIONS CONCERNING the cost of

17  providing CUSTODY REDETERMINATION HEARINGS in the Central District of

18  California during the Relevant Time Period.

19      **A.**    **DEFENDANTS' OBJECTIONS TO RFP NO. 8 TO DOJ:**

20  Defendants object to RFP No. 8 as inappropriate in this case, which presents

21  purely legal questions. Because this case presents legal issues, disposition on

22  summary judgment is appropriate; there are no genuine issues of fact in dispute that

23  would benefit from discovery. Further, any decisions concerning discovery and its

24  scope should be stayed pending the Ninth Circuit's forthcoming decision, which is

25  likely to provide substantial guidance in resolving (or eliminating) discovery and

26  jurisdictional issues.

27

28

1    Further, subject to objections that apply to all RFPs and objections to any

2    applicable definitions above, Defendants object to RFP No. 8 in that it seeks

3    information that likely is protected under the attorney-client privilege, the attorney-

4    work product protection, the deliberative process privilege the law-enforcement

5    sensitive protection, the law-enforcement privilege, and/or other government

6    privileges.

7    Defendants also object to RFP No. 8 because it is vague. It is unclear what

8    types of documents Plaintiffs are seeking in their request.

9    Defendants also object to RFP No. 8 in that it seeks any responsive documents

10   beginning in January 1, 2012. This case involves claims regarding whether

11   Defendants current policies and procedures violate Plaintiffs constitutional rights.

12   Therefore, at most, the relevant time period began with the filing of this lawsuit on

13   April 6, 2016.

14   Defendants also object to RFP No. 8 because it seeks information which is not

15   relevant and is disproportionate to the needs of this case. The information sought

16   requires significant processing to compile and will need to be processed manually,

17   likely at great cost and with significant workforce resources. The burden and expense

18   of the proposed discovery outweighs its likely benefit because this matter presents a

19   constitutional challenge to Defendants' policies and practices, and the parties do not

20   contest the relevant facts regarding those policies and practices. In particular, the

21   parties agree that immigration officials and immigration judges are not required

22   under current policy to engage in a freestanding inquiry and consider a non-citizen's

23   financial circumstances in every single case, even where the non-citizen has not put

24   his or her financial circumstances at issue, and that immigration officials and

25   immigration judges are free to consider "ability to pay" when they, in their

26   discretion, deem it relevant. Information regarding the costs of providing custody

27   redetermination hearings, if it exists, is not relevant in determining whether the

28

105

1   Constitution requires consideration of "ability to pay" in every case, and thus

2   production of this information is disproportionate to the needs of this case.

3   **DEFENDANTS' RESPONSE TO RFP NO. 8 TO DOJ:**

4         Pursuant to the above objections, no documents will be produced in response

5   to this request.

6         **B.      Plaintiffs' Contentions**

7               1.     The Costs of Detention and Custody Determinations are Relevant
                       to the Parties' Claims and Defenses.
8

9         Discovery concerning the costs of detention and custody determinations is

10  relevant to this case in a number of ways. To begin, Defendants have repeatedly put

11  questions concerning cost and burdens at issue by raising it as a defense to Plaintiffs'

12  request for injunctive relief. Throughout the litigation, Defendants have asserted that

13  Plaintiffs' requested injunctive relief is overly burdensome and threatens to

14  "upend[ ]" the proper functioning of the immigration system, *see*, *e.g.*, Ninth Circuit

15  Stay Motion at 1-2, *Hernandez v. Lynch*, No. 16-56829 (9th Cir. Dec. 30, 2016),

16  ECF No. 5-1, that it will "hurt[] the public interest by unnecessarily lengthening the

17  bond-setting hearing process and increasing the associated costs," Opening Br. of

18  Defs.- Appellants at 15-16, *Hernandez v. Lynch*, No. 16-56829 (9th Cir. Feb. 1,

19  2017), ECF No. 13, that it will require immigration judges to conduct "mini-trials

20  into the financial ability" of class members to pay bond, *id.* at 44. Plaintiffs dispute

21  all of these assertions, but cannot prove their claims without obtaining discovery

22  concerning, *inter alia*, the costs of operating Defendants' existing practices, and the

23  financial costs that their requested relief would require.

24        Indeed, Defendants have relied on their own evidence to support their claims

25  of burden. They have proffered a declaration from an ICE officer, Norma Bonales-

26  Garibay, who testified concerning the burden the preliminary injunction would

27  impose, as well as the numbers of noncitizens leaving detention in the absence of

28
                                      106

1  Plaintiffs' requested procedures. *See* Emergency Mot. Under Rule 27-3 for Stay of

2  Inj. & Proceedings Pending Appeal, *Hernandez v. Lynch*, No. 16-56829 (9th Cir.

3  Dec. 30, 2016), ECF No. 5-4; Ex. C, Decl. of Norma Bonales-Garibay, ECF No. 5-4

4  ¶ 5. Plaintiffs should have the opportunity to test this declaration, as well as probe

5  the other bases of Defendants' insistence that the requested procedures are

6  unreasonable.

7          Also critical to this inquiry is the costs of keeping noncitizens in detention,

8  both in terms of the resources the Government expends on their incarceration, as

9  well as the human costs and harm to the class members. In Plaintiffs' view, it is

10  likely that releasing class members—all of whom have been found by Immigration

11  Judges not to present flight risk or danger concerns that justify their detention—

12  would save Defendants resources, rather than consume them. The costs of operating

13  alternative to detention programs, like ISAP, are also highly relevant to the issue of

14  conservation of resources.

15              2.    Plaintiffs' Position on Remaining Objections.

16          1.     Plaintiffs' position regarding Defendants' contention that no discovery

17  should take place in this case is addressed *supra* Section I.A.1.

