1  MICHAEL KAUFMAN(SBN 254575)
   mkaufman@aclu-sc.org
2  AHILAN T. ARULANANTHAM (SBN 237841)
   aarulanantham@aclu-sc.org
3  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
   1313 West 8th Street
4  Los Angeles, CA 90017
   Telephone: (213) 977-5232
5  Facsimile: (213) 977-5297

6  *Pro Bono Attorneys for Plaintiffs-Petitioners*

7  *Additional Counsel listed on following page*

8

9              **UNITED STATES DISTRICT COURT**

10

         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

12 XOCHITL HERNANDEZ,                    )  Case No. 5:16-cv-00620-JGB-KK
   CESAR MATIAS, for themselves          )
13 and on behalf of a class of           )  **DISCOVERY MATTER**
   similarly-situated individuals,       )
14                                        )  **REPLY IN SUPPORT OF**
              Plaintiffs-Petitioners,    )  **PLAINTIFFS' MOTION TO COMPEL**
15                                        )  **CERTAIN RESPONSES TO**
   v.                                     )  **PLAINTIFFS' FIRST SETS OF**
16                                        )  **REQUESTS FOR PRODUCTION AND**
                                          )  **INTERROGATORIES**
17                                        )
   JEFF SESSIONS, U.S., Attorney         )
18 General, et al.,                      )  Date:      December 7, 2017
                                          )  Time:      10:00 a.m.
19            Defendants-Respondents.     )  Place:     Courtroom 3rd Floor
                                          )  Judge:     Honorable Kenly Kiya Kato
20                                        )
                                          )
21                                        )
                                          )  Discovery Cutoff Date:  Apr. 27, 2018
22                                        )  Pretrial Conf. Date:    Aug. 13, 2018
                                          )  Trial Date:             Aug. 28, 2018
23                                        )

24

25

26

27

28

1  MICHAEL TAN (*pro hac vice*)
   mtan@aclu.org
2  JUDY RABINOVITZ (*pro hac vice*)
   jrabinovitz@aclu.org
3  AMERICAN CIVIL LIBERTIES FOUNDATION
   IMMIGRANTS' RIGHTS PROJECT
4  125 Broad Street, 18th Floor
   New York, NY 10004
5  Telephone: (212) 549-2618
   Facsimile: (212) 549-2654
6
   STEPHEN KANG (SBN 292280)
7  skang@aclu.org
   AMERICAN CIVIL LIBERTIES FOUNDATION
8  IMMIGRANTS' RIGHTS PROJECT
   39 Drumm Street
9  San Francisco, CA 94111
   Telephone: (415) 343-0779
10 Facsimile: (415) 395-0950

11 MATTHEW SLOAN (SBN 165165)
   Matthew.Sloan@skadden.com
12 DOUGLAS A. SMITH (SBN 290598)
   Douglas.Smith@skadden.com
13 WINSTON P. HSIAO (SBN 273638)
   Winston.Hsiao@skadden.com
14 MATTHEW E. DELGADO (SBN 306999)
   Matthew.Delgado@skadden.com
15 MICHAEL D. HIDALGO (SBN 309792)
   Michael.Hidalgo@skadden.com
16 JOHN C. KOREVEC (SBN 310157)
   John.Korevec@skadden.com
17 Skadden, Arps, Slate, Meagher & Flom LLP
   300 South Grand Avenue, Suite 3400
18 Los Angeles, California 90071-3144
   Telephone: (213) 687-5000
19 Facsimile: (213) 687-5600

20 *Pro Bono Attorneys for Plaintiffs-Petitioners*

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

INTRODUCTION..................................................................................................1

BACKGROUND ..................................................................................................5

    A.    The Ninth Circuit Has Held That The Government Is Likely Violating the Constitution By Not Considering Plaintiffs' Ability to Pay When Setting Bond Amounts or Alternative Conditions of Release...............................................................................................5

    B.    In An Attempt to Avoid or Delay Discovery, The Government Has Repeatedly Employed Improper Tactics and Ignored Procedural Rules ...............................................................................................6

    C.    The Government Has Had Five Months to Provide Discovery But To Date Has Not Produced a Single Document or Answered A Single Interrogatory ..........................................................................10

    D.    Plaintiffs Only Moved to Compel After the Parties Reached An Impasse Following Extensive Meeting and Conferring Spanning Nearly Two Months............................................................................11

    E.    The Government Failed to Provide Its Portion of the Joint Stipulation By the Parties' Agreed-Upon Deadline............................12

    F.    Since Plaintiffs Filed Their Motion To Compel, The Government Has Provided Only Vague Promises That Do Little To Nothing To Resolve Plaintiffs' Motion to Compel ...............................................12

ARGUMENT .....................................................................................................13

    I.    Plaintiffs' Motion To Compel Is Necessary Because The Government Has Not Provided *Any* Discovery to Date and Failed to Participate In the Joint Stipulation Process.........................................13

    II.    The Government Mischaracterizes the Record By Suggesting That the Parties Had Not Reached An Impasse After Extensive Meeting and Conferring.................................................................................15

    III.    The Government Misled This Court By Omitting That It Agreed To and Then Missed The Deadline to Serve Its Portion of the Joint Stipulation ..............................................................................17

    IV.    A Court Order Compelling Discovery Is Required, Because the Government's Conclusory and Belated "Assurances" to Provide Discovery Are Insufficient .....................................................................19

    V.    The Court Should Award Plaintiffs Their Expenses, Including Attorneys' Fees, In Preparing This Motion and Preparing Their Portion of the Joint Stipulation............................................................21

    CONCLUSION................................................................................22

i

1

# TABLE OF AUTHORITIES

2

## Cases

3

4  *Ashford v. East Coast Express Eviction*,
       245 F.R.D. 36 (D.D.C. 2007) ..............................................................16

5  *Black Hills Molding, Inc. v. Brandom Holdings, LLC*,
6       295 F.R.D. 403 (D.S.D. 2013)..............................................................16

7  *Erichsen v. County of Orange*,
       2016 WL 6921610 (C.D. Cal. Mar. 31, 2016) ....................................21

8  *Exxon Shipping Co. v. U.S. Department of Interior*,
9       34 F.3d 774 (9th Cir. 1994) .................................................................19

10 *Kannaday v. Ball*,
       292 F.R.D. 640 (D. Kan. 2013) ...........................................................16

11 *Laryngeal Mask Co. v. Ambu A/S*,
12      Civil No. 07cv1988-DMS(NLS), 2009 WL 9530358 (S.D. Cal. Feb. 26,
       2009) ................................................................................................16, 17

13 *Mattingly v. United States*,
14      939 F.2d 816 (9th Cir. 1991) ...........................................................1, 19

