| | | | |
|---|---|---|---|
| Case No. | EDCV 16-620-JGB (KKx) | Date: | December 1, 2017 |
| Title: | *Xochitl Hernandez, et al. v. Jeff Sessions, et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Granting Plaintiffs' Motion to Compel [Dkt. 122] and Vacating the December 7, 2017 Hearing

On November 9, 2017, Plaintiffs Xochitl Hernandez and Cesar Matias, for themselves and on behalf of a certified class of similarly situated individuals ("Plaintiffs") filed a Motion to Compel seeking supplemental responses and production of responsive documents without objection to (1) Interrogatory Nos. 1 through 5 from defendant Department of Justice ("DOJ"); (2) Interrogatory Nos. 1 through 8 from defendant Department of Homeland Security ("DHS"); (3) Request for Production Nos. 1 through 9 from defendant DOJ; and (4) Request for Production Nos. 1 through 15 from defendant DHS ("Motion to Compel"). ECF Docket No. ("Dkt.") 122. Plaintiffs also request an award of reasonable attorney's fees incurred in preparing the Motion to Compel. For the reasons set forth below, Plaintiffs' Motion to Compel and request for fees are GRANTED. The hearing currently set for December 7, 2017 is hereby VACATED.

///
///
///
///
///
///
///
///

# I.
# BACKGROUND

On April 6, 2016, Plaintiffs filed the Complaint in the instant action against the following individuals in their official capacity: (1) U.S. Attorney General Jefferson B. Sessions III[1]; (2) Acting Director of the Executive Office for Immigration Review James McHenry; (3) Acting Secretary of DHS Elaine C. Duke; (4) Acting Director of Immigration and Customs Enforcement ("ICE") Thomas D. Homan; (5) Field Office Director of the Los Angeles Field Office of ICE David Jennings; (6) Warden of the Adelanto Detention Facility James Janecka; (7) Jail Administrator of the Santa Ana City Jail Christina Holland; (8) Chief of the Santa Ana City Department Carlos Roja; (9) Captain of the Orange County Sheriff's Department ("OCSD") Jon Briggs; (10) OCSD Captain Mike Krueger; and (11) OCSD Sheriff Sandra Hutchens. Dkt. 1, Compl. On April 22, 2016, Plaintiffs filed a Motion to Certify the Class. Dkt. 24. Plaintiffs are a class of non-citizens in removal proceedings, detained under 8 U.S.C. § 1226(a) in the Central District of California, who the government has already determined are neither dangerous nor enough of a flight risk to require detention without bond, but who remain detained because they are unable to afford bond in the amount set by the immigration officials. Id.

On May 19, 2016, Plaintiffs filed a Motion for Preliminary Injunction against the government's policy of failing to require immigration officials to consider financial circumstances and alternative conditions of release at bond hearings. Dkt. 45. On June 10, 2016, Defendants filed a Motion to Dismiss. Dkt. 59. On November 10, 2016, the Court issued orders denying Defendants' Motion to Dismiss, granting Plaintiffs' Motion to Certify the Class, and granting Plaintiffs' Motion for Preliminary Injunction. Dkts. 84, 85.

On December 9, 2016, Defendants appealed the order granting Plaintiffs' Motion for Preliminary Injunction. Dkt. 87. On December 9, 2016, Defendants also filed an ex parte application to stay the case pending appeal. Dkt. 88. On December 28, 2016, the Court denied Defendants' ex parte application to stay the case. Dkt. 93. However, on January 4, 2017, the Ninth Circuit issued an order staying the preliminary injunction pending appeal. Dkt. 94. On May 5, 2017, the Ninth Circuit issued an order clarifying that Defendants' "request for an administrative stay of all district court proceedings in this case is DENIED." Dkt. 105.

On June 22, 2017, Plaintiffs served Requests for Production and Interrogatories on defendants DOJ and DHS. Declaration of Douglas A. Smith ("Smith Decl."), ¶ 11, Ex. 4. The Requests for Production seek the Alien files ("A files") for each Plaintiff, various information regarding the detention and removal proceedings of detainees held during the relevant time period including ICE Risk Classification Assessments, information regarding policies, procedures, practices, forms, and training about custody and bond determinations, and information regarding the cost of conducting detention hearings and supervising detainees released on alternative bond conditions. Id. ¶¶ 12, 13, Exs. 5, 6. The Interrogatories seek

---

[1] The individuals currently holding the offices have since been substituted as Defendants in this action in place of the individuals named in the Complaint.

identification of class members, information regarding custody review procedures, the cost of detaining detainees, conducting custody determinations, and supervising detainees released on alternative bond conditions, and the failure to appear rate of detainees release on bond or alternative conditions.  Id. ¶¶ 14, 15, Exs. 7, 8.

