1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11
12
13
14
15
16
17
18
19
20
21

| | |
|---|---|
| XOCHITL HERNANDEZ, CESAR MATIAS, for themselves and on behalf of a class of similarly-situated individuals,<br><br>        Plaintiffs-Petitioners,<br><br>v.<br><br><br>JEFFERSON SESSIONS, U.S. Attorney General, et al.,<br><br>        Defendants-Respondents. | CIVIL ACTION NO. 5:16-00620-JGB-KK<br><br>[~~PROPOSED~~] STIPULATED OMNIBUS DISCOVERY ORDER<br><br><br>Judge: The Honorable Jesus G. Bernal<br>Magistrate: The Honorable Kenly K. Kato<br><br>Complaint Filed:  April 6, 2016<br><br><span style="color:red">NOTE CHANGES MADE BY THE COURT</span> |

22
23
24
25
26
27
28

# STIPULATED OMNIBUS DISCOVERY ORDER

1.    A.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  The Parties may also inadvertently disclose privileged materials and anticipate producing electronically stored information.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Omnibus Discovery Order ("Order").

The Parties acknowledge that this Order does not confer, or allow a party to make, blanket confidentiality designations on disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

The Parties also desire to establish a protocol for the handling of inadvertently disclosed privileged materials.  The Parties' protocol adds to the "clawback" provisions in Federal Rule of Civil Procedure 26(b)(5)(B), and pursuant to Federal Rule of Evidence 502(d), provides for the non-waiver of privileged materials that may be inadvertently disclosed in this litigation.

The Parties also desire to establish a protocol for electronically stored information produced in this litigation.

B.  GOOD CAUSE STATEMENT

The Parties recognize that Parties' documents and databases may have information contained in or pertaining to applications for asylum, withholding of

1

removal, or protection under the Convention Against Torture, which are subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a).  The parties also note that disclosure and discovery in this action may involve information covered by various statutory and regulatory confidentiality provisions, which may limit their disclosure in this action (including but not limited to 8 U.S.C. §1186A(c)(4), 1254a(c)(6), 1304(b), 1367, 1160, 1202, and 1255a(c)(4), (5); 1104(c)(5) of the LIFE Act of 2000, Pub. Law 106-553 (December 21, 2000); 8 C.F.R. §§ 208.6, 208.16, 208.17, 210.2(e), 214.11(e), 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, 1208.6, 1208.16, and 1208.17, and 22 U.S.C. § 7105(c)(1)(C)).  In addition, the Parties recognize that Parties' documents and databases may have information that is subject to disclosure conditions pursuant to the Privacy Act, 5 U.S.C. § 552a, including information contained in individual files relating to detainees, such as "A files" and "Records of Proceedings."  The Parties also recognize that Parties' records might contain tactical and other information related to law enforcement activities not made available by the government to the general public that could be adversely used to circumvent law enforcement efforts. These records could also contain sensitive information about the relevant agencies' internal investigations, processes, procedures, staffing, priorities, resources, intelligence and/or methods, which is law enforcement sensitive and should not be released to the public.  Furthermore, Parties' documents and databases may have information otherwise sensitive and confidential, and not proper for public dissemination including, but not limited to, topics such as public safety, health, and criminal records.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to

serve the ends of justice, a protective order for such information is justified in this matter. Nothing in this Order supersedes existing independent statutory or regulatory legal obligations imposed on a Party, and this Order does not prohibit or absolve the Parties from complying with such other obligations.

Pursuant to Federal Rule of Evidence 502(d), the Court may order that the inadvertent disclosure of privileged materials in this litigation does not constitute a waiver of privilege in this litigation or in any other federal or state proceeding. And this Court has ordered stipulated electronically stored information protocols.

2.    DEFINITIONS

2.1    Action: This lawsuit - *Hernandez v. Sessions*, Case No. 5:16-cv-00620-JGB-KK (C.D. Cal.).

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "Confidential" Information, Items, or Material: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as specified above in the Good Cause Statement, and/or as further defined in subparagraph 4.4 below.

