| | | | |
|---|---|---|---|
| Case No. | **EDCV 16-620-JGB (KKx)** | Date | January 3, 2018 |
| Title | *Xochitl Hernandez, et al. v. Jeff Sessions, et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Awarding Plaintiffs' Reasonable Attorney's Fees and Costs Re: Plaintiffs' Motion to Compel [Dkt. 122]

# I.
# INTRODUCTION

On December 1, 2017, the Court granted Plaintiffs Xochitl Hernandez and Cesar Matias, for themselves and on behalf of a certified class of similarly situated individuals ("Plaintiffs")'s Motion to Compel seeking supplemental responses and production of responsive documents without objection from defendants Department of Justice ("DOJ") and Department of Homeland Security ("DHS") ("Motion to Compel") and found an award of reasonable attorney's fees and costs to Plaintiffs was warranted. ECF Docket No. ("Dkt.") 129. On December 8, 2017, Plaintiffs filed a declaration from their counsel Douglas A. Smith seeking the sum of $34,994.00 as fees and costs incurred in preparing Plaintiffs' Motion to Compel. Dkt. 131, Declaration of Douglas A. Smith ("Smith Decl.").

On December 13, 2017, Defendants filed an objection to Plaintiffs' counsel's declaration arguing the hours worked and hourly rates charged in preparing the Motion to Compel are unreasonable. Dkt. 134.

For the reasons set forth below, the Court awards Plaintiffs reasonable attorney's fees and costs in the sum of $22,820.00.

///

# II.
# LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), if a discovery motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

When an award of attorney's fees is authorized, the court must calculate the proper amount of the award to ensure that it is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000). The moving party has the burden to produce evidence that the rates and hours worked are reasonable. See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1983).

# III.
# DISCUSSION

Here, Plaintiffs' Motion to Compel was granted in its entirety, and the Court found Defendants' failure to respond to discovery was not substantially justified. Hence, Plaintiffs' request for an award of reasonable costs and expenses incurred in bringing the Motion to Compel was granted. However, as discussed below, the Court finds the requested amounts unreasonable and, thus, reduces the sum to be awarded accordingly.

A.  **REASONABLENESS OF HOURS SPENT**

In determining the reasonableness of hours spent preparing a motion, the Court may exclude any hours that are excessive, redundant, or otherwise unnecessary. Hensley, 461 U.S. at 434. Here, the Court finds the amount of time, i.e. 44.1 hours, preparing and revising the Joint Stipulation to be excessive. Ms. Hein, a fifth-year associate at Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") spent 12.9 hours preparing the Joint Stipulation, and then an additional 18.2 hours revising the Joint Stipulation. Nevertheless, the Joint Stipulation still required 4.8 hours of revision from Mr. Smith, a tenth-year associate at Skadden; 6.4 hours of revision from Mr. Kaufman, a tenth-year attorney at the ACLU; and one hour and 49 minutes of revision from Mr. Kang, a fourth-year attorney at the ACLU. The Court recognizes the Joint Stipulation was 129 pages long and required addressing numerous objections. However, the Court finds the time Ms. Hein spent preparing, and particularly revising, the Joint Stipulation, as well as the time spent by two tenth-year attorneys to revise her work, to be excessive. Hence, the Court finds it appropriate to strike 16.2 hours from Ms. Hein's time spent revising the Joint Stipulation, and

2.4 hours of Mr. Smith's time and 3.2 hours of Mr. Kaufman's time spent revising the Joint Stipulation. See Hensley, 461 U.S. at 434.

Defendants also object that it is unreasonable for Mr. Smith, a tenth-year attorney, to spend 18.2 hours preparing a reply brief rather than assigning the work to an attorney at a lower billing rate. Dkt. 134 at 15. Plaintiffs explain Ms. Hein was not at Skadden when the Reply needed to be prepared. The Court does not fault Plaintiffs for using an attorney familiar with the case to prepare the Reply. In addition, the Court agrees with Plaintiffs that Defendants' Opposition to the Motion to Compel failed to make any attempt to argue the merits of Defendants' objections to discovery, thus requiring Plaintiffs to change focus in the Reply. Therefore, the Court finds the amount of time spent by Mr. Smith on the Reply to be reasonable.

