FILED
CLERK, U.S. DISTRICT COURT
8/16/2018
CENTRAL DISTRICT OF CALIFORNIA
BY: ___MG___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XOCHITL HERNANDEZ and CESAR MATIAS, for themselves and on behalf of a class of similarly-situated individuals,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, U.S. Attorney, *et al.*,<br><br>Defendants-Respondents. | ) Civil Action No. 5:16-cv-00620-JGB-KKx<br>)<br>)<br>) **Declaration of Jean King**<br>)<br>)<br>)<br>)<br>)<br>) Hon. Rosalyn M. Chapman<br>)<br>)<br>) |

I, Jean King, declare as follows:

1. I serve as the General Counsel of the Executive Office for Immigration Review (EOIR). In this capacity, I manage the Office of the General Counsel (OGC) and provide legal counsel on matters pertaining to the Immigration and Nationality Act and other laws and procedures as they relate to EOIR, among other duties. I have served in this position since 2015.

2. I have prepared this declaration to support elimination of below identified custodians from the custodian list or have the search of their documents limited to the appropriate timeframe within the relevant time period. The identified potential custodians only possess documents from outside the relevant period, are not likely to possess responsive documents because they held a position outside of the Central District of California, or are likely to possess only duplicative documents or a subset of responsive

materials due to changes in position or location. Thus eliminating these identified custodians will allow EOIR to more efficiently utilize agency resources in responding to Plaintiffs' Request for Production.

3. I herein incorporate the facts in my previous declaration, dated July 20, 2018.

## Agency Resources

4. OGC has one office in Falls Church, VA, with a current staff size of 38 federal employee attorneys and support staff. OGC supports litigation, policy, regulations, the fraud program, the attorney discipline program, FOIA, employee-labor relations, ethics, records management, and privacy for EOIR.

5. I estimate that on account of other ongoing agency demands of OGC, including competing litigation demands in the approximately 15 active class action cases with ongoing discovery, depositions, and responsive filing deadlines, only approximately six OGC employees are available to work part-time on the extensive review and technical work this case requires. Six employees represents close to sixteen percent of OGC's staff.

6. It is my understanding that there are currently 30,000 items that need to be reviewed by OGC attorneys, identified for responsiveness, and redacted for any privilege or applicable protection in accordance with both federal law and the protective order.

7. EOIR estimates that an employee can review approximately 30 items in an hour for responsiveness and privilege, including marking for privilege or other appropriate redactions. Accordingly, it will take approximately 1,000 employee hours to complete the data review of all 30,000 items.

8. Given the vast amount of items that require review, and the limited number of employees available to conduct the review, it is vital that EOIR utilize its resources efficiently by reviewing items from custodians who are most likely to possess responsive information from the relevant

time period designated by the Special Master, which extends from January 1, 2016 to the date of data collection for the specific custodian (relevant time period).

9. To that end, EOIR seeks to eliminate custodians who are unlikely to possess unique responsive material for the relevant time period or, in some instances, to limit its document search to an appropriate timeframe within the relevant time period.

## Potential Custodians

10. Judge Mary Beth Keller has served as the Chief Immigration Judge since September of 2016. Prior to her appointment as the Chief Immigration Judge, she served as the Assistant Chief Immigration Judge (ACIJ) for Conduct and Professionalism, a program that handles complaints made against Immigration Judges. EOIR acknowledges that Chief Judge Keller is likely to possess responsive documents that she generated or acquired during her tenure as Chief Judge. However, any documents she generated or acquired prior to her tenure as the Chief Immigration Judge are unlikely to be responsive. A targeted search of Chief Judge Keller's documents would be limited to the specific date range of September 21, 2016, until January 1, 2018. This timeframe starts with her tenure as Chief Judge and ends with the date that her documents were collected.

