MICHAEL KAUFMAN(SBN 254575)
mkaufman@aclu-sc.org
AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5232
Facsimile: (213) 977-5297

*Attorneys for Plaintiffs-Petitioners*

*Additional Counsel Listed on Following Page*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XOCHITL HERNANDEZ, CESAR MATIAS, for themselves and on behalf of a class of similarly-situated individuals,<br><br>　　Plaintiffs-Petitioners,<br><br>v.<br><br>WILLIAM P. BARR, U.S. Attorney General, et al.,<br><br>　　Defendants-Respondents. | CIVIL ACTION NO. 5:16-00620-JGB-KK<br><br>**EX PARTE APPLICATION FOR A STATUS CONFERENCE OR, IN THE ALTERNATIVE, TO MODIFY EXPERT DISCOVERY DEADLINES AND OTHER TRIAL SCHEDULING DEADLINES**<br><br>Judge:　　　　　　Hon. Jesus G. Bernal<br>Magistrate Judge:　Hon. Kenly Kiya Kato<br>Special Master:　　Hon. Rosalyn M. Chapman<br><br>Fact Discovery Cutoff:　July 15, 2019<br>Pretrial Conference:　　Sept. 9, 2019<br>Trial:　　　　　　　　Sept. 24, 2019 |

MICHAEL TAN (*pro hac vice*)
mtan@aclu.org
JUDY RABINOVITZ (*pro hac vice*)
jrabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

STEPHEN KANG (SBN 292280)
skang@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0779
Facsimile: (415) 395-0950

MATTHEW SLOAN (SBN 165165)
Matthew.Sloan@skadden.com
DOUGLAS A. SMITH (SBN 290598)
Douglas.Smith@skadden.com
ERICA SEDLER (SBN 272250)
Erica.Sedler@skadden.com
ASHLEY PHILLIPS (SBN 318397)
Ashley.Phillips@skadden.com
OLIVIA POWAR (SBN 318787)
Olivia.Powar@skadden.com
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

*Attorneys for Plaintiffs-Petitioners*

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**

Please take notice that, pursuant to Local Rule 7-19, Defendants submit this ex parte application to request that the Court set a status conference or, in the alternative, modify the expert discovery deadlines and the remaining trial schedule. As a result of recent amendments to the case schedule, the Parties' fact discovery cut-offs are after the expert discovery deadlines and the deadline to file motions for summary judgment. Plaintiffs therefore request that the Court set a status conference to discuss proposed modifications to the case schedule or, in the alternative, order proposed amendments to the case schedule to ensure that the parties can complete expert discovery and dispositive briefing after the production of all discovery.

Plaintiffs submit this ex parte application for clarification because the "relief requested cannot be calendared in the usual manner." *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Under the case schedule currently in effect, dispositive motions must be heard by July 29, 2019, which under the Local Rules requires that they must be filed by July 1, 2019. If Plaintiffs proceeded by a noticed motion, the motion would be calendared at the earliest on June 24, 2019—a week before dispositive motions must be filed. Plaintiffs will therefore be forced to expend considerable resources preparing a dispositive motion, based on an incomplete factual record, absent ex parte relief. Plaintiffs also did not create the current situation necessitating expedited relief. *See id*. at 492-93. As set forth in the attached memorandum, Defendants have not completed production of court ordered discovery, including a substantial number of documents and database information, to date. For this reason, the Court on May 10, 2019, extended Plaintiffs' fact discovery cut-off until July 15, 2019. Plaintiffs' retained experts therefore lacked a substantial amount information for their expert analyses and reports, and Plaintiffs cannot complete preparations for dispositive briefing, due to Defendants' delayed discovery productions.

Pursuant to Local Rule 7-19.1, on May 24, 2019, Plaintiffs provided Defendants' counsel with telephonic notice of their intent to file this ex parte application. Defendants

counsel indicated that they will take a position after reviewing Plaintiffs' application and will inform the Court. Defendants' counsel's contact information is:

Gisela A. Westwater (Gisela.Westwater@usdoj.gov)
Brian C. Ward (Brian.C.Ward@usdoj.gov)
Katherine J. Shinners (Katherine.J.Shinners@usdoj.gov)
Courtney E. Morgan (Courtney.E.Moran@usdoj.gov)
Ozlem B. Barnard (Ozlem.B.Barnard@usdoj.gov)
Lindsay M. Vick (Lindsay.Vick@usdoj.gov)
United States Department of Justice, Office of Immigration Litigation,
District Court Section,
P.O. Box 868, Ben Franklin Station
Washington, D.C., 20044
(202) 532-4174

This ex parte application is based on this Notice of Ex Parte Application and the following memorandum of points and authorities.