18          2.     Plaintiffs' position regarding Defendants' withholding of information

19  based on hypothetical assertions of privilege and confidentiality is addressed *supra*

20  Section IV.B.2.

21          3.     Defendants have withdrawn their objection regarding vagueness.

22          4.     Plaintiffs' position regarding the Relevant Time Period is addressed

23  *supra* Section III.A.1.

24          5.     Plaintiffs clarified that they are seeking analysis that already exists, and

25  therefore are not asking Defendants to generate the requested information.

26      **C.    Defendants' Contentions**

27      [TO COME FROM DEFENDANTS]

28

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
PURSUANT TO LOCAL RULE 37-2.1

1  XXXVI.    **RFP NO. 13 TO DHS:**

2      All DOCUMENTS and COMMUNICATIONS CONCERNING the cost of

3  detaining IMMIGRATION DETAINEES held on a bond set by an ICE officer or an

4  immigration judge pursuant to Title 8 U.S.C. § 1226(a) during the Relevant Time

5  Period, including but not limited to, the costs of housing, security, food,

6  medical/dental care, and transportation.

7      A.    **DEFENDANTS' OBJECTIONS TO RFP NO. 13 TO DHS:**

8      Defendants object to RFP No. 13 as inappropriate in this case, which presents

9  purely legal questions. Because this case presents legal issues, disposition on

10  summary judgment is appropriate; there are no genuine issues of fact in dispute that

11  would benefit from discovery. Further, any decisions concerning discovery and its

12  scope should be stayed pending the Ninth Circuit's forthcoming decision, which is

13  likely to provide substantial guidance in resolving (or eliminating) discovery and

14  jurisdictional issues.

15      Further, subject to objections that apply to all RFPs and objections to any

16  applicable definitions above, Defendants object to RFP No. 13 in that it seeks

17  information that likely is protected under the attorney-client privilege, the attorney-

18  work product protection, the deliberative process privilege, the law-enforcement

19  sensitive protection, the law-enforcement privilege, and/or other government

20  privileges.

21      Defendants also object to RFP No. 13 because it is vague. It is unclear what

22  types of documents Plaintiffs are seeking in their request.

23      Defendants also object to RFP No. 13 because it is unduly burdensome and

24  disproportionate to the needs of the case. The information sought requires significant

25  processing to compile and will need to be processed manually, likely at great cost

26  and with significant workforce resources. Any data maintained by DHS regarding

27  cost of detention is not categorized by the detention authority under which the

28

1   individual is detained. The burden and expense of the proposed discovery outweighs

2   its likely benefit because this matter presents a constitutional challenge to

3   Defendants' policies and practices, and the parties do not contest the relevant facts

4   regarding those policies and practices. In particular, the parties agree that

5   immigration officials and immigration judges are not required under current policy to

6   engage in a free-standing inquiry and consider a non-citizen's financial

7   circumstances in every single case, even where the non-citizen has not put his or her

8   financial circumstances at issue, and that immigration officials and immigration

9   judges are free to consider "ability to pay" when they, in their discretion, deem it

10  relevant. Information regarding costs of detaining aliens are not relevant in

11  determining whether the Constitution requires consideration of "ability to pay" in

12  every case, and thus production of this information is disproportionate to the needs

13  of this case.

14  **DEFENDANTS' RESPONSE TO RFP NO. 13 TO DHS:**

15          Pursuant to the above objections, no documents will be produced in response

16  to this request.

17          **B.**    **Plaintiffs' Contentions**

18          1.    Plaintiffs' position regarding Defendants' contention that no discovery

19  should take place in this case is addressed *supra* Section I.A.1.

20          2.    Plaintiffs' position regarding Defendants' withholding of information

21  based on hypothetical assertions of privilege and confidentiality is addressed *supra*

22  Section IV.B.2.

23          3.    Defendants have withdrawn their objection regarding vagueness.

24          4.    Plaintiffs' position regarding the relevance of the costs of detention and

25  custody determinations is addressed *supra* Section XXXV.B.1.

26          5.    Plaintiffs clarified that they are seeking analysis that already exists, and

27  therefore are not asking Defendants to generate the requested information.

28

109

1    **C.      Defendants' Contentions**

2         [TO COME FROM DEFENDANTS]

3    **XXXVII.    RFP NO. 14 TO DHS:**

4         All DOCUMENTS and COMMUNICATIONS CONCERNING the cost of

5    conducting CUSTODY DETERMINATIONS for IMMIGRATION DETAINEES

6    during the Relevant Time Period.

7         **A.      DEFENDANTS' OBJECTIONS TO RFP NO. 14 TO DHS:**

8         Defendants object to RFP No. 14 as inappropriate in this case, which presents

9    purely legal questions. Because this case presents legal issues, disposition on

10   summary judgment is appropriate; there are no genuine issues of fact in dispute that

11   would benefit from discovery. Further, any decisions concerning discovery and its

12   scope should be stayed pending the Ninth Circuit's forthcoming decision, which is

13   likely to provide substantial guidance in resolving (or eliminating) discovery and

14   jurisdictional issues.

15        Further, subject to objections that apply to all RFPs and objections to any

16   applicable definitions above, Defendants object to RFP No. 14 in that it seeks

17   information that likely is protected under the attorney-client privilege, the attorney-

18   work product protection, the deliberative process privilege the law-enforcement

19   sensitive protection, the law-enforcement privilege, and/or other government

20   privileges.

21        Defendants also object to RFP No. 14 because it is vague. It is unclear what

22   types of documents Plaintiffs are seeking in their request.

23        Defendants also object to RFP No. 14 as not relevant. The cost of conducting

24   custody determination for all immigrant detainees is "of consequence in

25   determining" whether Plaintiffs' constitutional rights have been infringed.