15 *Net-Com Services, Inc. v. Eupen Cable USA, Inc.*,
       No. CV 11-2553 RSWL(SSx), 2012 WL 12888328 (C.D. Cal June 19,
16      2012) ................................................................................................19, 21

17 *Poturich v. Allstate Insurance Co.*,
       No. EDCV 15-0081-GW (KKx), 2015 WL 12766173 (C.D. Cal. Aug. 14,
18      2015) ......................................................................................................5

19 *Safouane v. Hassett*,
       No. C00-0621-JCC, 2009 WL 927726 (W.D. Wash. Apr. 1, 2009) ...............15

20 *Schudel v. Searchguy.com, Inc.*,
21      No.07cv695-BEN(BLM), 2008 WL 11337244 (S.D. Cal. Aug. 21, 2008)16-17, 20

22 *Smyth v. Merchants Credit Corp.*,
       No. C11-1879RSL, 2012 WL 5914901 (W.D. Wash. Nov. 16, 2012) ...........16

23 *Tapia v. Huntington Park Police Dept.*,
24      No. CV 09-07624 VBF (SSx), 2010 WL 11549657 (C.D. Cal. May 5,
       2010) ......................................................................................................16

25 *United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*,
26      235 F.R.D. 521 (D.D.C. 2006) ............................................................16

27 *United States ex rel. Smith v. Gilbert Realty Co.*,
       34 F. Supp. 2d 527 (E.D. Mich. 1998) ................................................19

28

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

*United States v. Gavilan Joint Community College District,*
    849 F.2d 1246 (9th Cir. 1988) ...................................................................19

## Rules

Fed. R. Civ. P. 26 ........................................................................................2

Fed .R. Civ. P. 37(a)(1) .............................................................................15

Fed. R. Civ. P. 37(a)(5)(A) ...........................................................4, 5, 21, 22

Local Rule 37-2.2 ..................................................................................12, 17

Local Rule 37-2.4 ....................................................................................1, 12

## Other Authorities

Judge's Procedure ¶ 2, Kenly Kiya Kato, Magistrate Judge, Central District of
    California, https://www.cacd.uscourts.gov/honorable-kenly-kiya-kato ............4

## INTRODUCTION

"[W]hen the United States comes into court as a party in a civil suit, it is subject to the Federal Rules of Civil Procedure as any other litigant." *Mattingly v. U.S.*, 939 F.2d 816, 817 (9th Cir. 1991). Yet, with only about 5 months remaining in the discovery period, the government in this case has refused to produce a single document or answer a single interrogatory, even though Plaintiffs Xochitl Hernandez, Cesar Matias, and the certified class they represent served discovery requests more than five months ago.

Even now, after Plaintiffs have moved to compel that discovery, the government is still failing to take its discovery obligations seriously. Without any explanation as to why, the government blew the Parties' agreed-upon deadline to provide its portion of the Central District of California Local Rule 37-1 joint stipulation—even though Plaintiffs' counsel agreed to provide the government nearly double the amount of time otherwise allotted by the Local Rules to respond, and the government's counsel stated that they "do appreciate the professional courtesy as to the deadline for [their] portion of the joint stipulation." (Decl. of Douglas A. Smith ISO Pls.' Mot. to Compel Disc., Dkt. 122-2 ("First Smith Decl."), Ex. 1.)

When the government disregarded the deadline, Local Rule 37-2.4 was triggered, requiring Plaintiffs to file this motion to compel as a regularly noticed motion rather than as a joint stipulation. Although the operation of Local Rule 37-2.4 under the circumstances afforded the government a second opportunity to oppose Plaintiffs' motion to compel and an additional week to do so, the government's "opposition" still contains no response to Plaintiffs' arguments about the disputed discovery requests, nor does it make any attempt to support the government's objections, let alone on a request-by-request basis, as required. Instead, the government essentially begs this Court for more time and to excuse its double failure. In support, the government provides only generic, conclusory assurances that the objections and arguments in the already 129-page joint stipulation (which is primarily owing to having to restate verbatim the

1

government's voluminous objections) can be worked out, notwithstanding that time is running out in the discovery period and the Parties have already participated in months of failed meet and confers.

The Court should not grant the government any leniency. The government's "opposition" and failure to participate in the joint stipulation process are the latest in a year-long history of tactics designed to delay discovery—which has included frivolous positions on discovery, as well as the government knowingly and repeatedly disregarding its obligations under this Court's rules and the Federal Rules of Civil Procedure. Since the Court denied the government's motion to dismiss more than a year ago, on November 10, 2016, the government's delay tactics have included, for example:

- Filing an answer to the complaint more than 6 *months late*, in violation of Federal Rule of Civil Procedure ("Federal Rule" or "Rule") 12(a)(4)(A), and only after Plaintiffs repeatedly demanded that the government file an answer (*See, e.g.* Second Decl. of Douglas A. Smith ISO Pls.' Mot. to Compel Disc. ("Second Smith Decl.") Exs. 1, 2);

- Refusing to participate in, and then delaying from January to May 2017, the Parties' Rule 26(f) discovery planning conference (*Id.*);

- Refusing and then delaying until September 29, 2017, service of the government's initial disclosures under Rule 26(a)(1), stating that "this case should be exempt from the initial disclosures requirement, as this case presents purely legal issues"—even though that is not among the permitted exemptions from the initial disclosure requirement (*Compare* Joint Rule 26(f) Report, Dkt. 111 at 10, *with* Fed. R. Civ. P. 26(a)(1)(B));

- Making an oral motion to preclude any discovery despite Plaintiffs explicitly warning the government that oral motions are prohibited by Local Rule 6-1, which motion the Court rejected as procedurally improper (*Compare* Decl. of Stephen Kang of Sept. 11, 2017, Ex. A at 3:21-4:9, Dkt. 116-1; with Joint Rule 26(f) Report, Dkt. 111 at 9-10);

- Filing a motion to stay discovery pending appeal of the preliminary injunction order *after* both the District Court *and* the Ninth Circuit had already rejected the same arguments when the government previously sought a stay of all proceedings pending appeal (*See, e.g.*, District Court Dkt. 88, 93, 115; Ninth Circuit ECF 5-1, 53, 56, 59); and

- Waiting until Plaintiffs brought this motion to compel—and until 43 days *after* Judge Bernal unequivocally informed the government that Plaintiffs are entitled to fact discovery—to withdraw the argument that Plaintiffs are entitled to "no discovery" (*Compare* Second Smith Decl., Ex. 3, at 4:14-6:5 (Oct. 2, 2017, Hr'g Tr.), *with id.*, Ex. 4 ).