On August 4, 2017, defendants DOJ and DHS served responses to the Requests for Production and Interrogatories.  Id. ¶¶ 12-15, Exs. 5-8.  Defendants did not agree to produce any documents or provide any substantive responses to the Interrogatories.  Id.  Rather, Defendants objected to each Request for Production and Interrogatory on numerous grounds, including ambiguity, relevance, and undue burden.  Id.

On August 7, 2017, the Court held a scheduling conference setting a discovery cut-off of April 27, 2018 and a bench trial for August 28, 2018.  Dkts. 112, 113.

On August 24, 2017, Plaintiffs' counsel sent a letter to Defendants' counsel requesting to meet and confer pursuant to Local Rule 37-1 and setting forth the deficiencies in Defendants' discovery responses.  Smith Decl., ¶ 9, Ex. 2.

On August 28, 2017, Defendants filed a second Motion to Stay discovery pending the appeal of the preliminary injunction.  Dkt. 115.

On September 25, 2017, Defendants' counsel sent a letter to Plaintiffs' counsel responding to the August 24, 2017 request to meet and confer.  Smith Decl., ¶ 10, Ex. 3.

On October 2, 2017, the Ninth Circuit affirmed the preliminary injunction and lifted the stay.  Dkts. 118, 119.  On that same day, at a hearing before the Court, Defendants withdrew the Motion to Stay discovery.  Dkt. 120.  In addition, the Court clarified that it had imposed a discovery deadline as part of the scheduling order because the case did not appear to present a purely legal issue and "some discovery of some kind should be conducted."  Declaration of Douglas A. Smith in support of Plaintiffs' Reply ("Smith Reply Decl."), ¶ 7, Ex. 3.

On October 26, 2017, Plaintiffs' counsel emailed Defendants' counsel Plaintiffs' portion of the Joint Stipulation in connection with the instant Motion to Compel.  Smith Decl., ¶ 8, Ex. 1.  On October 31, 2017, two days before Defendants' portion of the Joint Stipulation was due, Defendants' counsel requested an extension until November 20, 2017.  Id.  On November 2, 2017, Plaintiffs' counsel denied the extension request, but offered to extend the deadline to November 6, 2017.  Id.  Defendants' counsel responded requesting until November 9, 2017, and Plaintiffs' counsel responded by granting Defendants' counsel until November 8, 2017.  Id.  Defendants' counsel acknowledged the November 8, 2017 deadline; however, as of November 9, 2017, Defendants' counsel had not provided Defendants' portion of the Joint Stipulation.  Id.

On November 9, 2017, Plaintiffs filed the instant Motion to Compel.  Dkt. 122.  On November 16, 2017, Defendants filed an Opposition arguing the Motion to Compel is "unnecessary" because "the parties met and conferred in good faith on multiple occasions,"

Plaintiffs rejected Defendants' request for an extension of time "to resolve the discovery disputes," and Defendants' counsel "continues to reach out to Plaintiffs' Counsel in good faith, and acknowledge that some discovery is appropriate." Dkt. 125. On November 22, 2017, Plaintiffs filed a Reply. Dkt. 128. The Court finds the Motion to Compel suitable for decision without oral argument. The matter thus stands submitted.

## II.
## PLAINTIFFS' MOTION TO COMPEL IS GRANTED

**A.  APPLICABLE LAW**

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)). "[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper - especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (citing Paulsen v. Case Corp., 168 F.R.D. 285, 289 (C.D. Cal. 1996)).

Lastly, pursuant to Local Rule 7-12, a party's failure to oppose a motion may be deemed consent to the granting of the motion. L.R. 7-12.