2.4    "Counsel" and "Counsel of Record": all attorneys representing the Defendants, named Plaintiffs, and class members, as well as said attorneys' support staff.

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter

pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>Non-Party:</u> any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.9 <u>Party:</u> any party to this Action, including all of its officers, officials, agents, employees, consultants, retained experts, and outside Counsel of Record (and Counsel of Record's support staffs).

2.10 <u>Producing Party:</u> a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.11 <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12 <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

3.1. This Order shall apply to discovery, pre-trial and (to the extent approved by the Court) trial and post-trial proceedings in this action, whether the documents are produced by a Party or a person or entity who is not a party to this action (a "Non-Party"). This Order binds the Parties and their respective agents, successors, personal representatives and assignees.

3.2. The protections conferred by this Order apply not only to information listed in 3.1, but also to any information copied or extracted therefrom, as well as copies, excerpts, summaries compilations, testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that would reveal information protected under this Order.

4. <u>DESIGNATING CONFIDENTIAL MATERIAL</u>

4.1     Any Party or Non-Party may designate as "Confidential" any information in a documentary form, which the Designating Party considers in good faith to contain information involving sensitive or confidential information. The Designating Party shall mark each page of each document with "Confidential," preferably at the bottom left corner of each page or as near the bottom right corner as practicable.  Wholesale or blanket confidentiality designations are not permitted. Rather, the Designating Party must make a good faith effort on a document-by-document basis to designate as "Confidential" only those documents that are truly deserving of limited disclosure under this Order.

4.2.    Any Party or Non-Party may designate information disclosed during a hearing or deposition or in other pretrial or trial proceedings as "Confidential" by so indicating on the record at the hearing or deposition and requesting the preparation of a separate transcript of such material. Additionally, a Party or Non-Party may designate in writing, within thirty days after receipt of the hearing or deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential".

Transcript pages containing material deemed "Confidential" must be separately bound by the court reporter, who must affix to the top of each such page the appropriate marking, as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

4.3.    For information produced in some form other than documentary, and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend as "Confidential." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential."

4.4.    The following information may be designated as "Confidential" pursuant to this Order:

(a) Information pertaining to applications for asylum or withholding of removal, which are subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), as well as information pertaining to: (1) applications for Temporary Protected Status under 8 U.S.C. § 1254a; and (2) information that relates to an alien who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2).

(b) Any other information that is protected or restricted from disclosure by Court order, statutes, or regulations, including but not limited to: 8 U.S.C. §§ 1160(b)(5), (6); 1186a(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.11(e), 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, and 1208.6, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure;

(c) Information contained in individual detainee files (e.g., "A files") that would be protected by the Privacy Act, 5 U.S.C. § 552a, or any other information or documents that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence, but for the exceptions for routine use outlined in the System of Records Notices for the Department of Homeland Security and the Executive Office for Immigration Review. The Parties stipulate that this Order serves as a Court Order authorizing disclosure of materials within the scope of discovery which are protected by the Privacy Act in accordance with 5 U.S.C. § 522a(b)(11) and that such materials must be designated "Confidential" and bear the mark of that designation;

(d) Names, phone numbers and email addresses of federal employees revelation of which would violate various privacy laws.

(e) any other personally identifiable information, including, but not limited to, information identified in Federal Rule of Civil Procedure 5.2 and Civil Local Rule 5.2-1.

(f) investigative files and techniques related to the integrity of the legal immigration system, suspected or known fraud, criminal activity, public safety, or national security; internal policies, processes and procedures; training materials; and/or any document that contains information that is law enforcement sensitive, for instance, information which would be protected from disclosure under the Freedom of Information Act, 5 U.S.C. § 552, et seq., under the exemption found at 5 U.S.C. § 552(b)(7)(E).

(g) Documents the parties agree are subject to this Order and records of proceedings.