**B.     REASONABLENESS OF COUNSELS' RATES**

To assist the Court in calculating the lodestar, the fee applicant must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895-96 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). The relevant community is that in which the district court sits. See Schwarz v. Sec'y of Health & Human Serv., 73 F.3d 895, 906 (9th Cir. 1995). Both the United States Supreme Court and California Supreme Court have held that fee awards to public interest attorneys who do not charge their clients are "calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." Blum, 465 U.S. at 895; see also Folsom v. Butte Cty. Ass'n of Gov'ts, 32 Cal. 3d 668, 683-84, 186 Cal. Rptr. 589, 652 P.2d 437 (1982) (same). "The proper reference point in determining an appropriate fee award is the rates charged by private attorneys in the same legal market as prevailing counsel." Trevino v. Gates, 99 F.3d 911, 925 (9th Cir. 1996); see also Blum, 465 U.S. at 895, n.11 ("[R]ates charged in private representations may afford relevant comparisons."). In addition, "[w]hen a fee applicant fails to meet its burden of establishing the reasonableness of the requested rates, . . . the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community." Bademyan v. Receivable Mgmt. Servs. Corp., 2009 WL 605789 at *5 (C.D. Cal. Mar. 9, 2009).

Plaintiffs' counsel seeks hourly rates of $450.00 for Ms. Hein and Mr. Kang and $605.00 for Mr. Smith and Mr. Kaufman. As evidence that these rates are reasonable, Plaintiffs' counsel attests to each attorney's experience in civil rights and class action litigation, and success in and since law school. Smith Decl., ¶¶ 3-10, 22; see United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determination in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."). Ms. Hein, who was a fifth-year associate at Skadden, is a 2012 graduate of Columbia Law School, where she was a member of the law review. Smith Decl., ¶ 6. Mr. Smith, a tenth-year associate at Skadden, is a 2006 graduate of the College of William & Mary Law School and clerked for several state and federal judges. Id. ¶ 5. Mr. Kaufman, a tenth-

year attorney and 2007 graduate of Stanford Law School, is the Deputy Director of Advocacy and the Sullivan & Cromwell Access to Justice Senior Staff Attorney with the ACLU. Id. ¶ 9. Mr. Kang, a fourth-year attorney, is a 2011 graduate from New York University Law School who clerked for two years before being admitted to the California bar in 2013. Id. ¶ 10. Mr. Smith also provides an example of a case where a federal court approved comparable rates. Id. ¶ 22.

Defendants object that the Franco-Gonzalez case submitted by Plaintiffs is irrelevant because it involved a lump-sum settlement agreement. Dkt. 134 at 16. Defendants provide a number of cases where courts in the Central District have approved lower rates. Id. at 14-15. However, those cases either involve an entirely different area of practice and/or awarded the attorneys the amount they sought. This case requires knowledge of complex civil rights litigation and class representation. Nevertheless, while Skadden is recognized in this district as "one of the largest and most well-known national firms in the country," Keegan v. Am. Honda Motor Co, Inc., No. CV10-09508-MMM (AJWx), 2014 WL 12551213, at *23 (C.D. Cal. Jan. 21, 2014), Plaintiffs fail to satisfy their burden to show that $605 is a reasonable hourly rate for Mr. Smith and Mr. Kaufman. As Defendants point out, the Franco-Gonzalez case only demonstrates a rate of $535.00 for an attorney with eight years of experience is reasonable, but contains no information regarding how much would be appropriate for an additional two years of experience.

Therefore, based on the Court's general knowledge of rates in the Los Angeles legal community, the Court finds hourly rates of $550.00 for Mr. Smith and Mr. Kaufman and $450.00 for Ms. Hein and Mr. Kang to be reasonable. See, e.g., Charlebois v. Angels Baseball LP, 993 F. Supp. 2d 1109, 1118 (C.D. Cal. 2012) (holding $450.00 was below the "high end of the market" for a sixth year class counsel practicing civil rights litigation in Southern California); Rauda v. City of L.A., No. CV08–3128–CAS (PJW), 2010 WL 5375958, at *4 (C.D. Cal. Dec. 20, 2010) (finding a range of $525 to $650 to be reasonable for attorneys who succeeded on various civil rights and tort claims).

In summary, the Court awards Ms. Hein 12.9 hours to prepare the Joint Stipulation and 2 hours to revise the Joint Stipulation at $450.00 per hour, for a total of $6,705.00; Mr. Smith 2.4 hours to review the Joint Stipulation, 2.7 hours to prepare the Motion to Compel, and 18.2 hours to prepare the Reply at $550.00 per hour, for a total of $12,815.00; Mr. Kaufman 3.2 hours to review the Joint Stipulation, and 0.7 hours to prepare the Motion to Compel at $550.00 per hour, for a total of $2,145.00; and Mr. Kang 1 hour and 49 minutes to review the Joint Stipulation, 25 minutes to meet and confer with Defendants, and twenty minutes to review the Reply at $450.00 per hour, for a total of $1,155.00. Accordingly, the Court finds an award of $22,820.00 to be reasonable under the circumstances of this case.

## IV.
## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants shall pay to Plaintiffs the sum of $22,820.00 as reasonable attorney's fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) **within thirty (30) days of the date of this Order**.