11. Judge Brian O'Leary has served in various roles during his career with EOIR. However, after stepping down as Chief Immigration Judge in July of 2015, Judge O'Leary served as a temporary board member, and has not worked in a supervisory capacity for the agency. Moreover, Judge O'Leary retired on January 31, 2016. Given that Judge O'Leary did not have oversight responsibility for any Immigration Court during the relevant time period, he is unlikely to possess responsive documents.

12. Judge Mary M. Cheng currently serves as a DCIJ for the East, and has held this position since March 13, 2017. Prior to her current position, Judge Cheng served as an ACIJ with responsibility over the New York Immigration Court from November 15, 2017 to March 13, 2017. EOIR acknowledges that Judge Cheng is likely to possess responsive

documents that were generated or acquired during her tenure as DCIJ, however, these documents are likely to be duplicative those in the possession of Judge Maggard (DCIJ-West), Judge Rooyani (ACIJ-Los Angeles), and Judge Laurent (ACIJ-Los Angeles Detained and Adelanto). EOIR believes Chief Judge Keller, DCIJ Maggard, and the ACIJs with direct responsibility for immigration courts located in the Central District of California will, based on their localized responsibilities, have a greater number and range of responsive documents in their possession, making them better custodians. If Judge Cheng is not removed from the list of potential custodians, limiting the search of her documents to the period of March 13, 2017 to January 1, 2018 (the time she has served as DCIJ-East to the date of collection) would reasonably conserve EOIR resources by limiting review to the period when she was most likely to possess documents not in the possession of all immigration judges nationwide but only those in the possession of all DCIJs nationwide.

13. Judge Michael McGoings served as DCIJ at Headquarters from October of 2009 until his retirement in July of 2017. From March of 2016 until October of 2016, Judge McGoings served as the Acting Chief Immigration Judge. EOIR acknowledges that Judge McGoings may have responsive documents that were generated or acquired during his tenure as DCIJ and Acting Chief Immigration Judge, however, these documents are likely to be duplicative of those possessed by Chief Judge Keller and DCIJ Maggard. EOIR believes Chief Judge Keller, DCIJ Maggard, and the ACIJs with direct responsibility for immigration courts located in the Central District of California will, based on their localized responsibilities, have a greater number and range of responsive documents in their possession, making them better custodians. If Judge McGoings is not removed from the list of potential custodians, the relevant timeframe for a search of Judge McGoings's documents would be limited to the timeframe when he was Acting CIJ from March 22, 2016 to October 1, 2016.

14. Judge Edward F. Kelly is currently a Board Member at the Board of Immigration Appeals. He previously served as a DCIJ at Headquarters from March 10, 2013, until January 7, 2017. EOIR acknowledges that

4

> Judge Kelly may possess responsive documents that were generated or acquired during his tenure as DCIJ, however, these documents are likely to be duplicative of those possessed by Chief Judge Keller and DCIJ Maggard. EOIR believes Chief Judge Keller, DCIJ Maggard, and the ACIJs with direct responsibility for immigration courts located in the Central District of California will, based on their localized responsibilities, have a greater number and range of responsive documents in their possession, making them better custodians. If Judge Kelly is not removed from the list of potential custodians, a targeted search of Judge Kelly's documents would be limited to the timeframe between January 1, 2016, and January 7, 2017.

15. Judge Stephen Griswold served as an ACIJ for Guidance and Publications from February 21, 2016, until his retirement in February of 2018. Prior to February 21, 2016, Judge Griswold served in a non-supervisory Immigration Judge position. EOIR acknowledges that Judge Griswold is likely to possess responsive documents that he generated or acquired during his tenure as ACIJ. However, documents he produced or obtained prior to his appointment as ACIJ are likely to be nonresponsive. Limiting the search of his documents to the period of February 21, 2016, and January 1, 2018 (the time he served as ACIJ to the date of collection) would reasonably conserve EOIR resources by limiting review to the period when he was most likely to possess responsive documents.

16. Judge Thomas Y. K. Fong retired from EOIR on January 3, 2016. Given that Judge Fong retired at the beginning of the relevant time period, he is unlikely to possess responsive documents and will only possess documents from outside the relevant time period.