DATED: May 28, 2019                    Respectfully submitted,


                                       /s/ Michael Kaufman
                                       Michael Kaufman

                                       Counsel for Plaintiffs Hernandez and Matias, and
                                       a certified class of similarly situated individuals

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Xochitl Hernandez, Cesar Matias, and the certified class they represent (collectively, "Plaintiffs"), through their counsel, request that the Court set a status conference on June 10, 2019 when the Parties will be before the Court on another motion, or, in the alternative, modify the expert discovery deadlines and the remaining trial schedule. Recent amendments to the case schedule set the fact discovery cut off *after* the expert discovery deadlines and the deadline for filing dispositive briefing. Extensions of the case schedule are therefore necessary to ensure that the parties can complete expert discovery and dispositive briefing after the production of all discovery.

Plaintiffs are cognizant that this Court denied the Parties' Joint Stipulation to Modify the Civil Trial Scheduling Order on April 30, 2019. (ECF No. 314.) In their Stipulation, the Parties proposed that the Parties "meet and confer in good faith and propose amended non-fact discovery case scheduling deadlines" after the final resolution of then-pending motions that affected Defendants' fact discovery cut off. (ECF No. 300 at 4.) This Court subsequently issued orders that settled the fact discovery cut offs for Plaintiffs and Defendants. (*See* ECF No. 301, 313, 320.) Most recently, on May 10, 2019, this Court issued an order denying Defendants' Rule 53(f) objections to the Special Master's order compelling production of information related to the preliminary injunction, and altered the case schedule as follows:

> the fact discovery cut-off for both parties shall be extended from March 29, 2019 to "60 days after the depositions of the named plaintiffs are completed or July 31, 2019, whichever is earlier." The Court extends Plaintiffs' discovery cut-off solely to ensure Defendants have adequate time to comply with the Special Master's Order and does not thereby authorize Plaintiffs to either propound any new discovery requests or file new discovery-related motions.

(ECF No. 320 at 6.) Because the depositions of the Named Plaintiffs were completed on May 15, 2019, the Parties' fact discovery cut-off is July 15, 2019.

In light of the amendments to the case schedule, Plaintiffs submit that there is "good cause" to modify the current scheduling order under Federal Rule of Civil Procedure 16(b)(4). Plaintiffs do not seek further modification of the fact discovery cut

off. However, Plaintiffs submit that extensions of non-fact discovery deadlines, including for expert discovery and trial, are necessary to ensure there is adequate time to prepare dispositive briefing and for trial, as well as for the Parties to explore the possibility of settlement before a neutral party.

This Court had previously approved a case schedule that set a period for expert discovery following the discovery cut off. (*See* ECF Nos. 235, 243, 265.) The Parties had proposed this case sequencing to ensure that the Parties' experts had access to all discovery produced in the case to include in their analysis. (*See* ECF No. 234 at 2 ("[T]he Parties desire to conduct expert discovery and serve expert reports after the close of fact discovery, instead of before the discovery cutoff as under the current schedule, so that expert reports are based on a closed factual record and to avoid the need for supplementation after discovery closes").) Pursuant to that case schedule sequencing, Plaintiffs' counsel retained experts who are in the process of preparing reports based on discovery produced in the case.

However, as a result of recent amendments to the case schedule, the fact discovery cut off now falls *after* the close of expert discovery. (*Compare* ECF No. 320 at 6 (setting fact discovery cut off for July 15, 2019) *with* ECF No. 265 (setting expert disclosure deadline for April 19, 2019 and expert discovery cut off for May 24, 2019).) In addition, Defendants have repeatedly delayed producing compelled discovery in this case, including until immediately prior to or after the expert disclosure deadlines. For example, the Court ordered Defendants to produce documents responsive to Plaintiffs' First Requests for Production on December 1, 2017. (ECF No. 129.) A year and a half later and notwithstanding the then-close of fact discovery of March 29, 2019, Defendants continued to produce documents pursuant to that order, including a production of over 100,000 pages of documents on April 11, 2019 (amounting to more than 20% of all documents produced in the case). (*See* ECF No. 298 at 1.) After Defendants withheld database records responsive to the Court's December 1, 2017, discovery order, Plaintiffs filed a Motion to Enforce the order, which resulted in

Defendants' agreement to produce additional responsive database records by May 15, 2019. (*See* ECF Nos. 269; 309 at 1.)[1] Most recently, this Court affirmed the Special Master's order compelling Defendants to produce information about the preliminary injunction, and Defendants are scheduled to produce responsive database information and documents by May 31, 2019. (*See* ECF No. 324 at 2.)