26        Defendants also object to RFP No. 14 because it is unduly burdensome and

27   disproportionate to the needs of the case. To the extent this information exists, the

28
                                          110

1  information sought requires significant processing to compile and will need to be

2  processed manually, likely at great cost and with significant workforce resources.

3  The burden and expense of the proposed discovery outweighs its likely benefit

4  because this matter presents a constitutional challenge to Defendants' policies and

5  practices, and the parties do not contest the relevant facts regarding those policies

6  and practices. In particular, the parties agree that immigration officials and

7  immigration judges are not required under current policy to engage in a freestanding

8  inquiry and consider a non-citizen's financial circumstances in every single case,

9  even where the non-citizen has not put his or her financial circumstances at issue,

10 and that immigration officials and immigration judges are free to consider "ability to

11 pay" when they, in their discretion, deem it relevant. Information regarding costs of

12 conducting custody determinations are not relevant in determining whether the

13 Constitution requires consideration of "ability to pay" in every case, and thus

14 production of this information is disproportionate to the needs of this case.

15 **DEFENDANTS' RESPONSE TO RFP NO. 14 TO DHS:**

16      Pursuant to the above objections, no documents will be produced in response

17 to this request.

18      **B.    Plaintiffs' Contentions**

19      1.    Plaintiffs' position regarding Defendants' contention that no discovery

20 should take place in this case is addressed *supra* Section I.A.1.

21      2.    Plaintiffs' position regarding Defendants' withholding of information

22 based on hypothetical assertions of privilege and confidentiality is addressed *supra*

23 Section IV.B.2.

24      3.    Defendants have withdrawn their objection regarding vagueness.

25      4.    Plaintiffs' position regarding the relevance of the costs of detention and

26 custody determinations is addressed *supra* Section XXXV.B.1.

27

28

5.     Plaintiffs clarified that they are seeking analysis that already exists, and therefore are not asking Defendants to generate the requested information.

**C.     Defendants' Contentions**

[TO COME FROM DEFENDANTS]

**XXXVIII.   RFP NO. 15 TO DHS:**

All DOCUMENTS and COMMUNICATIONS CONCERNING the cost of supervising IMMIGRATION DETAINEES released from detention on ALTERNATIVE CONDITIONS OF RELEASE pursuant to 8 U.S.C. § 1226(a), including ISAP or any other ICE Alternatives to Detention program, during the Relevant Time Period.

**A.     DEFENDANTS' OBJECTIONS TO RFP NO. 15 TO DHS:**

Defendants object to RFP No. 15 as inappropriate in this case, which presents purely legal questions. Because this case presents legal issues, disposition on summary judgment is appropriate; there are no genuine issues of fact in dispute that would benefit from discovery. Further, any decisions concerning discovery and its scope should be stayed pending the Ninth Circuit's forthcoming decision, which is likely to provide substantial guidance in resolving (or eliminating) discovery and jurisdictional issues.

Further, subject to objections that apply to all RFPs and objections to any applicable definitions above, Defendants object to RFP No. 15 in that it seeks information that likely is protected under the attorney-client privilege, the attorney-work product protection, the deliberative process privilege, the law-enforcement sensitive protection, the law-enforcement privilege, and/or other government privileges.

Defendants also object to RFP No. 15 because it is vague. It is unclear what types of documents Plaintiffs are seeking in their request.

112

1       Defendants also object to RFP No. 15 because it is unduly burdensome and

2  disproportionate to the needs of the case. The information sought requires significant

3  processing to compile and will need to be processed manually, likely at great cost

4  and with significant workforce resources. Any data maintained by DHS regarding

5  the cost of supervising immigration detainees released from detention on alternative

6  conditions of release is not categorized by the initial detention authority under which

7  the individual was detained. The burden and expense of the proposed discovery

8  outweighs its likely benefit because this matter presents a constitutional challenge to

9  Defendants' policies and practices, and the parties do not contest the relevant facts

10 regarding those policies and practices. In particular, the parties agree that

11 immigration officials and immigration judges are not required under current policy to

12 engage in a free-standing inquiry and consider a non-citizen's financial

13 circumstances in every single case, even where the non-citizen has not put his or her

14 financial circumstances at issue, and that immigration officials and immigration

15 judges are free to consider "ability to pay" when they, in their discretion, deem it

16 relevant. Information regarding costs of utilizing alternative conditions of release are

17 not relevant in determining whether the Constitution requires consideration of

18 "ability to pay" in every case, and thus production of this information is

19 disproportionate to the needs of this case.

20 **DEFENDANTS' RESPONSE TO RFP NO. 15 TO DHS:**

21      Pursuant to the above objections, no documents will be produced in response

22 to this request.

23     **B.**    **<u>Plaintiffs' Contentions</u>**

24     1.    Plaintiffs' position regarding Defendants' contention that no discovery

25 should take place in this case is addressed *supra* Section I.A.1.

26

27

28

113

1    2.    Plaintiffs' position regarding Defendants' withholding of information

2 based on hypothetical assertions of privilege and confidentiality is addressed *supra*

3 Section IV.B.2.

4    3.    Defendants have withdrawn their objection regarding vagueness.

5    4.    Plaintiffs' position regarding the relevance of the costs of detention and

6 custody determinations is addressed *supra* Section XXXV.B.1.

7    5.    Plaintiffs clarified that they are seeking analysis that already exists, and

8 therefore are not asking Defendants to generate the requested information.