Ignoring Your Honor's admonition that "[s]trict compliance" with Local Rule 37's joint stipulation process is "required" and apparently attempting further delay, the government still has not provided its portion of the joint stipulation. Instead, the government argues that: (1) Plaintiffs' motion to compel is unnecessary; (2) the Parties met and conferred in good faith on multiple occasions; (3) Plaintiffs' rejected the government's request for an extension of time to resolve the discovery disputes; and (4) the government's counsel continue to make attempts to confer with Plaintiffs' counsel to resolve the disputes without judicial intervention. These arguments are littered with misrepresentations and half-truths, and in any event, none excuse the government's failure to participate in the joint stipulation process or warrant allowing the government to delay discovery further.

*First*, Plaintiffs' motion to compel *is* necessary, because the government has failed to provide any discovery to date, failed to participate in the joint stipulation process, and still has not provided any response to Plaintiffs' portion of the joint stipulation, despite having now two opportunities and more than three weeks to oppose. The government's belated withdrawal of its objection that no discovery was appropriate in this case should have come months ago, and in any event, no later than immediately after Judge Bernal explicitly rejected the government's  position—not 43 days later and only *after* Plaintiffs moved to compel.

Moreover, the government's assurances that discovery will proceed without judicial intervention is plainly incorrect, particularly given the government's repeated obfuscations of the discovery process to date. Tellingly, the government provides no plan as to what specific interrogatories it will answer or as to what types of documents it will produce in response to what requests. More importantly, Plaintiffs' motion to compel is not resolved by the government simply withdrawing their "no discovery" objection and vaguely promising during a meet and confer subsequent to the filing of this motion, that it will produce discovery relating to the implementation of and burden associated with the preliminary injunction. As detailed in Plaintiffs' portion of the joint

3

stipulation, numerous issues and objections will remain outstanding: the vast majority of Plaintiffs' document requests seek information on topics beyond those the government has vaguely promised to produce, including documents relating to the government's bond-setting policies and practices for immigrant detainees, and the historical application of those policies and practices to class members.

*Second*, while the government attempts to excuse its conduct by referencing that the Parties have met and conferred on multiple occasions, that fact only serves to underscore the need for Plaintiffs' motion to compel. The Parties met and conferred on multiple occasions and exchanged multiple emails and letters relating to the disputed requests. Contrary to what the government now contends, the Parties reached an impasse in their negotiations, as most clearly evidenced by the fact that the government still has not produced a single document, or answered a single interrogatory responsive to Plaintiffs' discovery requests. The government's suggestion that the Parties were in the middle of meet and confers when Plaintiffs filed their motion to compel is pure nonsense. The contention is unsupported by any declaration or contemporaneous documents, and is merely a manufactured post-hoc excuse tracking Rule 37(a)(5)(A)(i) in the hope of avoiding the Court awarding Plaintiffs' expenses in bringing this motion, including their attorneys' fees.

*Third*, the government misleads this Court by arguing that the Parties had not agreed to a deadline for the government to serve its portion of the joint stipulation, and that the missed deadline was "Plaintiffs' deadline." Conspicuously (and perhaps purposefully) absent from the government's opposition is a declaration about the government's counsel's understanding of the agreed-upon deadline, or the Parties' emails where the government's counsel *explicitly* agreed to the deadline.

*Fourth*, the government's attempts at restarting the meet and confer process after Plaintiffs filed this motion to compel, and without providing any guidance as to what specific discovery requests they would be willing to respond to, fail to provide the necessary assurances that would warrant further delay in resolving Plaintiffs' motion to

1  compel.  As the history of this case makes clear, judicial intervention is required and the

2  government should be ordered to provide all discovery immediately.

3     This Court should therefore grant Plaintiffs' motion in full and order the

4  government to provide answers—without any objections—to all disputed interrogatories

5  and to produce within 14 calendar days all responsive, nonprivileged documents.  *See,*

6  *e.g.*, L.R. 7-12 ("The failure to file any required document, or the failure to file it within

7  the deadline, may be deemed consent to the granting . . . of the motion"); Magistrate

8  Judge Kenly Kiya Kato's Procedures ¶ 2 ("Strict compliance with Local Rule 37 is

9  required.").  In addition, the Court should award Plaintiffs their reasonable expenses

10  incurred in bringing this motion and preparing their portion of the joint stipulation,

11  including attorneys' fees, pursuant to Rule 37(a)(5)(A) and Local Rule 37-4.  *Poturich*

12  *v. Allstate Ins. Co.*, No. EDCV 15-0081-GW (KKx), 2015 WL 12766173, *2 (C.D. Cal.

13  Aug. 14, 2015) (Kato, J.) ("[T]he Local Rules provide strict procedures with which

14  counsel must comply in . . .  opposing a discovery motion, including requiring a pre-

15  filing conference of counsel and joint stipulation. L.R. 37 et seq.  Local Rule 37-4

16  specifically provides '[t]he failure of any counsel to comply with or cooperate in the

17  foregoing procedures may result in the imposition of sanctions.'" (alteration in

18  original)).

19                          **BACKGROUND**

20  **A. The Ninth Circuit Has Held That The Government Is Likely Violating the**
   **Constitution By Not Considering Plaintiffs' Ability to Pay When Setting**
21  **Bond Amounts or Alternative Conditions of Release**

22     Plaintiffs are a certified class of individuals in removal proceedings detained

23  under 8 U.S.C. § 1226(a) on a bond set by an Immigration Judge ("IJ") or an

24  Immigration and Customs Enforcement ("ICE") officer in the Central District of

25  California.  Immigration officials have determined that Plaintiffs are not a danger to

26  their community and do not pose a flight risk so great as to warrant detention, yet they

27  remain detained because they cannot afford the bond set by the immigration officials.

28

Plaintiffs challenge the constitutionality of the bond-setting procedures that fail to take into account their ability to pay and fail to consider whether alternative conditions of release, whether alone or in conjunction with a lower bond amount, would ensure their appearance in court. (Compl., Dkt. 1 ¶¶ 1-2.)[1]  In granting Plaintiffs' motion for a preliminary injunction, this Court held that the government's bond procedures likely violated Plaintiffs' rights under the Constitution. (Dkt. 84 at 35.)  The Ninth Circuit has affirmed the preliminary injunction. (ECF 71-1.)  As the Ninth Circuit explained, "[s]etting a bond amount without considering financial circumstances or alternative conditions of release undermines the connection between the bond and the legitimate purpose of ensuring the non-citizen's presence at future hearings."  (*Id.* at 27-28.)