///

**CIVIL MINUTES—GENERAL**                Initials of Deputy Clerk ___

B.     DISCUSSION

      First, Defendants fail to provide any justification for their failure to comply with the Joint Stipulation requirement.  Moreover, Defendants appear to abandon their objections to the Requests for Production and Interrogatories by failing to support the objections or make any arguments regarding specific discovery requests in their Opposition.  See Rawcar Grp., LLC v. Grace Med., Inc., No. 13-CV-1105-H (BLM), 2013 WL 12076572, at *3 (S.D. Cal. Dec. 16, 2013) (noting defendants' failure to specifically oppose plaintiffs' arguments or support their objections with declarations or exhibits and finding the discovery sought was reasonable).  In fact, Defendants "acknowledge that some discovery is appropriate," but fail to specify the scope of that acknowledgment.  Pursuant to Local Rule 7-12, Defendants' failure to oppose is deemed consent to accepting Plaintiffs' argument that the objections are meritless.

      Defendants' sole argument in opposition to Plaintiffs' Motion to Compel is that it is "unnecessary" because the parties were in the process of meeting and conferring "in good faith."  However, "Rule 37 does not require a party respond to every repetition of previously rejected arguments."  Laryngeal Mask Co. v. Ambu A/S, No. 07-CV-1988-DMS (NLS), 2009 WL 9530358, at *3 (S.D. Cal. Feb. 26, 2009).  Here, Plaintiffs' counsel sent a first letter attempting to meet and confer as early as August 24, 2017, which Defendants' counsel did not respond to until September 25, 2017.  Smith Decl., ¶¶ 9-10, Exs. 2, 3.  Plaintiffs' counsel waited another month before sending Defendants' counsel Plaintiffs' portion of the Joint Stipulation.  Then, Plaintiffs' counsel granted Defendants an extension to provide their portion of the Joint Stipulation, which Defendants failed to provide.  Any confusion about a potential stay of discovery was resolved at the October 2, 2017 hearing, leaving at least one month for Defendants to provide supplemental responses before their portion of the Joint Stipulation was due on November 8, 2017.  However, there is nothing in the record showing Defendants made a good faith effort to meet and confer prior to the filing of the instant Motion to Compel.  In addition, Defendants do not appear to have served supplemental responses or produced any documents as of this date.  Hence, the Motion to Compel does not appear to be "unnecessary."

      Plaintiffs' discovery requests appear to seek information relevant to determining the scope of the class and application of the specific policies and procedures at issue.  To the extent Defendants continue to argue that no discovery is appropriate because resolution of the Complaint involves a "purely legal issue," the Court has previously stated the Complaint does "not appear to present a purely legal issue."  Smith Reply Decl., ¶ 7, Ex. 3.

      Therefore, Plaintiffs' Motion to Compel is GRANTED.

///
///
///
///
///
///

# III.
# PLAINTIFFS' REQUEST FOR EXPENSES IS GRANTED

**A. APPLICABLE LAW**

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), if a discovery motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

In addition, the Local Rules provide strict procedures with which counsel must comply in bringing or opposing a discovery motion, including requiring a pre-filing conference of counsel and joint stipulation, and specifically provide that "[t]he failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions." L.R. 37-4.

**B. DISCUSSION**

Here, Defendants failed to participate in the preparation of a joint stipulation, or oppose any specific request in the Motion to Compel. Further, Defendants' failure to respond to discovery is not substantially justified. Thus, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and Local Rule 37-4, Plaintiffs' request for an award of reasonable expenses incurred in connection with compelling Defendants to comply with their discovery obligations is GRANTED in an amount to be determined after further briefing. Plaintiffs' counsel may file a declaration regarding the amount reasonably incurred as a result of Defendants' failure to timely respond to discovery **within seven (7) days of the date of this Order**. Defendants may file objections to Plaintiffs' counsel's declaration **no later than three (3) court days** after Plaintiffs' counsel's declaration is filed and served.

# IV.
# CONCLUSION

Based upon the foregoing reasons and Defendants' failure to oppose Plaintiffs' Motion to Compel, **IT IS THEREFORE ORDERED** that:

(1) Plaintiffs' Motion to Compel is **GRANTED**;

(2) ***Within fourteen (14) days of the date of this Order***, Defendants DHS and DOJ shall provide to Plaintiff supplemental responses to the Requests for Production and Interrogatories and produce all responsive documents;

(3) Plaintiffs' counsel may file a declaration regarding the amount reasonably incurred as a result of Defendants' failure to timely respond to discovery **within seven (7) days of the date of this Order**. Defendants may file objections to Plaintiffs' counsel's declaration **no later than three (3) court days** after Plaintiffs' counsel's declaration is filed and served; and

(4) The hearing on Plaintiffs' Motion to Compel set for December 7, 2017 is VACATED.