4.5    The following information is not "Confidential" and therefore not subject to the restrictions applicable to protected information: (a) aggregate information concerning class members that does not permit the identification of the particular individuals to whom the information relates; (b) class member information that is subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), or the Privacy Act, 5 U.S.C. § 552a, if the class member to whom the information pertains has consented to release of the information; (c) class member information of which the individual class member has explicitly waived his or her relevant confidentiality rights or protections.

4.6    An inadvertent failure to designate qualified information or items "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material if the designation is corrected within a reasonable period of time after it is discovered. The Designating Party shall produce a properly designated copy of such qualified information within a reasonable period of time after discovering the inadvertent failure to designate. The Receiving Party, upon receipt of the properly designated copy, shall make reasonable efforts to destroy all undesignated versions of the same document and shall make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

4.7　If any portion of a document or file of Produced Material contains Confidential information, the Producing Party will mark the entire document as Confidential.  However, the designation of a document as "Confidential" does not preclude the disclosure of non-protected information in the document. If the Receiving Party seeks to utilize the Produced Material marked Confidential outside of the scope of this Order, it must confirm with the Producing Party prior to use the portions of that document that are not Confidential and the portions that are Confidential. The Producing Party will respond to the Receiving Party's inquiry within three business days of receipt, absent exceptional circumstances.

5.　CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1　Timing of Challenges. In general, a Challenging Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. However, a Challenging Party will have waived this right where a prompt challenge to the Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation.

5.2　Meet and Confer. A Challenging Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with Counsel for the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has carried out this meet and confer process first.

5.3　Judicial Intervention. A party that elects to challenge a confidentiality designation after considering the justification offered by the designating party may

bring a motion seeking judicial intervention in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement) (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

6.1    All information and materials designated "Confidential" are to be protected in original form as provided by the Disclosing Party. Any materials that contain altered, edited, summarized, or otherwise modified "Confidential" information shall be protected to the same extent as the original, subject to the uses otherwise permitted under the Order. The Confidential Items may be disclosed only to the categories of persons and under the conditions described in this Order. The Confidential Items must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to only the persons authorized under this Order.

6.2    Nothing in this Order shall limit or in any way restrict the use of information obtained outside of this litigation.

6.3    Nothing in this Order shall be deemed to restrict in any manner the use by any party of its own records.

6.4    Nothing in this Order shall be deemed to waive a party's right to assert other further privileges over the information and redact such information. For instance, a Party may withhold or redact information that is subject to a claim of privilege such as withholding classified national security information or withholding or redacting any other information subject to a claim of privilege or exemption from disclosure, including but not limited to the Deliberative Process Privilege, Law Enforcement Privilege, Attorney Client Privilege, or Attorney Work Product.

6.5    This Order shall not preclude any Party from disclosing publicly available information.

6.6    This Order shall not preclude Plaintiffs' Counsel from using the information obtained through discovery production to contact current or former class members, their attorneys or family members. Nothing in this Order shall be construed to permit Defendants to withhold names or contact information from current or former class members.

6.7    No one subject to this Protective Order shall use Confidential Information obtained in this litigation in any other proceedings, including in removal proceedings.  Confidential Information obtained in this litigation also may not be used to retaliate against, discriminate against, or harass any party, any witness, any relative or domestic partner of any Party or witness, or any individuals associated with the Parties.  It also may not be used to report or refer any individual to any governmental authorities absent a legal obligation, in which case prior written notice must be provided to all Parties in this litigation.