17. Judge Abigail Price was the ACIJ for Vulnerable Populations. Given that Judge Price left EOIR on May 1, 2015, she will only possess documents from outside the relevant time period.

18. Judge Gary Smith was appointed to the position of ACIJ in 2005. He retired in 2012. Given that Judge Smith did not work for EOIR during the relevant time period, he is unlikely to possess responsive documents.

19. Judge Christopher Santoro has served as at DCIJ at Headquarters since Fall 2015.  Prior to that, Judge Santoro was ACIJ for various courts on the east coast, including York, Philadelphia, Baltimore, HQIC (Falls Church, VA), Arlington, Charlotte, Memphis, New Orleans, and Oakdale.  EOIR acknowledges that DCIJ Santoro may possess responsive documents that were generated or acquired during his tenure as DCIJ, however, EOIR believes Chief Judge Keller, DCIJ Maggard, and the ACIJs with direct responsibility for immigration courts located in the Central District of California will, based on their localized responsibilities, have a greater number and range of responsive documents in their possession, making them better custodians. Additionally, any responsive documents in DCIJ Santoro's possession are likely to be duplicative of Chief Judge Keller and DCIJ Maggard.

20. Judge Amy C. Hoogasian currently serves as the ACIJ for the San Francisco Immigration Court.  In the past, Judge Hoogasian has also been responsible for overseeing the Portland, Seattle, and Tacoma Immigration Courts.  Given that Judge Hoogasian has never held a position within the Central District of California during the relevant time period, she is unlikely to possess responsive documents focused on policies and practices in the Central District of California and that were not distributed to all ACIJs nationwide and would also therefore be in the possession of Chief Judge Mary Beth Keller and DCIJ Maggard.

21. Judge Clarence M. Wagner Jr. is currently serving as an Immigration Judge at the Honolulu Immigration Court.  From February of 2016 until May of 2017, Judge Wagner was ACIJ with responsibility over the Houston Immigration Court.  Prior to that he was in a non-supervisory Immigration Judge position.  Given that Judge Wagner did not hold a position within the Central District of California during the relevant time period, he is unlikely to possess responsive documents focused on policies and practices in the Central District of California and that were not distributed to all ACIJs nationwide and would also therefore be in the possession of Chief Judge Mary Beth Keller and DCIJ Maggard.

22.  Judge Deepali Nadkarni is the ACIJ with responsibility over the Arlington, Batavia, Buffalo, and Charlotte Immigration Courts.  Given

that Judge Nadkarni never held a position within the Central District of California during the relevant time period, she is unlikely to possess responsive documents focused on policies and practices in the Central District of California and that were not distributed to all ACIJs nationwide and would also therefore be in the possession of Chief Judge Mary Beth Keller and DCIJ Maggard.

23. Judge Elisa M. Sukkar is the ACIJ with responsibility for the Houston, Houston Service Processing Center, Krome, and Miami Immigration Courts. She has held the position of ACIJ since 2008. Given that Judge Sukkar did not hold a position within the Central District of California during the relevant time period, she is unlikely to possess responsive documents focused on policies and practices in the Central District of California and that were not distributed to all ACIJs nationwide and would also therefore be in the possession of Chief Judge Mary Beth Keller and DCIJ Maggard.

24. Judge Frank J. Loprest was appointed to the position of ACIJ in April of 2017. He has responsibility over the Fishkill, New York, Ulster, and Varick Immigration Courts. Given that Judge Loprest did not hold a position within the Central District of California during the relevant time period, he is unlikely to possess responsive documents focused on policies and practices in the Central District of California and that were not distributed to all ACIJs nationwide and would also therefore be in the possession of Chief Judge Mary Beth Keller and DCIJ Maggard.