Because Defendants have continued to produce discovery well beyond the current expert discovery deadlines, Plaintiffs' experts lacked a substantial amount of relevant information for their expert analyses and reports by the expert disclosure deadlines. Plaintiffs therefore submit there is good cause to extend the deadlines for expert discovery until after the close of fact discovery. *See Cal. Ins. Guarantee Ass'n v. Burwell*, No. 2:15-cv-01113-ODW, 2016 WL 3360955, at *3 (C.D. Cal. June 14, 2016) (holding that the "good cause" standard primarily considers the parties' diligence in meeting the existing scheduling deadlines). This Court had already ordered a case schedule that ensured that the Parties' experts could have access to all discovery to include in their analysis. (*See* ECF Nos. 235, 243, 265.) An extension of expert discovery deadlines will simply preserve the Court's previously-approved case sequencing, in light of the recent amendments to the fact discovery cut off.

Plaintiffs believe that the deadlines to conduct a settlement conference and hear dispositive motions should similarly be extended, and that the pretrial conference and trial dates should be continued for a commensurate amount of time. On the current schedule, dispositive motions must be heard by July 29, 2019, which under the Local Rules requires that they must be filed by July 1, 2019. (*See* ECF No. 265 at 2.) The filing deadline therefore falls *before* the current fact discovery cut off of July 15, 2019. To ensure that there is sufficient time to complete dispositive motion briefing after the

---

[1] Defendants' April 11 and May 15, 2019 productions also fell after Plaintiffs' fact discovery cut off then in effect, March 29, 2019. Even though Defendants believed that the Scheduling Order did not permit productions beyond the discovery cut off, they did not seek leave of the Court for their untimely productions or other relief to excuse what they believed to be violations of the Scheduling Order. (ECF No. 303 at 12-13.)

close of fact (and expert discovery, if the deadlines are extended), Plaintiffs request that that the Court extend the deadlines for dispositive motions, the settlement conference, and pretrial conference and trial dates.

Plaintiffs also submit that additional time for dispositive motions is necessary given the volume of discovery and complexity of the issues presented in this case. To date, the discovery produced has included hundreds of thousands of pages of documents, a large volume of database information, written responses to interrogatories and requests for admission, and twelve depositions. Plaintiffs believe that additional time is necessary to ensure that they can adequately review, prepare and present this evidence to the Court at summary judgment.

The Parties also intend to engage in settlement negotiations prior to the filing of dispositive motions. On May 22, 2019, this Court granted the Parties' request for referral to Magistrate Judge Laurel Beeler for a Settlement Conference. (ECF No. 331.) In accordance with this Court's Order, the Parties are waiting to be contacted by Judge Beeler's chambers to schedule a date and time for the Settlement Conference. *Id*. Plaintiffs believe that the deadlines to conduct a settlement conference and hear dispositive motions should be extended to ensure the Parties can dedicate sufficient time and energy to determining whether a settlement can be reached. If these deadlines are extended, Plaintiffs also believe that the pretrial conference and trial dates should be continued for a commensurate amount of time.

For the foregoing reasons, Plaintiffs respectfully submit that modifications to the case schedule are warranted. Accordingly, Plaintiffs request that the Court set a case management conference for June 10, 2019 to discuss and agree upon modifications to the case schedule. The Parties are already scheduled to appear before the Court on June 10, 2019 for a separate motion (*see* ECF No. 323).

In the alternative, in the absence of a case scheduling conference, Plaintiffs request that the Court modify the existing deadlines in the Civil Trial Scheduling Order, as follows:

| | | |
|---|---|---|
| 1 | Plaintiffs' Fact Discovery Cutoff: | July 15, 2019 |
| 2 | Defendants' Fact Discovery Cutoff: | July 15, 2019 |
| 3 | Initial Expert Disclosure: | July 29, 2019[2] |
| 4 | Rebuttal Expert Disclosure: | August 19, 2019 |
| 5 | Expert Discovery Cutoff: | September 3, 2019 |
| 6 | Last Date to Conduct Settlement Conference: | November 29, 2019 |
| 7 | Last Date to Hear Dispositive Motions: | December 2, 2019 |
| 8 | Pretrial Conference: | January 13, 2019 at 11 a.m. |
| 9 | Trial: | January 28, 2020 at 9 a.m. |

DATED: May 28, 2019        Respectfully submitted,

/s/ Michael Kaufman
Michael Kaufman

Counsel for Plaintiffs Hernandez and Matias, and a certified class of similarly situated individuals

---

[2] Plaintiffs propose July 29, 2019 as the expect disclosure deadline, which is the earliest possible date that the experts can complete their reports in light of their pre-existing vacation plans and other commitments.