9    **C.    Defendants' Contentions**

10    [TO COME FROM DEFENDANTS]

11 **XXXIX.    INTERROGATORY NO. 4 TO DHS:**

12    State the average cost per IMMIGRATION DETAINEE and total aggregate

13 cost to DEFENDANT of detaining all IMMIGRATION DETAINEES who were

14 detained under 8 U.S.C. § 1226(a) on a bond set by an ICE officer or an immigration

15 judge during the Relevant Time Period, including but not limited to, the costs of

16 housing, security, food, medical/dental care, and transportation

17 **A.    DEFENDANTS' RESPONSE TO INTERROGATORY NO. 4 TO**
18 **DHS:**

19    Defendants object to Interrogatory No. 4 as irrelevant, premature, vague,

20 overbroad and ambiguous with respect to its request to identify the "the average cost

21 per IMMIGRATION DETAINEE" and "total aggregate cost to DEFENDANT of

22 detaining all IMMIGRATION DETAINEES." The term "total aggregate cost" is

23 undefined, and it is thus unclear the extent of the information Plaintiffs seek to

24 obtain.

25    Defendants further object to Interrogatory No. 4 as overbroad as to time, and

26 that identifying the costs is unduly burdensome and disproportionate to the needs of

27 the case.

28

1   Defendants object to Interrogatory No. 4 as unduly burdensome. Defendants
2   have not identified the "total aggregate cost to DEFENDANT of detaining all
3   IMMIGRATION DETAINEES who were detained under 8 U.S.C. § 1226(a) on a
4   bond set by an ICE officer or an immigration judge during the Relevant Time
5   Period," as the information is not readily available given the manner in which DHS
6   databases are configured. Any data maintained by DHS regarding cost of detention is
7   not categorized by the detention authority under which the individual is detained.
8   Therefore, the requested information will need to be processed manually, likely at
9   great cost and with a significant workforce effort. The burden and expense of the
10  proposed discovery outweighs its likely benefit because this matter presents a
11  constitutional challenge to Defendants' policies and practices, and the parties do not
12  contest the relevant facts regarding those policies and practices. In particular, the
13  parties agree that immigration officials and immigration judges are not required
14  under current policy to engage in a freestanding inquiry and consider a non-citizen's
15  financial circumstances in every single case, even where the non-citizen has not put
16  his or her financial circumstances at issue, and that immigration officials and
17  immigration judges are free to consider "ability to pay" when they, in their
18  discretion, deem it relevant.

19       Defendants further object to Interrogatory No. 4 on relevance grounds. The
20  average and aggregate costs to Defendants of detaining immigration detainees is not
21  relevant to whether an alien presents a flight risk that requires detention, with or
22  without bond. Information regarding costs of detaining aliens is not relevant in
23  determining whether the Constitution requires consideration of "ability to pay" in
24  every case, and thus production of this information is disproportionate to the needs
25  of this case. Because this case presents legal questions, disposition on summary
26  judgment is appropriate.

27       **B.    <u>Plaintiffs' Contentions</u>**

28
115

1.    Defendants have withdrawn their objection regarding vagueness.

2.    Plaintiffs' position regarding the Relevant Time Period is addressed *supra* Section III.A.1.

3.    Plaintiffs' position regarding the relevance of the costs of detention and custody determinations is addressed *supra* Section XXXV.B.1.

4.    Plaintiffs' position regarding Defendants' contention that no discovery should take place in this case is addressed *supra* Section I.A.1.

**C.    Defendants' Contentions**

[TO COME FROM DEFENDANTS]

**XL.    INTERROGATORY NO. 5 TO DHS:**

State the average cost per IMMIGRATION DETAINEE to DEFENDANT of conducting a CUSTODY DETERMINATION for an IMMIGRATION DETAINEE who is detained under 8 U.S.C. § 1226(a).

**A.    DEFENDANTS' RESPONSE TO INTERROGATORY NO. 5 TO DHS:**

Defendants object to Interrogatory No. 5 as premature, unduly burdensome, irrelevant, overbroad as to time, and disproportionate to the needs of the case.

Defendants object to the extent the requested information is not separately captured or categorized in this manner in DHS databases. To the extent this information exists, the information sought requires significant processing to compile and will need to be processed manually, likely at great cost and with significant workforce resources. The burden and expense of the proposed discovery outweighs its likely benefit because this matter presents a constitutional challenge to Defendants' policies and practices, and the parties do not contest the relevant facts regarding those policies and practices. In particular, the parties agree that immigration officials and immigration judges are not required under current policy to engage in a free-standing inquiry and consider a non-citizen's financial circumstances in every single case, even where the non-citizen has not put his or her

116

1  financial circumstances at issue, and that immigration officials and immigration

2  judges are free to consider "ability to pay" when they, in their discretion, deem it

3  relevant.

4        Defendants further object to Interrogatory No. 5 on relevance grounds.

5  Information regarding the cost of conducting custody determinations is not relevant

6  in determining whether the Constitution requires consideration of "ability to pay" in

7  every case, and thus production of this information is disproportionate to the needs

8  of this case. Because this case presents legal questions, disposition on summary

9  judgment is appropriate.

10       **B.    Plaintiffs' Contentions**

11       1.    Plaintiffs' position regarding the relevance of the costs of detention and

12  custody determinations is addressed *supra* Section XXXV.B.1.

13       2.    Plaintiffs' position regarding Defendants' contention that no discovery

14  should take place in this case is addressed *supra* Section I.A.1.

15       **C.    Defendants' Contentions**

16       [TO COME FROM DEFENDANTS]

17  **XLI.  INTERROGATORY NO. 6 TO DHS:**

18       State the average cost per IMMIGRATION DETAINEE and total aggregate

19  cost to DEFENDANT of supervising all IMMIGRATION DETAINEES released

20  pursuant to 8 U.S.C. § 1226(a) through ALTERNATIVE CONDITIONS OF

21  RELEASE during the Relevant Time Period.

22       **A.    DEFENDANTS' RESPONSE TO INTERROGATORY NO. 6 TO
             DHS:**

23

24       Defendants object to Interrogatory No. 6 as premature, unduly burdensome,

25  irrelevant, overbroad as to time, and disproportionate to the needs of the case.