## B. In An Attempt to Avoid or Delay Discovery, The Government Has Repeatedly Employed Improper Tactics and Ignored Procedural Rules

Throughout this litigation, the government has delayed discovery by ignoring its obligations under the Federal Rules of Civil Procedure and the Local Rules, and by employing an array of tactics, including missing deadlines and ignoring Plaintiffs' inquiries about the status of discovery.  The government has thus improperly manufactured delays that hindered Plaintiffs from serving discovery requests initially, obtaining meaningful discovery thereafter, and propounding follow-up discovery, including depositions.  With only five months remaining in the discovery process, Plaintiffs have received no documents and no interrogatory answers in response to their discovery requests.  This lack of discovery has also frustrated Plaintiffs' efforts to take depositions, including the Rule 30(b)(6) depositions originally noticed five months ago.

To begin, the government initially delayed discovery by filing its answer to the complaint more than *six months* late.  Under Rule 12(a)(4)(A), the government had 14 days after the Court's November 10, 2016 order denying the government's motion to

---

[1] Plaintiffs use "Dkt." to refer to citations to the District Court docket in this case. They use "ECF" to refer to citations to the Ninth Circuit's docket in the government's preliminary injunction appeal. *See generally* Docket, *Hernandez v. Sessions*, No. 16-56829 (9th Cir.).

1   dismiss to serve its answer to the complaint.  Despite Plaintiffs' numerous emails to the
2   government requesting that it file an answer, (*see* Second Smith Decl., Exs. 1, 2), the
3   government failed to meet this most basic and preliminary obligation until May 16,
4   2017.  (Dkt. 107.)  Not until then—more than 6 months after the denial of the motion to
5   dismiss—did Plaintiffs know what factual allegations the government was disputing and
6   what affirmative defenses, if any, the government would raise.  This naturally hindered
7   Plaintiffs in crafting discovery requests.  The government characterized its failure to file
8   an answer as a "purported issue" (Dkt. 98 at 11-12) and attempted to use the preliminary
9   injunction appeal to excuse its failure—even though the due date for filing its answer
10  passed *before* the government even filed the notice of appeal and even though no court
11  stayed all proceedings in the district court pending that appeal.

12        The government also attempted on multiple occasions to seek stays of discovery
13  before this Court and the Ninth Circuit.  First, the government applied *ex parte* before
14  the district court to stay all proceedings pending the preliminary injunction appeal.
15  (Dkt. 88.)  When the Court denied that application (Dkt. 93), the government then
16  moved the Ninth Circuit to stay the preliminary injunction order and to issue an
17  "administrative stay of all district court proceedings" pending appeal.  (ECF 5-1 at 1.)
18  Although not expressly stated in the Ninth Circuit's order granting that motion, the
19  government took the position that the order stayed all proceedings in the district court
20  and therefore discovery.  When Plaintiffs sought clarification, the Ninth Circuit
21  explained that the stay only applied to the preliminary injunction itself.  (ECF 52, 53.)
22  The government then sought reconsideration of the clarification order, which the Ninth
23  Circuit summarily denied.  (ECF 56, 59.)  While these attempts were ultimately
24  unsuccessful, the government's multiple attempts to request the *exact same relief* before
25  multiple tribunals dragged on for months—which, coupled with the government's
26  failure to file an answer until May 16, 2017, resulted in Plaintiffs not being able to
27  meaningfully serve discovery requests until June 22, 2017.

28

Even after the government repeatedly lost its bid for a stay of discovery pending appeal, during the initial scheduling conference the government tried to seek a stay *again*.  In the Parties' Joint Rule 26(f) report, the government indicated that they opposed all of Plaintiffs' discovery requests on the frivolous ground  that "discovery is inappropriate in this case, which presents purely legal issues."  (Dkt. 111 at 8.)  Although Plaintiffs explicitly informed the government that Local Rule 6-1 prohibits oral motions, the government nevertheless persisted in making an oral motion before Judge Bernal concerning its belief that *all* discovery was somehow inappropriate in this case. (*See* Dkt. 116-01, Ex. A at 3:21-4:9.)  While Judge Bernal rejected the procedurally improper motion out of hand,  *id.*  The government used the specter of the oral motion as an excuse to further delay complying with its discovery obligations.

After Judge Bernal rejected the government's oral motion as procedurally improper, the government filed a written motion to stay discovery on August 28, 2017.  Again, the government argued that discovery should be stayed pending the appeal of the preliminary injunction order based on identical arguments that this Court and the Ninth Circuit had previously rejected.  (*See* Dkt. 115.)  Plaintiffs were forced to oppose the motion, explaining that the prior stay rulings constitute "law of the case," and that, in any event, the government's arguments were meritless.  (Dkt. 116.)  When the Ninth Circuit affirmed the preliminary injunction order on the morning of the hearing on the motion, the government withdrew it.  (Second Smith Decl., Ex. 3 at 3:17-4:3.)   At the hearing, Judge Bernal made clear that the government should cease its "no discovery" antics:

> [Plaintiffs' Counsel]:  . . . [T]he Government has at various points taken positions suggesting -- or saying or suggesting that we don't get discovery on certain subjects because the issues in this case are legal issues, for example, and we, obviously, disagree.
>
> THE COURT:  I think I disagree with that position as a general statement, and that's why I imposed a discovery deadline as part of the scheduling order.  So I think some discovery of some kind should be conducted.  I don't think the case presents a purely legal issue. . . .

(Second Smith Decl., Ex. 3 at 5:16-25.)

During the period in which the government unsuccessfully sought to stay discovery or avoid it entirely, it also disregarded its discovery obligations under the Federal Rules of Civil Procedure.  For example, the government refused to hold a Rule 26(f) planning conference for months, until May 2017.  (*See generally* Second Smith Decl., Exs. 1, 2.) In addition, the government initially took the position that it was not obligated to serve Rule 26(a)(1)(C) initial disclosures because the case, in its view, presented purely legal issues.  (Dkt. 111 at 10.)  Rule 26(a)(1)(B), however, lists the only grounds on which a party is exempt from serving initial disclosures, and a "pure legal case" is not among the exemptions—and for good reason.  Rule 26(a)(1)(B) does not permit a party, like the government here, from creating their own arguments for why initial disclosures need not be served in an attempt to avoid having to provide them.

When the government apparently came around to the view that it was obligated to serve initial disclosures, it delayed providing them.  According to Rule 26(a)(1)(C), initial disclosures should have been served within 14 days of the Parties' Rule 26(f) discovery planning conference unless the Parties stipulated otherwise.  That conference occurred in May 2017, and in the months thereafter, Plaintiffs repeatedly requested a date certain for the Parties to simultaneously exchange initial disclosures.  (*See* Second Smith Decl., Ex. 7.)   Plaintiffs eventually chose to unilaterally serve their initial disclosures on the government on September 27, 2017.  (Second Smith Decl., Ex. 4.) After this, the government finally served Plaintiffs with its initial disclosures on September 29, 2017, more than four months after they were required to do so.  (*Id.*)  The government's significant delay in participating in the Rule 26(f) discovery planning conference and providing initial disclosures significantly delayed Plaintiffs' ability to collect meaningful discovery.