6.8    Except with the prior written consent of the Designating Party, or upon prior order of this Court obtained upon notice to the Designating Party, information designated "Confidential" shall not be disclosed to any person other than:

(a)    Counsel of Record;

(b)    Agency counsel of the governmental parties and members of the firms of Counsel of Record, such as partners, of counsel, associates,

paralegals, clerks, secretaries, and other staff, to whom it is reasonably necessary to disclose the information for this litigation;

(c)     Parties, but only to the extent necessary by Counsel for the prosecution or defense of this litigation and who have signed the "Agreement to be Bound by Order" that is attached hereto as Exhibit A;

(d)     Experts and consultants retained for this Litigation ("Consultants"), provided that each such Consultant shall execute a copy of the Certification appended to this Order as Exhibit A prior to receiving any Confidential Items;

(e)     The Court and its personnel;

(f)     Independent court reporters, translators, Professional Vendors and their staffs to whom it is reasonably necessary to disclose the information for this litigation, provided that the individual or an agent for each respective organization retained has signed the "Agreement to be Bound by Order" that is attached hereto as Exhibit A;

(g)     The author of the document, the original source of the information, and any individuals who were recipients of the original document at or about the time the document was created;

(h)     Any other person mutually authorized by the Parties' Counsel to examine such information with an appropriate need to know, provided that such person shall execute a copy of the Certification appended to this Order as Exhibit A prior to receiving any Confidential Items; and

(i)     Potential percipient witnesses with an appropriate need to know, provided that each such witness shall execute a copy of the Certification appended to this Order as Exhibit A prior to receiving any Confidential Items.

6.9.     Nothing in this Order shall preclude the disclosure of "Confidential" information to the class member to whom the information pertains.

7. <u>CONFIDENTIAL ITEMS SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "Confidential" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the individual or entity who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Items may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

8. <u>A NON-PARTY'S CONFIDENTIAL ITEMS SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

8.1 The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "Confidential." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

8.2     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

>    (a)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

>    (b)     promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

>    (c)     make the information requested available for inspection by the Non-Party, if requested.

8.3     If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Confidential Items.

9.     UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed a Confidential Item to any person(s) or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Item, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of the Order, and (d) request such person(s) execute the "Agreement to be Bound by Order" that is attached hereto as Exhibit A.

13

10. <u>FILING CONFIDENTIAL ITEMS</u>

10.1 The Parties agree to meet and confer over a Receiving Party's request for permission to file "Confidential" Information in the public record. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Confidential Items. A Party that seeks to file under seal any Confidential Items must comply with Civil Local Rule 79-5. This provision does not apply to the Parties' submission of "Confidential" Information to the Magistrate Judge assigned to proceed over settlement conferences in this case, provided those submissions are not filed in the public record.

10.2 Nothing in this Order precludes the disclosure of a document designated "Confidential," so long as the protected information is redacted.

10.3 Filing Confidential Items. A Party that seeks to file under seal any Confidential Items must comply with Civil Local Rule 79-5. Confidential Items may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Item at issue. If a Party's request to file Confidential Items under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

11. <u>ELECTRONICALLY STORED INFORMATION</u>

For the production of electronically stored information, the Parties agree to the protocol appended to this Order as Exhibit B.

12. <u>MISCELLANEOUS</u>

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.

Similarly, no Party waives any right to object on any ground to use in evidence any Confidential Item.

13.    DURATION OF ORDER AND FINAL DISPOSITION OF DOCUMENTS

13.1    All provisions of this Order restricting the communication or use of Confidential Items shall continue to be binding after the conclusion of this Action, unless otherwise agreed in writing by the Parties or ordered by the Court. At the conclusion of the Litigation, upon request of the Party or Non-Party who provided the Confidential Items, the Party that received the Confidential Items shall either (a) return such documents no later than 60 days after the request to the Party or Non-Party who provided such information; or (b) destroy such documents no later than 60 days after the request and certify in writing upon request of the opposing Party within 60 days of the request that the documents have been destroyed.  Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business.  Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Items. Any such archival copies that contain or constitute Confidential Items remain subject to this Order.

13.2    Notwithstanding subparagraph 14.1, Counsel of Record may maintain a complete set of discovery for their records through the final disposition of this Action, including any and all appeals or the time during which an appeal is possible, and for a period of eight (8) years after resolution of this Action or after any judgment becomes final, whichever is later, provided that such Counsel maintain the confidential nature of the discovery, as set forth in this Order.  In particular, Counsel for the United States may maintain copies of any documents designated Confidential

in their case file for this Action, and may maintain copies of any notes or summaries containing such Confidential information in their case file for this Action, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

13.3    Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

14.    <u>STIPULATED ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(D)</u>

14.1    The Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence that the production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding.  This Order applies to attorney-client privilege, work-product protections, as well as all other protection afforded by Federal Rule of Civil Procedure 26(b) and governmental privileges.  Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges.  Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.  The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2).