25. Judge H. Kevin Mart was appointed to the position of ACIJ in 2015. He has responsibility over the Atlanta, LaSalle, Louisville, Lumpkin, Memphis, New Orleans, and Oakdale Immigration Courts. Given that Judge Mart did not hold a position within the Central District of California during the relevant time period, he is unlikely to possess responsive documents focused on policies and practices in the Central District of California and that were not distributed to all ACIJs nationwide and would also therefore be in the possession of Chief Judge Mary Beth Keller and DCIJ Maggard.

26. Judge Irene C. Feldman was appointed to the position of ACIJ in 2015. She has responsibility over the Eloy, Florence, Phoenix, and Tucson Immigration Courts. Given that Judge Feldman did not hold a position within the Central District of California during the relevant time period, she is unlikely to possess responsive documents focused on policies and practices in the Central District of California and that were not distributed to all ACIJs nationwide and would also therefore be in the possession of Chief Judge Mary Beth Keller and DCIJ Maggard.

27. Judge Jill Dufresne served as an ACIJ from 2010 until her retirement in 2018. She had responsibility over the Boston, Hartford, Buffalo, Batavia, Newark, and Elizabeth Immigration Courts. Given that Judge Dufresne did not hold a position within the Central District of California during the relevant time period, she is unlikely to possess responsive documents focused on policies and practices in the Central District of California and that were not distributed to all ACIJs nationwide and would also therefore be in the possession of Chief Judge Mary Beth Keller and DCIJ Maggard.

28. Judge John Davis is currently serving as a non-supervisory Immigration Judge at the Eloy Immigration Court. He served as an ACIJ from 2012 to 2015. Given that Judge Davis was not in a supervisory position during the relevant time period, he is unlikely to possess responsive documents.

29. Judge Larry R. Dean served as an ACIJ from January 1, 2012, until May 31, 2013. Given that Judge Dean was not in a supervisory position during the relevant time period, he is unlikely to possess responsive documents.

30. Judge Richard J. Bartolomei Jr. was appointed to the position of ACIJ in 2012, though he had previously served as an ACIJ from 2006 until 2009. During his tenure as ACIJ, Judge Bartolomei has had responsibility over the San Diego, Honolulu, Saipan, Otay Mesa, Imperial, Florence, Eloy and Las Vegas Immigration Courts. Given that Judge Bartolomei did not hold a position in the Central District of California during the relevant time period, he is unlikely to possess responsive documents focused on policies and practices in the Central District of California and that were

not distributed to all ACIJs nationwide and would also therefore be in the possession of Chief Judge Mary Beth Keller and DCIJ Maggard.

31. Judge Robert D. Weisel was appointed to the position of ACIJ in January of 2012.  During his tenure as ACIJ, Judge Weisel had responsibility over the New York and New Jersey Immigration Courts.  Given that Judge Weisel did not hold a position in the Central District of California during the relevant time period, he is unlikely to possess responsive documents focused on policies and practices in the Central District of California and that were not distributed to all ACIJs nationwide and would also therefore be in the possession of Chief Judge Mary Beth Keller and DCIJ Maggard.

32. Judge Sheila McNulty was appointed to the position of ACIJ in November of 2015.  She has responsibility over the Boston, Chicago, Cleveland, Detroit, and Hartford Immigration Courts.  Given that Judge McNulty did not hold a position in the Central District of California during the relevant time period, she is unlikely to possess responsive documents focused on policies and practices in the Central District of California and that were not distributed to all ACIJs nationwide and would also therefore be in the possession of Chief Judge Mary Beth Keller and DCIJ Maggard.

33. The potential custodians listed above only possess documents from outside the relevant period, are not likely to possess responsive documents because they held a positions outside of the Central District of California, or are likely to possess only a subset of responsive materials due to changes in position or location.  By eliminating these potential custodians from the custodians list, or by having the search of their documents limited to the appropriate timeframe within the relevant time period, EOIR will be able to utilize its resources more efficiently.

## Conclusion

I declare under penalty and perjury that the forgoing is true and correct:

Executed on August 3, 2018      _____
                                              Jean C. King