26       Defendants object to Interrogatory No. 6 because it is unduly burdensome and

27  disproportionate to the needs of the case. The information sought requires significant

28  processing to compile and will need to be processed manually, likely at great cost

1 and with significant workforce resources. Any data maintained by DHS regarding

2 the cost of supervising immigration detainees released from detention on alternative

3 conditions of release is not categorized by the initial detention authority under which

4 the individual was detained. The burden and expense of the proposed discovery

5 outweighs its likely benefit because this matter presents a constitutional challenge to

6 Defendants' policies and practices, and the parties do not contest the relevant facts

7 regarding those policies and practices. In particular, the parties agree that

8 immigration officials and immigration judges are not required under current policy to

9 engage in a free-standing inquiry and consider a non-citizen's financial

10 circumstances in every single case, even where the non-citizen has not put his or her

11 financial circumstances at issue, and that immigration officials and immigration

12 judges are free to consider "ability to pay" when they, in their discretion, deem it

13 relevant.

14      Defendants further object to Interrogatory No. 6 on relevance grounds.

15 Information regarding costs of detaining aliens or supervising released aliens is not

16 relevant in determining whether the Constitution requires consideration of "ability to

17 pay" in every case, and thus production of this information is disproportionate to the

18 needs of this case. Because this case presents legal questions, disposition on

19 summary judgment is appropriate.

20      **B.**   **Plaintiffs' Contentions**

21      1.   Plaintiffs' position regarding the relevance of the costs of detention and

22 custody determinations is addressed *supra* Section XXXV.B.1.

23      2.   Plaintiffs' position regarding Defendants' contention that no discovery

24 should take place in this case is addressed *supra* Section I.A.1.

25      **C.**   **Defendants' Contentions**

26      [TO COME FROM DEFENDANTS]

27 **XLII. INTERROGATORY NO. 7 TO DHS:**

28

1  State the number of UNITS OF DETENTION BED SPACE used by

2  DEFENDANT per year to detain IMMIGRANT DETAINEES who were detained

3  under 8 U.S.C. § 1226(a) on a bond set by an ICE officer or an immigration judge

4  during the Relevant Time Period.

5  A.   **DEFENDANTS' RESPONSE TO INTERROGATORY NO. 4 TO**
6       **DHS:**

7  Defendants object to Interrogatory No. 7 as premature, unduly burdensome,

8  irrelevant, overbroad as to time, and disproportionate to the needs of the case.

9  Defendants object to the extent the requested information is not readily

10 available given the manner in which DHS databases are configured. Units of

11 detention space for individuals detained under 8 U.S.C. § 1226(a) are not captured in

12 the relevant databases. Therefore, the requested information will need to be

13 processed manually, likely at great cost and with a significant workforce effort.

14 The burden and expense of the proposed discovery outweighs its likely benefit

15 because this matter presents a constitutional challenge to Defendants' policies and

16 practices, and the parties do not contest the relevant facts regarding those policies

17 and practices. In particular, the parties agree that immigration officials and

18 immigration judges are not required under current policy to engage in a freestanding

19 inquiry and consider a non-citizen's financial circumstances in every single case,

20 even where the non-citizen has not put his or her financial circumstances at issue,

21 and that immigration officials and immigration judges are free to consider "ability to

22 pay" when they, in their discretion, deem it relevant.

23 Defendants further object to Interrogatory No. 7 on relevance grounds.

24 Information regarding costs of detaining aliens or the number of beds used is not

25 relevant in determining whether the Constitution requires consideration of "ability to

26 pay" in every case, and thus production of this information is disproportionate to the

27

28

119

1 needs of this case. Because this case presents legal questions, disposition on
2 summary judgment is appropriate.

3     **B.**    **Plaintiffs' Contentions**

4     1.    Plaintiffs' position regarding the relevance of the costs of detention and
5 custody determinations is addressed *supra* Section XXXV.B.1.

6     2.    Plaintiffs' position regarding Defendants' contention that no discovery
7 should take place in this case is addressed *supra* Section I.A.1.

8     **C.**    **Defendants' Contentions**

9     [TO COME FROM DEFENDANTS]

10 **REQUESTS REGARDING DETAINEES "FAILURE TO APPEAR" RATE**

11 **XLIII.**    **INTERROGATORY NO. 8 TO DHS:**

12     Identify any reports or statistics CONCERNING the failure to appear rate for
13 IMMIGRATION DETAINEES detained under 8 U.S.C. § 1226(a), who were
14 released on IMMIGRATION BONDS and/or ALTERNATIVE CONDITIONS OF
15 RELEASE pursuant to a CUSTODY DETERMINATION or CUSTODY
16 REDETERMINATION HEARING, during the Relevant Time Period.
17 DEFENDANT shall specify whether an IMMIGRATION DETAINEE did not
18 appear for subsequent immigration court appearances, otherwise violated the terms
19 of their release, or did not appear for removal if ordered to do so.

20     **A.**    **DEFENDANTS' RESPONSE TO INTERROGATORY NO. 8 TO**
        **DHS:**

21

22     Defendants object to Interrogatory No. 8 as premature, unduly burdensome,
irrelevant, overbroad as to time, and disproportionate to the needs of the case.