### C. The Government Has Had Five Months to Provide Discovery But To Date Has Not Produced a Single Document or Answered A Single Interrogatory

On June 22, 2017, Plaintiffs served their discovery requests on the government. (Second Smith Decl. ¶ 2.)  Plaintiffs' requests seek three sets of information relevant to the Parties' claims and defenses

*First*, Plaintiffs seek information about the government's challenged custody review procedures, including information concerning the government's policies and practices for custody determinations and bond hearings, and how the procedures are applied in individual class members' cases.  In particular, Plaintiffs seek information related to the government's assertion, made repeatedly in this Court and before the Ninth Circuit, that immigration officials already consider class members' ability to pay. *Second*, Plaintiffs seek basic information about class members, including information about the harms they have suffered in detention (such as the length of their incarceration).  *Third*, Plaintiffs seek information about the costs of the government's existing bond-setting procedures and Plaintiffs' requested relief, including information related to the government's assertions that the relief sought will create unmanageable burdens and "upend[ ]" the immigration system.  (ECF No. 5-1 at 1-2.)

During a meet and confer between the Parties, the government requested a two-week extension to formulate responses to Plaintiffs' discovery requests.  (Second Smith Decl., Ex. 5.)  Plaintiffs agreed to the extension "so long as [the government would] be able to provide substantive responses on that date." (*Id.*)  The government reaffirmed its commitment to provide substantive responses at that time.  (*Id.*)

On August 4, 2017, the government served its discovery responses on Plaintiffs. Despite the government's assurances that the additional two-week extension was needed to provide substantive responses, and that the requested extension was not for the strategic purpose of causing further delay, the government did not agree to produce a single document,[2] or answer a single interrogatory.  (First Smith Decl., Exs. 5-8.)  And

---

[2] The government did not provide their list of class members until November 17, 2017.

that remains true today, with the exception of vague assurances during a meet and confer, after Plaintiffs filed this motion, that the government will produce documents relating to implementation of, and the burden associated with, complying with the preliminary injunction.

### D. Plaintiffs Only Moved to Compel After the Parties Reached An Impasse Following Extensive Meeting and Conferring Spanning Nearly Two Months

Following the government's failure to produce any meaningful discovery, Plaintiffs initiated the Local Rule 37 Joint Stipulation process.  Due to the government's continued delays, the meet and confer process dragged on for months:

- August 24, 2017 -  Plaintiffs sent the government their Local Rule 37-1 letter. (First Smith Decl., Ex. 2.)

- September 6, 2017 -  The Parties met and conferred pursuant to Local Rule 37-1. The government's counsel, however, were unable to provide their clients' positions on a number of issues.  (Second Smith Decl. ¶ 3)

- September 7, 2017 - Plaintiffs memorialized the September 6 meet and confer and asked the government to provide their positions by September 13, 2017.  (Second Smith Decl., Ex. 6.)

- September 12, 2017 - One day before Plaintiffs had expected to receive the government's response to Plaintiffs' points raised in their Local Rule 37-1 letter, the government requested an extension until September 18, 2017.  (Second Smith Decl., Ex. 7.)  Plaintiffs agreed to provide this extension.  (*Id.*)

- September 15, 2017 - Three days before the extended deadline, the government asked for *another extension*, this time until September 20, 2017.  (*Id.*)

- September 19, 2017 - One day before Plaintiffs expected to receive the government's responses to Plaintiffs' Rule 37-1 Letter—the government *again* asked for an extension until September 25, 2017, this time simply because "[t]here just are a lot of moving pieces and we will require additional time . . . " (*Id.*)  Again, Plaintiffs agreed to provide the requested extension.  (*Id.*)

- September 25, 2017 - Plaintiffs finally received the government's response to Plaintiffs' Rule 37-1 letter.  (First Smith Decl., Ex. 3.)

- October 26, 2017 - Plaintiffs served their portion of the joint stipulation on the government by email.  (First Smith Decl., Ex. 1.)

**E. The Government Failed to Provide Its Portion of the Joint Stipulation By the Parties' Agreed-Upon Deadline**

The Local Rules required the government to serve its portion of the joint stipulation on Plaintiffs within 7 days on November 2, 2017.  L.R. 37-2.2.  On October 31, 2017, the government requested an 18-day extension on-top of the 7 days already contemplated by the Local Rules, for a total of 25 days.  (First Smith Decl., Ex. 1.) After multiple counteroffers were exchanged between the Parties, Plaintiffs proposed an extension until November 8, 2017, and explained that they wanted to file the joint stipulation on November 9, to secure a hearing 21-days later on November 30.  The government accepted, responding,  "we do appreciate the professional courtesy as to the deadline for our portion of the joint stipulation. . . . "  (First Smith Decl., Ex. 1.)

On the November 8 deadline, despite repeated emails between the Parties' counsel, the government did not mention its portion of the joint stipulation, nor did they request another time extension.  (First Smith Decl. ¶ 6.) Not until the day following the missed deadline did Plaintiffs file this motion to compel after alerting the government that Plaintiffs would file the joint stipulation without the government's portion included. Due to the government's failure to serve, Plaintiffs had to follow the Local Rule's 37-2.4 requirement to file a regularly noticed motion in those circumstances—which forced Plaintiffs to provide 28 instead of 21 days' notice, and to select a December 7 hearing instead of the November 30 hearing.  To the extent that the government intentionally failed to serve its portion of the joint stipulation to force this outcome, the Court should not permit such gamesmanship of the joint stipulation process.

**F. Since Plaintiffs Filed Their Motion To Compel, The Government Has Provided Only Vague Promises That Do Little To Nothing To Resolve Plaintiffs' Motion to Compel**

Six days after Plaintiffs filed their motion to compel, the government sent an email to Plaintiffs with the subject line, "Defendants have withdrawn the argument that there should be no discovery in this case."  (Second Smith Decl., Ex. 4.)  In that email,

1  the government requested a call to "discuss how discovery should proceed, and the
2  parameters for discovery . . . " (*Id.*)

3      When the Parties held the requested call, the government reiterated that it was
4  withdrawing the argument that no discovery was appropriate. (*See* Second Smith Decl.,
5  Ex. 4.) The government stated that it planned to produce a limited set of documents
6  concerning the implementation of the preliminary injunction. However, it was unable to
7  point to any specific discovery request it would be willing to respond to if Plaintiffs'
8  were to withdraw their motion. (*See id.*) Still, the government asked if the Plaintiffs
9  would be willing to withdraw their motion to compel. (*See id.*) Plaintiffs explained that
10 without having received any responsive documents or interrogatory answers from the
11 government, it would be inappropriate to withdraw their motion at that time, as it
12 appears that most of the Parties disputes will remain unresolved. (*See id.*)

13     Although the government has claimed that they will serve amended responses and
14 objections by November 29, 2017, and will begin producing on a rolling basis a limited
15 and yet-to-be-identified set of documents on December 1, 2017, the government still has
16 been unable to provide meaningful guidance as to how it will amend its responses and
17 objections and precisely what discovery it will be providing. (*See* Second Smith Decl. ¶
18 4.) This underscores that the government has done little to nothing to comply with its
19 discovery obligations in the five months since Plaintiffs served their requests. Based on
20 the limited information the government has provided, it appears that the vast majority of
21 the Parties' disputes about Plaintiffs' discovery will remain unresolved before the
22 December 7 hearing on this Motion.