14.2    Disclosure of Privileged Materials.  If the Producing Party determines that a document produced, or part thereof, is subject to a privilege or privileges or is otherwise privileged, the Parties agree to follow the "clawback" provisions and process in Federal Rule of Civil Procedure 26(b)(5)(B).  If a document must be returned or destroyed pursuant to the process in Federal Rule of Civil Procedure

26(b)(5)(B), that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business.  Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine information technology and cybersecurity functions.  Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

      14.3   Meet and Confer Requirement.  If the Receiving Party intends to "present the information to the court under seal for a determination of the claims" pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), the Receiving Party will seek to meet and confer with the Producing Party before seeking relief from the Court, except in extraordinary circumstances.  The Producing Party agrees to not unreasonably delay the scheduling of this meet and confer.  Specifically, the Producing Party will agree to make at least one attorney representative, authorized to speak on behalf of the Producing Party, available for this meet and confer at a time of the Producing Party's choosing, provided such time occurs during business hours,[1] and within 72 hours of the request for the meet and confer being received by the Producing Party.

## ELECTRONICALLY STORED INFORMATION PROTOCOL

### Discovery Sequencing

      The parties agree that discovery of ESI shall proceed in the following sequenced fashion:

      To further the application of the proportionality standard set forth in Fed. R. Civ. P. 26(b)((1), requests for production of ESI and related responses should be

---

[1] For the purposes of this section, "business hours" refers to any time, Monday through Friday, excluding court holidays of the United States District Court for the Central District of California, between 8:00 AM and 6:00 PM in the Central District of California.

reasonably targeted, clear, and as specific as practicable. After receiving requests for document production, the Producing Party shall conduct a reasonable and good faith search for responsive documents and ESI as narrowed or enlarged by the Parties' future negotiations concerning search terms and custodians. A Producing Party will disclose to a Requesting Party the existence of those sources of ESI that it believes contain responsive information and that are not reasonably accessible, and, to the extent necessary, the Parties will meet and confer concerning such information that has been identified as not reasonably accessible. A Producing Party shall not have an obligation initially to search or produce from sources of ESI that it identifies as not reasonably accessible because of undue burden or cost and no such obligation will exist unless and until a showing of good cause is made by the Requesting Party that such searches and production are necessary pursuant to the Federal Rules of Evidence.

1. **Search Protocol**

The parties agree to meet and confer on search terms to locate and identify potentially responsive ESI that will be reviewed for possible production. Further, the parties agree to also discuss the potential sources that the search terms shall be run across during the meet and confer.

2. **Preservation**

The parties have or will fulfill their duty to preserve information which is potentially relevant to the claims and defenses in this case.

3. **Standard for Addressing Privilege**

The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

a. With respect to privileged or attorney work product information generated after the filing of the complaint, including activities undertaken in response to this litigation, that information is protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B), and the parties are not required to include any such information in privilege logs.

b. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

**4. <u>Anticipated Metadata Fields</u>**

| Field Name | Field Description | Populated For | Example Values |
|---|---|---|---|
| BegDoc# | Bates number of the first page of the document. | All | Prefix-0000000001 |
| EndDoc# | Bates number of the last page of the document. | All | Prefix-0000000002 |
| BegAttach | Bates number of the first page of the first document of the document family. | All | Prefix-0000000001 |
| EndAttach | Bates number of the last page of the last document of the document family. | All | Prefix-0000000004 |
| PageCount | Number of printed pages in the document. | All | 2 |