23

24     Defendants object to Interrogatory No. 8 as unduly burdensome to the extent it
25 requests that the agency prepare such reports or statistics, and is disproportionate to
the needs of the case. Defendants object to the extent the requested information is not

26 readily available given the manner in which DHS databases are configured. Failure

27 to appear rates for individuals released pursuant to 8 U.S.C. § 1226(a) are not

28

120

1 captured in the relevant databases. Therefore, the requested information will need to

2 be processed manually, likely at great cost and with a significant workforce effort.

3 Moreover, information related to detainees who do not appear for subsequent

4 immigration court appearances would be maintained by EOIR, not ICE.

5      Defendants further object to Interrogatory No. 8 on relevance grounds.

6 Reports or statistics concerning the failure to appear rate for immigration detainees

7 detained under 8 U.S.C. § 1226(a), who were released on immigration bonds and/or

8 alternative conditions of release, are not relevant in determining the legal issues to be

9 resolved in Plaintiffs' lawsuit.

10      Defendants object to Interrogatory No. 8 as disproportionate to the needs of

11 the case considering the negligible potential importance of the discovery in resolving

12 the issues, and whether the burden or expense of the proposed discovery outweighs

13 its likely benefit. Because this case presents legal questions, disposition on summary

14 judgment is appropriate.

15     **B.**   **Plaintiffs' Contentions**

16     1.   Information Regarding the Government's Statistics on Class
        Members' "Failure to Appear" Rates is Relevant to Whether the
17         Immigration Judge Must Consider Alternatives to Detention in
        Making the Custody Determination.

18

19      Information about noncitizens' "failure to appear" rates is plainly relevant to

20 the parties' claims and defenses in this case. Most clearly, Defendants themselves

21 have relied on this information as a defense in its Ninth Circuit opening brief. *See*

22 Opening Brief of Defendants-Appellants 37 (citing *Executive Office for Immigration*

23 *Review, FY 2015 Statistical Yearbook* at P3,

24 https://www.justice.gov/sites/default/files/pages/attachments/2016/04/08/

25 fy15syb.pdf). There, the Government contended that 41 percent of noncitizens

26 released on bond or other conditions fail to appear for their immigration court

27 hearings, and that this information "shows that the implementation of the district

28

1  court's injunction would actually thwart Congress's considered judgment." *Id.* at 37.[7]

2  Plaintiffs are unquestionably entitled to discovery into statistics and reports on which

3  Defendants have relied as a defense in this case.

4       Setting aside the Government's decision to put failure to appear rates at issue,

5  the frequency of noncitizens' failure to appear is relevant to the constitutionality of

6  the lack of any requirement that immigration judges consider ability to pay. Due

7  process requires that immigration detention be "reasonabl[y] relat[ed]" to the

8  purposes of preventing flight and danger to the community. *Zadvydas*, 533 U.S. at

9  690-91. Failure to appear rates for respondents released on bond and alternative

10  conditions are relevant to whether immigration judges' bond determinations, given

11  the lack of a requirement to consider ability to pay and possible alternative

12  conditions, satisfy that constitutional standard. For example, the requested

13  information will enable the Court to determine whether individuals released on non-

14  monetary alternatives appear at rates similar to individuals released on bond, and

15  therefore whether the Government's failure to consider alternatives is reasonably

16  related to its interests in preventing flight.

17       The Government objects to Interrogatories No. 5 and No. 8 as unduly

18  burdensome because "[f]ailure to appear rates for individuals released pursuant to 8

19  U.S.C. § 1226(a) are not captured in the relevant databases." The Government

20  therefore suggests that "the requested information will need to be processed

21  manually, likely at great cost and with a significant workforce effort" and that

22  "information related to detainees who do not appear for subsequent immigration

23  court appearances would be maintained by EOIR, not ICE." The relevant

24  -----

25     [7] In fact, the percentages cited by the Government may not support its position, since they appear to include all non-detained respondents, not only

26  respondents released pursuant to bond or conditions set by an immigration judge. This underscores the importance of a response to Interrogatory No. 4, which would

27  provide information on the persons who performed the relevant calculations and the steps they took to perform those calculations.

28

1   interrogatories do not request manual case-by-case processing of information. The

2   calculation of failure to appear rates using EOIR database information is

3   straightforward and routine. The government itself cited a calculation of this type in

4   its opening brief on appeal before the Ninth Circuit. *See* Opening Brief of

5   Defendants-Appellants 37. Others have performed similar calculations as well. For

6   example, the Transactional Records Access Clearinghouse has calculated failure to

7   appear rates in immigration court *for the entire country since 1995*—a calculation

8   that it completed without manual review of the hundreds of thousands of cases at

9   issue. *See* TRAC Immigration, What Happens When Individuals Are Released on

10   Bond in Immigration Court Proceedings, Sept. 14, 2016,

11   http://trac.syr.edu/immigration/reports/438/.

12          In sum, information on failure to appear is relevant and its production is not

13   unduly burdensome.  At the parties' various conferences, Plaintiffs explained their

14   position to Defendants, but Defendants refused to produce any information based on

15   their objection that discovery was not appropriate in this case.

16                  2.      Plaintiffs' Position on Remaining Objections.

17          Plaintiffs' position regarding Defendants' contention that no discovery should

18   take place in this case is addressed *supra* Section I.A.1.