23                       **ARGUMENT**

24 **I.  Plaintiffs' Motion To Compel Is Necessary Because The Government Has
25 Not Provided *Any* Discovery to Date and Failed to Participate In the Joint
    Stipulation Process**

26     The government suggests that Plaintiffs' motion to compel should be denied as
27 "unnecessary" for three reasons. (Defs.' Opp'n to Pls.' Mot. to Compel Disc., Dkt. 125
28 ("Opp'n") at 11-12.) None are legitimate.

13

*First*, the government contends that Plaintiffs should not have filed this motion to compel because the government had informed Plaintiffs that they were in the midst of "work[ing] with their clients to revisit their prior position on what discovery is warranted in this case." (Opp'n at 11.)  The fact that the government was "revisiting" its position provides Plaintiffs with no assurances that the government would in fact provide the disputed discovery, particularly given the government's history of avoidance and delay.  A motion to compel is therefore warranted.  Proving the point, it was not until *after* Plaintiffs filed this motion to compel that the government notified Plaintiffs that they were withdrawing their frivolous position that Plaintiffs were not entitled to *any* discovery.  Even now, it is clear that the government's change in position will leave the vast majority of discovery disputes unresolved.  The government has represented that they will only provide a limited, yet-to-be-identified set of documents concerning the implementation of the preliminary injunction and associated burdens.  However, most of Plaintiffs' requests seek information on the government's policies and practices, and the application of those policies and practices to class members.

*Second*, the government asserts that "Plaintiffs' Counsel failed to give Defendants' Counsel a good faith opportunity to comply with th[e] requests." (Opp'n at 11.)  This is nonsense.  The government's counsel has had 5 months, since June 2017, to work with their agency clients on Plaintiffs' discovery requests.  During that time, the government instead made repeated, unsuccessful motions to stay discovery and engaged in other delay tactics to avoid their discovery obligations, oftentimes in disregard for their obligations under the Federal and Local Rules. (*See supra* Section B.)  Even assuming there was some basis for these delay tactics (which there was not), the government has had well over a month since Judge Bernal expressly rejected the "no discovery" argument to begin producing documents and answering interrogatories.  Because the government therefore had plenty of time to mull things over with their clients, Plaintiffs were more than justified in moving to compel, and insisting that the

1  government follow the joint stipulation rules and abide by the Parties' agreed-upon

2  deadline for the government to provide their response.

3      *Third*, the government points to the fact that the Parties "had already been

4  conferring and nearly reached an agreement on the draft" ESI protocol, Claw back

5  order, and protective order, but these negotiations provide no excuse for the

6  government's refusal to produce documents.   The problem is that the government has

7  not agreed to produce documents, and that exists independent of and regardless the

8  Parties' progress on these proposed orders.  The government has an independent

9  obligation to respond to Plaintiffs' requests for production, to which they failed to

10  comply for over five months.  Plaintiffs' motion to compel is therefore warranted.[3]

11  **II.   The Government Mischaracterizes the Record By Suggesting That the**
12  **Parties Had Not Reached An Impasse After Extensive Meeting and**
    **Conferring**

13      The government states that "conferring with the opposing party is a prerequisite

14  to any successful Rule 37 motion to compel."  (Opp'n at 10.)  Plaintiffs more than

15  satisfied that prerequisite, as Parties have been meeting and conferring, with practically

16  no success, for nearly two months, and the Parties had reached an impasse on all issues.

17      Under Federal Rule 37, a party need only show a *good faith attempt* to confer to

18  bring a motion to compel.  Fed. R. Civ. P. 37(a)(1).  Therefore, when parties attempt to

19  meet and confer, but reach an impasse in negotiations, the meet and confer requirement

20

21  [3] The government's cited case, *Safouane v. Hassett*, No. C00-0621-JCC, 2009 WL
22  927726, at *3 (W.D. Wash. Apr. 1, 2009), is inapposite. There, the court held the
    motion to compel appeared to be premature because "[p]laintiffs indicated . . . that they
23  would supplement their [discovery] answers once a protective order was in place to
    protect confidential information" and had the government not refused to stipulate to a
24  protective order "they may well have avoided the need to file their Motion to Compel."
    In addition, the court noted that the parties likely had "not yet reached an impasse with
25  respect to at least some of Plaintiffs' other objections."  Here, in contrast, the Parties
    reached an impasse on all requests after meeting and conferring for two months.  (*See*
26  *supra* Section D, *and infra* Section II.)  Moreover, unlike the plaintiff in *Safouane* who
    agreed to produce documents, albeit subject to reaching an agreement on a protective
27  order, the government here had not agreed to produce any documents before Plaintiffs
    filed their motion to compel.  And even now, the government has only provided vague
28  assurances that it will produce a limited set of documents—which will not satisfy all of
    the disputed document requests.

1    is satisfied. *See Laryngeal Mask Co. v. Ambu A/S*, Civil No. 07cv1988-DMS(NLS),

2    2009 WL 9530358, at *2-3 (S.D. Cal. Feb. 26, 2009) (explaining that good faith but

3    failed attempts to reach agreements on discovery issues were sufficient to satisfy the

4    meet and confer requirement of Rule 37); *Kannaday v. Ball*, 292 F.R.D. 640, 643 (D.

5    Kan. 2013) (noting that a motion to compel was proper where parties reached an

6    impasse on discovery issues).[4]

7        The government's cited authorities are not to the contrary.  In *Smyth v. Merchs.*

8    *Credit Corp.*, No. C11-1879RSL, 2012 WL 5914901, *1 (W.D. Wash. Nov. 16, 2012),

9    *Tapia v. Huntington Park Police Dept.*, No. CV 09-07624 VBF (SSx), 2010 WL

10   11549657, *1 (C.D. Cal. May, 5, 2010), and *United States ex rel. Pogue v. Diabetes*

11   *Treatment Ctrs. of Am., Inc.*, 235 F.R.D. 521, 529-30 (D.D.C. 2006), the courts merely

12   explained that a party must engage in a "good faith" attempts to meet and confer, as

13   required by the rules, before bringing a motion to compel.