| Field Name | Field Description | Populated For | Example Values |
|---|---|---|---|
| Custodians | Names of custodians, including each individual custodian of De-Duplicated Copies, produced in format: Lastname, Firstname. Where multiple individuals share first and last name, individuals should be distinguished by an initial which is kept constant between productions. For instance: Smith, John A. and Smith, John B. | All | Smith, Jane; Smith, John A.; Smith, John B.; Taylor, Michael |
| Subject | Subject line of an e-mail. | E-mails | Text of the subject line |
| To | All recipients that were included on the "To" line of the e-mail (semi-colon delimited). | E-mails | larry.murphy@e-mail.com |
| From | The name and e-mail address of the sender of the e-mail. | E-mails | Bart.Cole@e-mail.com |
| CC | All recipients that were included on the "CC" line of the e-mail (semi-colon delimited). | E-mails | sstephens44@email.com |
| BCC | All recipients that were included on the "BCC" line of the e-mail (semi-colon delimited). | E-mails | ceo-gs@email.com |

[PROPOSED] STIPULATED OMNIBUS DISCOVERY ORDER

| Field Name | Field Description | Populated For | Example Values |
|---|---|---|---|
| Date Time Sent | Date and time an e-mail was sent. | E-mails | mm/dd/yyyy hh:mm:ss |
| Date Time Rcvd | Date and time an e-mail was received. | E-mails | mm/dd/yyyy hh:mm:ss |
| DateLastModified | Date and time the document was last modified. | E-attachments; Electronic documents | mm/dd/yyyy hh:mm:ss |
| ParentDate | For parent emails, this field will be populated with the DateSent.<br><br>For e-attachments, this field will be populated with the DateSent of their parent email.<br><br>For other electronic documents, this field will be populated with the DateLastModified. | E-mail; e-attachments; Electronic documents | mm/dd/yyyy |
| Hash | MD5 hash value of document or "de-duplication key." | All | Hash Value |
| FileName | The file name of the document, including the file extension. | E-attachments; Electronic documents | Final_Agreement.doc |
| Fileext | File extension. | E-mail; e-attachments; Electronic documents | .doc |
| Author | Author of document or email. | E-attachments; Electronic documents; Email | Last name, First name |

| Field Name | Field Description | Populated For | Example Values |
|---|---|---|---|
| Title | Information from title field. | E-attachments; Electronic documents | Text of the title field |
| NativeFilePath | The path to the corresponding native file included with a production volume. | E-mail; e-attachments; and Electronic documents | Document_12345.doc |
| TEXTPATH | The path to the corresponding OCR or extracted text file included with a production volume. | E-mail; e-attachments; and Electronic documents | Document_12345.txt |
| Redaction Status | Redaction status of document. | All | Redacted |
| PARENTID | Contains the Begdoc# value of an attachment's parent | E-attachments; electronic documents | Prefix-0000000001 |
| CONVERSATION INDEX | E-mail system ID used to track replies, forwards, etc. | E-mail | Text of the conversation index |

**5. ESI Format**

**a. Document Image Format.**

i. Image Files

- Parties shall produce ESI as Group IV black and white, single-page TIFF images at not less than 300 dpi resolution. Documents produced in color shall be produced as JPEG images, 300 dpi or higher and 24-bit color depth. Parties agree to meet and confer if it becomes necessary to produce image files in any other standard formats.

- Original document orientation shall be maintained.

ii. Image Load Files

- Every document referenced in a production image load file shall have all corresponding images, text, and data. Redacted text shall not be included in a redacted document's text file.
- The name of the image load files shall mirror the name of the delivery volume and should be .OPT files (e.g., ABC001.OPT).
- The volume names shall be consecutive (i.e., ABC001, ABC002, et. seq.).
- Every image in the delivery volume shall be contained in the image load file.
- The image key shall be named the same as the Bates number of the page.
- Load files shall not span across media (e.g., CDs, DVDs, Hard Drives, etc.), i.e., a separate volume shall be created for each piece of media delivered.

iii. <u>Metadata Load Files</u>

- The metadata load file shall use the following delimiters:
    - Field Delimiter: ¶ (ASCII 020)
    - Text Qualifier: þ (ASCII 254)
    - Multi-value Delimiter: ; (ASCII 59)
- Metadata fields that are not applicable to a document or are NULL shall be left with null values and not populated with fillers or spaces.
- The name of the metadata load file shall mirror the name of the delivery volume and shall have a .DAT extension (i.e., ABC001.DAT).
- The volume names shall be consecutive (i.e., ABC001, ABC002, et. seq.).