19          C.      **Defendants' Contentions**

20          [TO COME FROM DEFENDANTS]

21   **XLIV.       INTERROGATORY NO. 3 TO DOJ:**

22          Identify the source of the data and the steps taken to calculate the statistic that

23   "41 percent of [noncitizens] released on conditions fail to show up for their

24   Immigration Court hearings," Opening Brief of Defs.- Appellants at 37, *Hernandez*

25   *v. Lynch*, No 16-56829 (9th Cir. Feb. 1, 2017), ECF No. 13, as stated on P3 of the

26   EOIR, FY2015 Statistical Yearbook, available at

27   https://www.justice.gov/eoir/page/file/fysb15/download, and the statistic that 39

28
                                            123

1  percent of noncitizens released from custody fail to appear for immigration court

2  proceedings, as stated on P3 of the EOIR, FY2016 Statistical Yearbook, available at

3  https://www.justice.gov/eoir/page/file/fysb16/download, including any

4  DATABASES or DOCUMENTS relied upon (including the relevant fields in any

5  DATABASES), the methods used to extract any relevant statistics or data from those

6  DATABASES or DOCUMENTS (including any reasons why those methods were

7  chosen), any formulas used to calculate the statistic (including any rationales why

8  those formulas were chosen).

9  **A.    DEFENDANTS' RESPONSE TO INTERROGATORY NO. 3 TO DOJ:**

10

11  Defendants object to Interrogatory No. 3 as premature, vague, overbroad as to

12  scope, and ambiguous with respect to its request to identify "the steps taken to

13  calculate the statistic." The term "steps" is undefined, and it is thus unclear what

14  information Plaintiffs seek to obtain.

15  Defendants further object that the seven subparts of Interrogatory No. 3

16  constitute seven separate and discrete interrogatories.

17  Defendants further object to Interrogatory No. 3 to the extent it calls for the

18  disclosure of information already in Plaintiffs' possession or which is readily

19  available from a source that is equally accessible to Plaintiffs.

20  Defendants further object to Interrogatory No. 3 as unduly burdensome and

21  disproportionate to the needs of the case. The lawsuit is a constitutional challenge to

22  8 U.S.C. § 1226(a) and (e). In such a challenge, the key legal issue is whether 8

23  U.S.C. § 1226(a) is constitutional, where it provides that consideration of ability to

24  pay and alternatives to detention when setting an alien's initial bond is a

25  discretionary determination; does not require that an alien who is determined to

26  present a flight risk have an initial bond set below the $1,500 statutory minimum;

27  and does not require consideration of alternatives to a full cash bond, or alternatives

28

1  to detention when setting an initial bond for an alien who is determined to present a

2  flight risk.

3       The controlling precedents of the U.S. Supreme Court, the U.S. Court of

4  Appeals for the Ninth Circuit, Board of Immigration Appeals ("BIA"), and

5  congressionally-enacted statutes do not require consideration of ability to pay and

6  alternatives to detention when setting an alien's initial bond. Moreover, aliens

7  detained under 8 U.S.C. § 1226(a) who are determined to be a flight risk are not

8  entitled to have a bond set below the $1,500 statutory minimum, alternatives to a full

9  cash bond, or alternatives to detention. *See*, *e.g.*, *Prieto-Romero v. Clark*, 534 F.3d

10  1053, 1067 (9th Cir. 2008). It is well-settled there is no constitutional right to release

11  on bond while removal proceedings are pending and, except for unusual

12  circumstances, an alien only has rights afforded by Congress. *See generally Carlson*

13  *v. Landon*, 342 U.S. 524, 538 (1952).

14       The statute is clear. Congress committed to ICE officials and immigration

15  judges the unreviewable discretion to continue to detain an alien during removal

16  proceedings, to release an alien on bond and conditions, or to conditionally parole

17  aliens detained under 8 U.S.C. § 1226(a). *See* 8 U.S.C. §§ 1226(a) and (e);

18  1252(a)(2)(B) and (f)(1). Plaintiffs are claiming a deprivation of a "right" they are

19  not entitled to: the weight that is accorded to their ability to pay during an initial

20  bond hearing under 8 U.S.C. § 1226(a). At their initial bond redetermination

21  hearings, Plaintiffs were provided a reasonable opportunity to present evidence,

22  witnesses, and testimony to meet their burden of demonstrating their eligibility for

23  release. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). Therefore, because

24  Plaintiffs cannot demonstrate that their bond hearings were "so fundamentally unfair

25  that the alien was prevented from reasonably presenting his case," there is no

26  violation of a constitutional right. *See Platero–Cortez v. INS*, 804 F.2d 1127, 1132

27  (9th Cir. 1986) (quoting *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir. 1985));

28

1  *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843-44 (1984)

2  (holding that courts should uphold an agency's interpretation of a statute it

3  administers if it is based on a reasonable construction of the statute). A plain reading

4  of statute at issue here and judicial precedent forecloses discovery in this case.

5  Discovery will not shed further light on this issue because, as the Ninth Circuit itself

6  has found, the discretion comes from the statute itself. Because this case presents

7  legal issues, disposition on summary judgment is appropriate; there are no genuine

8  issues of fact in dispute that would benefit from discovery.

9      **B.    Plaintiff's Contentions**

10     1.    Defendants have withdrawn their vagueness objection.

11     2.    Defendants have withdrawn their objection regarding subparts.

12     3.    Defendants have withdrawn their objection regarding equally accessible

13  information.

14     4.    Plaintiffs' position regarding Defendants' contention that no discovery

15  should take place in this case is addressed *supra* Section I.A.1.

16     5.    Plaintiffs' position regarding the relevance of "failure to appear" rates to

17  the parties' claims and defenses is addressed *supra* Section XLIII.B.1.

18     **C.    Defendants' Contentions**

19     [TO COME FROM DEFENDANTS]

20  **XLV. INTERROGATORY NO. 4 TO DOJ:**

21     Identify any PERSONS involved in calculating the statistics discussed in

22  Interrogatory No. 3, above. As to each such PERSON, please identify the PERSON's

23  name, title, period of employment (or retention), and the activities they performed in

24  connection with the maintenance, cataloguing, retention or restoration of the above

25  described data and statistics.