14        Unlike in those cases, the Parties here reached an impasse.  This impasse was

15   evidenced by the government maintaining the vast majority of their discovery

16   objections, and both Parties having agreed to a schedule for the government to serve its

17   portion of the joint stipulation.  (First Smith Decl., Exs. 1, 3.)  Tellingly, in the time

18   since Plaintiffs served their portion of the joint stipulation, the government never even

19   intimated that the Parties had not reached an impasse on the disputed discovery

20

21   [4] Even in the absence of a formal meet and confer, courts find the meet-and-confer
requirement satisfied when the non-moving party fails to actively participate in the
22   discovery process.  The same logic should apply here since the government has still not
provided its portion of the joint stipulation and therefore has failed to participate in the
23   discovery process. *See Black Hills Molding, Inc. v. Brandom Holdings, LLC*, 295
F.R.D. 403, 409-410 (D.S.D. 2013) (explaining that the meet and confer requirement
24   was satisfied where the moving party made repeated attempts to contact opposing
counsel to resolve discovery requests and waited for the response until after the
25   proposed deadline to file the motion); *Ashford v. E. Coast Express Eviction*, 245 F.R.D.
36, 38 (D.D.C. 2007) (noting that the meet and confer requirement was satisfied where
26   party's requests had "repeatedly been met with silence and resistance"); *Schudel v.*
*Searchguy.com, Inc.*, No. 07cv695-BEN (BLM), 2008 WL 11337244, at *4 n.3 (S.D.
27   Cal. Aug. 21, 2008) (finding that the meet and confer requirement was satisfied where
the moving party attempted to obtain discovery information, and though the non-
28   moving party assured that they would provide the requested information, they never
did).

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

1  requests.  Indeed, it was not until the government was in need of excuse for why it failed

2  to comply with the joint stipulation process that it now asserts—without any testimony

3  or documentary evidence—that the Parties "were in the process of resolving the

4  discovery disputes without judicial intervention" when Plaintiffs brought their motion to

5  compel.  (Opp'n at 12; *see also id.* at 14.)

6          While the government now provides vague assurances that it will provide

7  Plaintiffs with some of the requested discovery and that the Parties should continue to

8  meet and confer after the government serves amended discovery responses and

9  objections on November 29 and begins producing documents on a rolling basis on

10  December 1, Plaintiffs need not continue endless iterations of negotiations in perpetuity,

11  particularly with only five months remaining in the discovery period.  *See Laryngeal*

12  *Mask Co.*, 2009 WL 9530358, at *3 (explaining that "Rule 37 does not require a party

13  respond to every repetition of previously rejected arguments."); *see also Schudel*, 2008

14  WL 11337244, at *4 n.3.  Having made a good faith attempt to meet and confer and

15  resolve the disputes between the Parties, Plaintiffs have more than satisfied their Rule

16  37 meet and confer obligations.  *See Laryngeal Mask Co.*, 2009 WL 9530358, at *3.

17  **III.   The Government Misled This Court By Omitting That It Agreed To and**
18  **Then Missed The Deadline to Serve Its Portion of the Joint Stipulation**

19          Under Local Rule 37-2.2, the government was obligated to provide its portion of

20  the joint stipulation 7 days after Plaintiffs served theirs—unless the "parties agreed

21  otherwise."   The Parties expressly agreed otherwise, setting a November 8, 2017,

22  deadline—which nearly doubled the amount of time the government otherwise had to

23  respond under Local Rule 37-2.2.  (*See supra* Section E.)   Indeed, in response to

24  Plaintiffs saying, "we can only give you until **Wednesday, November 8** to return

25  defendants' portion of the joint stipulation," the government's counsel responded that

26  "we do appreciate the professional courtesy as to the deadline for our portion of the joint

27  stipulation." (First Smith Decl. Ex. 1 (emphasis in original)).

28

1    The government now attempts to excuse its failure to meet that agreed-upon

2    November 8 deadline by saying that *prior to* agreeing to the deadline, the government

3    had requested an extension until November 20 to resolve discovery disputes, which

4    Plaintiffs "rejected outright." (Opp'n at 13.)  Given the subsequent express agreement

5    on the deadline, the government's original request for a November 20 deadline is

6    irrelevant.    In any event, Plaintiffs were under no obligation to agree to the

7    government's request for further delay, particularly given the government's history of

8    avoiding and delaying discovery.  Local Rule 37-2 is clear.  The government was

9    required to serve its portion of the joint stipulation within 7 days unless the Parties

10   "agreed otherwise."   The Parties did not agree on the government's request for an

11   extension until November 20.  Therefore, if the government needed that extra time, it

12   was required to seek leave from the Court.  And while the government may have been

13   willing to come back to the negotiating table *after* being served with the motion to

14   compel, that is not a legitimate excuse for not seeking the Court's leave for more time

15   and not complying with the Parties' agreed-upon deadline.  It also does not preclude

16   Plaintiffs from exercising their right to file the motion to compel—which Plaintiffs did

17   here a full day after the government had missed the agreed-upon deadline.[5]

18   Despite failing to meet their agreed-upon deadline, the government now

19   complains that meeting discovery deadlines—even when extended beyond those

20   contemplated by the Local Rules—is too difficult to accomplish.  As supposed evidence

21   for that contention, the government points to the "46 issues, and required coordinated

22

---

23   [5] The government wrongly suggests that Plaintiffs' action in filing the motion to compel
     was unsavory because "Plaintiffs' Counsel informed Defendants' Counsel, after the

24   close of business . . . the evening before a federal holiday when the government was
     already closed - that they planned to file their Motion to Compel without Defendants'

25   portion of the Joint Stipulation, and promptly filed their Motion to Compel the same
     evening." (Opp'n at 14.)  First, Plaintiffs had previously notified the government that

26   Plaintiffs would file the motion to compel on that specific day to secure the desired
     November 30 hearing day; thus, the filing should have come as any surprise to the

27   government. (First Smith Decl. Ex. 1.)  Second, the notice of intent to file was provided
     as a courtesy to ensure that size limitations on incoming email or other technical issues

28   did not somehow prevent the government's portion of the joint stipulation from
     reaching Plaintiffs.

18

1  responses from multiple government Departments and agencies" as justification for its

2  failure to meet its own agreed-upon deadline.  (*See* Opp'n at 13.)  However, courts have

3  made clear that "case management challenges do not qualify as substantial justification

4  for discovery violations."  *Net-Com Servs., Inc. v. Eupen Cable USA, Inc.*, No. CV 11-

5  2553 RSWL (SSx), 2012 WL 12888328, *2 (C.D. Cal. June 19, 2012) (citing *Pineda v.*

6  *City & Cty. of S.F.*, 280 F.R.D. 517 (N.D. Cal. 2012)).