**b. File Naming Conventions.**

Each placeholder image file shall be named with a unique Bates Number followed by the extension ".TIF".

**c. Document Unitization.**

If hard copy documents are scanned into an electronic form, the unitization of the document and any attachments shall be maintained as it existed in the original when creating the image file. For documents that contain fixed notes, the pages will be scanned both with and without the notes and those pages will be treated as part of

the same document. The relationship of documents in a document collection (e.g., cover letter and enclosures, e-mail and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process.

### d. Production of Spreadsheets and Presentation Files.

All spreadsheet and presentation files (e.g. Excel, PowerPoint) shall be produced in the unprocessed "as kept in the ordinary course of business" state (i.e., in native format), with an associated placeholder image and endorsed with a unique Bates number. *See* Paragraph 2(b). The file produced should maintain the integrity of all source, custodian, application, embedded and related file system metadata. No alteration shall be made to file names or extensions for responsive native electronic files. Spreadsheets and presentation files that require redactions shall be produced in accordance to the specifications in Paragraph 6(f) below.

### e. Duplicates.

Where a party has more than one identical copy of an electronic document (i.e., the documents have the same hash values), the Producing Party need only produce a single copy of that document, provided that the CUSTODIANS field contains the names of the custodians of the de-duplicated documents.

### f. Redacted Documents.

Documents that contain redactions, including spreadsheets and presentation files, will be produced in single-page TIFF format with corresponding OCR text and a Concordance-delimited DAT file containing the metadata fields outlined in Paragraph 2(a)(iii) to the extent that such metadata fields are not part of the redaction. Documents that require redaction will be noted as "Redacted" in the DAT file. Documents that require redaction to any of the metadata fields will be produced with a Redaction Status "Metadata Redacted" indicating the metadata for that document has been redacted in the DAT file.

### g. Bates Numbering.

24

Each TIFF/JPEG image shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image. No other legend or stamp will be placed on the document image other than a confidentiality legend where applicable.

### h. Production Media.

A Producing Party shall produce documents that it produces in an electronic form on an encrypted CD-ROM, DVD, external hard drive, or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). Information that shall be identified on the physical Production Media shall include: (1) a reference to this case number, (2) the Producing Party's name, and (3) the production date. The Bates Number range(s) of the materials on the Production Media shall also be contained on the Production Media, and where not practicable to do so may be provided in an accompanying letter.

### i. Databases.

The parties shall meet and confer about the appropriate format for databases, should they need to be produced.

### j. Production of Other Electronic Documents.

The parties shall meet and confer to agree on the form of any production of electronic documents other than the foregoing.

DATED: December 18, 2017

Respectfully Submitted,

SKADDEN, ARPS, SLATE, MEAGHER, & FLOM LLP

By: _____/s/ Douglas A. Smith_____
        DOUGLAS A. SMITH

Attorneys for Plaintiffs Hernandez and Matias, and a certified class of similarly situated individuals

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF IMMIGRATION LITIGATION

By: _____ */s/ Adrienne Zack*_____
ADRIENNE ZACK

Attorneys for All Defendants


Dated: December 22, 2017 _

Hon. Kenly Kiya Kato
United States Magistrate Judge_____
_____

# EXHIBIT A
## AGREEMENT TO BE BOUND BY ORDER

I, _____[print or type full name], of_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Hernandez v. Sessions*, Case No. 5:16-00620-JGB-KK (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Order and understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this Action.


Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

[PROPOSED] STIPULATED OMNIBUS DISCOVERY ORDER