26     **A.    DEFENDANTS' RESPONSE TO INTERROGATORY NO. 4 TO**
27     **DOJ:**

28

1   Defendants object to Interrogatory No. 4 as premature, vague, overbroad as to

2   scope and time, not relevant, and ambiguous with respect to its request to "[i]dentify

3   any PERSONS involved in calculating the statistics discussed in Interrogatory No.

4   3." The term "involved in" is not defined, therefore the extent of the information

5   Plaintiffs seek to obtain is unclear.

6   Defendants object to Interrogatory No. 4 request for the "PERSON's name,

7   title, period of employment (or retention), and the activities they performed in

8   connection with the maintenance, cataloguing, retention or restoration of the above

9   described data and statistics" as not relevant to the claims or defenses in this case.

10   Moreover, the PERSONS who analyze EOIR's statistics do not maintain EOIR's

11   data collection systems, and are not responsible for "cataloguing, retention or

12   restoration" of data, which is a function of a separate division of EOIR. Because this

13   case presents legal issues, disposition on summary judgment is appropriate; there are

14   no genuine issues of fact in dispute that would benefit from discovery.

15   **B.     Plaintiff's Contentions**

16   1.     Defendants have withdrawn their vagueness objection.

17   2.     Plaintiffs' position regarding Defendants' contention that no discovery

18   should take place in this case is addressed *supra* Section I.A.1.

19   3.     Plaintiffs' position regarding the relevance of "failure to appear" rates to

20   the parties' claims and defenses is addressed *supra* Section XLIII.B.1.

21   **C.     Defendants' Contentions**

22   [TO COME FROM DEFENDANTS]

23   **XLVI.     INTERROGATORY NO. 5 TO DOJ:**

24   Identify any reports or statistics CONCERNING the FAILURE TO APPEAR

25   RATE for PERSONS detained under 8 U.S.C. § 1226(a), who were released on

26   IMMIGRATION BONDS and/or ALTERNATIVE CONDITIONS OF RELEASE

27   pursuant to a CUSTODY REDETERMINATION HEARING, at any time during the

28

127

1   Relevant Time Period. DEFENDANT shall specify whether an IMMIGRATION

2   DETAINEE did not appear for subsequent immigration court appearances, otherwise

3   violated the terms of their release, or did not appear for removal, if ordered to do so.

4        **A.**  **DEFENDANTS' RESPONSE TO INTERROGATORY NO. 5 TO DOJ:**

5

6        Defendants object to Interrogatory No. 5 as premature, unduly burdensome,

7   not relevant, overbroad as to time, and disproportionate to the needs of this case.

8   EOIR has no reports or statistics responsive to this request.

9        Defendants further object to Interrogatory No. 5 on relevance grounds.

10   Reports or statistics concerning the failure to appear rate for immigration detainees

11   detained under 8 U.S.C. § 1226(a), who were released on immigration bonds and/or

12   alternative conditions of release, are not relevant in determining the legal issues to be

13   resolved in Plaintiffs' lawsuit.

14        Defendants object to Interrogatory No. 5 as unduly burdensome to the extent it

15   requests that the agency prepare such reports or statistics and is disproportionate to

16   the needs of the case. The data sought requires significant manual, case-by-case

17   review to locate, extract, and process the requested information because the

18   requested information is not readily identifiable given the capabilities of the EOIR

19   database. Plaintiffs request data concerning "PERSONS detained under 8 U.S.C. §

20   1226(a), who were released on IMMIGRATION BONDS and/or ALTERNATIVE

21   CONDITIONS OF RELEASE pursuant to a CUSTODY REDETERMINATION

22   HEARING." This requested information is not readily identifiable given the

23   capabilities of the EOIR database. In order to compile the requested information,

24   Defendants must first retrieve from its database a list of all those who have been

25   detained, whether under 8 U.S.C. § 1226(a) or otherwise. The EOIR database does

26   not specifically track individuals by which detention authority they are detained

27   under, so a simple query containing the variables in Plaintiffs' request would not

28

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
PURSUANT TO LOCAL RULE 37-2.1

1 | suffice. To provide a list of only those detained under 8 U.S.C. § 1226(a), Defendant
2 | would need to embark on a time and labor intensive review of the paper record for
3 | each respondent on the detainee list originally retrieved. Once the requested list of
4 | individuals is deduced, it then would require case-by-case processing to extract the
5 | requested information and then review and produce it. There are likely thousands of
6 | immigration detainees that have been detained pursuant to 8 U.S.C. § 1226(a).

7 | Therefore, the requested information will need to be processed manually, at
8 | great cost and with a significant workforce effort, and would be an undue burden on
9 | Defendants that outweighs any benefit likely to be garnered by Plaintiffs. Because
10 | this case presents legal issues, disposition on summary judgment is appropriate; there
11 | are no genuine issues of fact in dispute that would benefit from discovery.

12 | **B.** **Plaintiff's Contentions**

13 | 1. Defendants have withdrawn their contention that they have no reports or
14 | statistics responsive to this request.

15 | 2. Plaintiffs' position regarding the relevance of "failure to appear" rates to
16 | the parties' claims and defenses is addressed *supra* Section XLIII.B.1.

17 | 3. Plaintiffs' position regarding Defendants' contention that no discovery
18 | should take place in this case is addressed *supra* Section I.A.1.

19 | **C.** **Defendants' Contentions**

20 | [TO COME FROM DEFENDANTS]

21 | DATED:  November 9, 2017

22 |
23 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

24 | By: _____ */s/  Douglas A. Smith* _____
25 | Douglas A. Smith

26 |
27 | Attorney for Plaintiffs Hernandez and Matias, and a
certified class of similarly situated individuals

28 |

129