7       To the extent that the government believes that, as the United States government,

8  it is entitled to more lenient rules and flexible timelines when responding to discovery

9  requests, it is mistaken.  As the Ninth Circuit has made clear, "when the United States

10 comes into court as a party in a civil suit, it is subject to the Federal Rules of Civil

11 Procedure as any other litigant."  *Mattingly v. United States*, 939 F.2d 816, 817 (9th Cir.

12 1991); *United States ex rel. Smith v. Gilbert Realty Co.*, 34 F. Supp. 2d 527, 532 (E.D.

13 Mich. 1998) (same); *see also United States v. Gavilan Joint Cmty. Coll. Dist.*, 849 F.2d

14 1246, 1251 (9th Cir. 1988) (noting that the government "must follow the Federal Rules

15 of Civil Procedure when litigating civil matters in the federal courts"); *Exxon Shipping*

16 *Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 780 (9th Cir. 1994) ("[D]istrict courts should

17 apply the federal rules of discovery when deciding on discovery requests made against

18 government agencies, whether or not the United States is a party to the underlying

19 action.").  Thus, the government's suggestion that bureaucratic coordination somehow

20 exempts it from complying with the Federal and Local Rules is baseless.  Accordingly,

21 the government must respond to Plaintiffs' discovery requests as any other party

22 would—and in a timely manner.

23 **IV.  A Court Order Compelling Discovery Is Required, Because the**
24 **Government's Conclusory and  Belated "Assurances" to Provide Discovery**
   **Are Insufficient**

25      While the government argues that with a few more weeks the Parties will likely

26 be able to resolve their disputes, they have provided no basis for their contention.  Not

27 only have the Parties attempted to meet and confer for months to no avail, but the the

28 government has a long history of promising progress in exchange for time extensions—

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

1  only to fail to deliver.  Most notably, and as discussed above, the government made the

2  same promise concerning their need for an extension to provide discovery responses in

3  the first instance.  The government assured the Plaintiffs that with two additional weeks,

4  they would be able to provide substantive responses to Plaintiffs' discovery requests.

5  (Second Smith Decl., Ex. 5 ("Would you be opposed to the two-week extension [for

6  providing discovery responses] that we requested? I believe you both mentioned that

7  you'd be amenable to such a request if it was to permit us time to work with the agency

8  on substantive responses.").)  Now, the govenrment urges, once again, that with two

9  additional weeks, it will be able to resolve the relevant discovery disputes underlying

10 the Plaintiffs' motion to compel even though they apparently believe that only "some

11 discovery" is appropriate.  (Opp'n 15-16.)

12      Plaintiffs need not wait indefinitely to seek judicial assistance, based on the

13 government's unsupported assurances that disclosures are forthcoming.  *See Schudel*,

14 2008 WL 11337244, at *4 n.3.  Despite repeated assurances and repeated deadline

15 extensions over the course of several months, the government has still failed to produce

16 even a single document, respond to a single interrogatory, or inform Plaintiffs as to

17 which requests for production or interrogatories the government ever intends on

18 responding to.  The government's *post hoc* withdrawal of its categorical objection to *all*

19 discovery, communicated to Plaintiffs only after they filed their motion to compel and

20 over a month after Judge Bernal explicitly stated that "some discovery of some kind

21 should be conducted," cannot form a basis for allowing the government to again delay

22 discovery in this case.  (*See* Second Smith Decl., Ex. 3 at 5:21-25.)  Even were the

23 government's assurances to be believed, this withdrawal does not provide any guidance

24 as to the specific discovery requests the government intends to provide responses for.

25 Furthermore, based on the limited information currently provided by the government to

26 Plaintiffs, it appears that the vast majority of the Parties' disputes remain unresolved.

27 Without further guidance from the government, the Parties cannot be said to be

28 progressing towards resolution without judicial intervention.

**V.    The Court Should Award Plaintiffs Their Expenses, Including Attorneys' Fees, In Preparing This Motion and Preparing Their Portion of the Joint Stipulation**

Upon granting a motion to compel, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). In addition, Local Rule 37-4 provides that [t]he failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions." If the Court is inclined to grant Plaintiffs' motion, an award of expenses is proper here.

Courts in the Central District regularly find that when a non-moving party fails to participate in the Local Rule's joint stipulation process, the non-moving party may be sanctioned. *See Net-Com Servs., Inc.*, 2012 WL 12888328, at *3 (finding a motion to compel and sanctions of $1800 proper where the non-moving party "did not comply with or even acknowledge . . . requests and utterly failed to cooperate with Defendant in filing a Joint Stipulation" (emphasis omitted)); *Erichsen v. Cty. of Orange*, No. CV 14-2357 JAK (SS), 2016 WL 6921610, at *6, 8 (C.D. Cal. Mar. 31, 2016) (finding a motion to compel and sanctions paying out relevant attorneys' fees proper where the non-moving party failed to file their portion of the joint stipulation and constantly "delay[ed] or completely impede[d]" the discovery process).

The government's failure to participate in the joint stipulation process appears to be no mistake or inadvertence but rather yet another attempt to avoid and delay providing discovery. Tellingly, to date, the government has not even attempted to explain *why* it missed the agreed-upon deadline. An answer may be found, however, in the government's recent indication that it may move for yet another "stay pending appeal" should the government receive authorization from the Solicitor General to "appeal" the Ninth Circuit's opinion affirming the preliminary injunction. (Dkt. 126 at 1, n.1.) Given the government's past history, its apparent strategy here is to buy more

21

1   time until it can move a *fifth* time to try to obtain a stay of discovery pending appeal.

2   Such gamesmanship should not be tolerated.

3                                   **CONCLUSION**

4          For the foregoing reasons, Plaintiffs request that this Court grant Plaintiffs'

5   Motion to Compel Certain Responses to Plaintiffs' First Sets of Requests for Production

6   and Interrogatories, and order the government to produce all responsive, nonprivileged

7   documents and to answer all interrogatories within fourteen (14) days of this Court's

8   order, without objections.  In addition, the Court should award Plaintiffs their

9   reasonable expenses incurred in bringing this motion and preparing their portion of the

10  joint stipulation, including attorneys' fees, pursuant to Rule 37(a)(5)(A) and Local Rule

11  37-4.

12

13  DATED: November 22, 2017

14

15                          Respectfully Submitted,

16

17                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

18                          By:  _____*/s/  Douglas A. Smith*_____
                                       Douglas A. Smith
19

20                          Attorney for Plaintiffs Hernandez and Matias, and a
                            certified class of similarly situated individuals
21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL