UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 16-620 JGB (KKx)** | | Date | June 18, 2019 |
|---|---|---|---|---|
| Title | ***Xochitl Hernandez, et al. v. Loretta Lynch, et al.*** | | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:     Order GRANTING IN PART and OVERRULING IN PART Plaintiffs'
53(f) Objections (Dkt. No. 317) (IN CHAMBERS)**

Before the Court are Plaintiffs' Rule 53(f) objections to the Special Master's April 12, 2019 order. ("Objections," Dkt. No. 317.)  A hearing on this matter was held on June 10, 2019. After considering the parties' written submission and oral arguments, the Court GRANTS in Part and OVERRULES in part Defendants' objections to the Special Master's order.

## I.   BACKGROUND

In September 2018, Defendants moved to compel responses to Defendants' first sets of interrogatories and requests for production of documents to Plaintiffs Xochitl Hernandez and Cesar Matias ("Named Plaintiffs"). (Dkt. No. 221.)  On October 15, 2018, the Special Master issued an order granting this motion in part and denying it in part. (Dkt. No. 228.)  The Special Master found that the subjects of four interrogatories propounded by Defendants and all of Defendants' requests for production of documents were relevant. (Id. at 20, 23.)  However, the Special Master found that interrogatories which related only to Plaintiffs' danger to the community and risk of flight, which are factors considered in setting individual bond amounts under Matter of Guerra, 24 I. &. N. Dec. 37, 40 (BIA 2006), were not relevant. (Id. at 12.)  The Special Master also rejected Defendants' attempt to recast certain interrogatories as relevant to "financial information," since other interrogatories sought such information more directly. (Id.) The order made no mention of any depositions, including the depositions of the Named Plaintiffs.

Defendants took the depositions of the two Named Plaintiffs on November 27 and 29, 2018.  On February 19, 2019, Defendants filed a motion to compel new depositions of the Named

Plaintiffs and for additional relief under Rule 30(d)(2). (Dkt. No. 271.) The principal basis of their motion was that Plaintiffs' counsel had engaged in improper, disruptive, and obstructionist conduct – specifically, repeatedly instructing deponents not to answer questions and making unnecessary and lengthy speaking objections – that impeded the depositions of the Named Plaintiffs. (Id. at 7.) On April 15, 2019, the Special Master granted Defendants' motion to compel new depositions of the Named Plaintiffs and largely denied Plaintiffs' request for a protective order limiting the new depositions. ("SM Order," Dkt. No. 297.) The Special Master also found that Plaintiffs' counsel Douglas A. Smith improperly instructed Named Plaintiffs not to answer questions and made numerous, lengthy statements for the record, rendering the depositions "unnecessarily acrimonious and contentious." (Id. at 32.) The Special Master therefore ordered that Smith personally pay interpreter and court reporters' fees for the November 27 and 29 depositions. (Id.) The Special Master also determined that, because the parties had "demonstrated their inability or unwillingness to cooperate with each other – or even to treat each other civilly," it would be prudent for her to personally attend the new depositions of the Named Plaintiffs "to assure Defendants have the opportunity to fairly examine the witnesses and the depositions comport with the federal rules." (Id. at 39.)

Plaintiffs submitted the present Objections on May 6, 2019. (Dkt. No. 317.) Defendants filed their opposition on May 17, 2019. ("Opposition," Dkt. No. 327.) Plaintiffs replied on May 24, 2019. ("Reply," Dkt. No. 333.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure Rule 53(a) permits the appointment of a special master to address pretrial matters that cannot be timely addressed by an available district or magistrate judge. Fed. R. Civ. P. 53(a)(1)(C). The Court reviews the Special Master's findings of fact and legal conclusions de novo. Fed. R. Civ. P. 53(f)(3) & (4). The Special Master's rulings on procedural matters are reviewed only for abuse of discretion. Fed. R. Civ. P. 53(f)(5). The Special Master's discovery rulings and recommendations are inextricably intertwined with conclusions of fact and law and so are reviewed de novo. See City of Colton v. Am. Promotional Events, Inc., 2012 WL 13013152, at *2 (C.D. Cal. June 7, 2012) (reviewing Special Master's discovery orders de novo); Acosta v. Sw. Fuel Mgmt., Inc., 2018 WL 1913772 (C.D. Cal. Mar. 28, 2018) (same); Performance Credit Corp. v. EMC Mortg. Corp., 2009 WL 10673235, at *3 (C.D. Cal. June 23, 2009) (reviewing de novo Special Master's discovery recommendations regarding request for production of documents).

## III.   DISCUSSION

Plaintiffs raise the following objections to the Special Master's Order: (1) that the Special Master lacked the authority to issue sanctions under Rule 30(d)(2); (2) that counsel's speaking objections and instructions to the Named Plaintiffs not to answer were proper; and (3) that it would be unjust to impose sanctions on Plaintiffs' pro bono counsel. The Court will address these arguments in turn.

## A.  The Special Master's Authority to Sanction

Federal Rule of Civil Procedure 53(c)(2) provides that a Special Master may "impose on a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty."  Plaintiffs argue that the Special Master lacked the authority to issue sanctions under Rule 30(d)(2), which permits the court to impose "an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent.  However, Plaintiffs failed to raise this argument before the Special Master, despite the fact Defendants cited Rule 30(d)(2) as their basis for their request that Plaintiffs pay the costs of interpreters and court reporters for the November 27 and 29 depositions.  (Dkt. No. 271 at 41.)  The Court considers this argument to have been waived.  In any case, regardless of whether the Special Master had independent authority to issue sanctions under Rule 30(d)(2), the Court has the authority to adopt and affirm recommended sanctions.  See Fed. R. Civ. P. 53(f)(1).

## B.  Counsel's Conduct During the First Depositions of the Named Plaintiffs

The Special Master was correct to conclude that Plaintiffs' counsel's conduct during the first depositions of the Named Plaintiffs was improper.  During the Matias deposition, Plaintiffs' counsel instructed Matias not to answer questions on the grounds that they were not relevant more than a dozen times.  On many of these occasions, Plaintiffs' sole objection was that the Special Master had previously denied a motion to compel interrogatories seeking similar information on the grounds that they were irrelevant.  Plaintiffs' counsel engaged in similar conduct during the Hernandez deposition, instructing Hernandez not to answer Defense counsel's questions on over a dozen occasions, often on the grounds that the Special Master had supposedly found those lines of inquiry to be irrelevant.

Rule 30 identifies only three exceptions to the general rule that a deponent must answer all questions during a deposition: "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2) (emphasis added).  It is well established that the relevancy of a question or line of questioning is not a recognized exception to this rule and is not a sufficient basis for instructing a witness not to answer.  See Jackson v. Cty. of San Bernardino, 2016 WL 7495816, at *3 (C.D. Cal. Apr. 21, 2016) ("A relevance objection is an insufficient basis for instructing a witness not to answer"); In re Toys R Us-Delaware, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig., 2010 WL 4942645, at *9 (C.D. Cal. July 29, 2010) ("An attorney may not instruct a witness not to answer a question on the ground that it has been asked and answered, is vague and ambiguous or is irrelevant"); In re Stratosphere Corp. Sec. Litig., 182 F.R.D. 614, 618 (D. Nev. 1998) ("If irrelevant questions are asked, the proper procedure is to answer the questions, noting them for resolution at pretrial or trial").  This is because a deposition is meant to be "a question-and-answer conversation between the deposing lawyer and his witness" such that there is "no proper need for the witness's own lawyer to act as an intermediary, interpreting question, deciding which questions the witness should answer, and helping the witness to formulate answers." Bd. of Trustees of Leland Stanford Junior Univ. v.

<u>Tyco Int'l Ltd.</u>, 253 F.R.D. 524, 527 (C.D. Cal. 2008) (citation and brackets omitted). Instructions not to answer a question "can be even more disruptive [to the deposition] than objections." Fed. R. Civ. P. 30, Advisory Committee Note (1993 Amendment).

 Even though the Special Master's October 15, 2018 discovery order did not address the scope of the depositions of the Named Plaintiffs, Plaintiffs' counsel argues that instructions to Matias and Hernandez were properly given in order to "enforce a limitation ordered by the court" under Rule 30(c)(2). But absent a court order governing the scope the deposition, Counsel may not instruct deponent not to answer questions on the grounds that they are attempting to enforce a court order under Rule 30(d)(3). See <u>Vasquez v. Leprino Foods Co.</u>, 2019 WL 1934015, at *6 (E.D. Cal. May 1, 2019) (instructions not to answer improper absent order issued in connection with a deposition); <u>Maui Jim, Inc. v. SmartBuy Guru Enterprises</u>, (N.D. Ill. Jan. 29, 2019) (improper to instruct deponent not to answer on basis of court order denying requests in motion to compel); <u>Brady v. Grendene USA Inc</u>, 2015 WL 11216704, at *3 (S.D. Cal. Mar. 27, 2015) ("in the absence of a Court Order limiting the scope of the deposition, a deponent must provide an answer to every non-privileged question posed to him, even over his counsel's objections").

 Plaintiffs argue that 30(c)(2) may be invoked to enforce any court order addressing relevancy even if it does not address the scope of a deposition. But their interpretation of Rule 30(c)(2) is overbroad and not supported by the legislative history of the rule, as reflected in the Advisory Committee Notes. See <u>Republic of Ecuador v. Mackay</u>, 742 F.3d 860, 865 (9th Cir. 2014) ("As the explanatory notes are contemporaneously drafted by the same entity charged with drafting the rules, they are a particularly reliable indicator of legislative intent.") While the 1993 Advisory Committee Notes state that the rule permits instructions not to answer in order to "enforce a court directive limiting the scope or length of permissible discovery…," the Advisory Committee Notes to the 2000 Amendments to the rule clarify that the phrase "enforce a limitation ordered by the court" is intended to apply to "any objection to a question or other issue arising during a deposition, and to any limitation imposed by the court in connection with a deposition, which might relate to duration or other matters." As the Special Master correctly held, and 2000 Advisory Committee Notes clarified the scope 1993 Advisory Committee Notes by narrowing the scope of the 30(d)(3) exception to encompass only the enforcement of court orders specifically imposed in connection with a deposition.

 Further undermining Plaintiffs' interpretation of Rule 30(c)(2) is the fact that depositions are distinct from written discovery, requiring Courts to consider different factors in setting the limits to their scope. The production of written discovery related to a given topic may be more burdensome than answering a question on that topic in a deposition, such that a Court might place more restrictive limits on written discovery than it would on a deposition. (SM Order at 25.) This difference further undermines an interpretation of Rule 30(3) which would invite counsel to instruct their client not to answer a deposition question on the basis of an order governing the scope of written discovery. (<u>Id.</u>)

 Indeed, as the Special Master noted, Plaintiffs' interpretation would "vastly expand the circumstances in which questions would not be answered – contrary to the intent and purpose

behind Rule 30." (SM Order at 23.) While Plaintiffs argue that such concerns are "overstated," Plaintiffs' counsel's overly broad interpretation of the Special Master's prior order during these depositions perfectly illustrates the extent to which their interpretation would impede the normal functioning of depositions. For example, Plaintiffs' counsel repeatedly instructed Matias not to answer questions related to personal income and expenditures derived from the purchase or sale of methamphetamine on the grounds that "the Special Master has denied inquiry into any and all crimes." (Matias Deposition Transcript at 64:4-65:5.) But vastly overstated scope of the Special Master's prior order: while the Special Master had found that evidence related to danger to the community or flight risk, such as information about "any crimes Plaintiff committed in the United States," was not relevant, she also held that interrogatories which relate to these factors might <u>also</u> relate to the relevant question of Plaintiffs' financial circumstances. (Dkt. No. 228 at 19, 21.) Nevertheless, Plaintiffs' counsel stretched this order into a blanket prohibition on inquiry into any prior criminal conduct by the Named Plaintiffs.

Similarly, Plaintiffs' Counsel directed deponents not to answer question about whether they had filed federal tax returns even though the Special Master had specifically found such information to be relevant, not compelling their production because other discovery would supply the same or similar information. (Dkt. No. 228 at 23-25, Matias Trans. at 85:18-86:13, Hernandez Deposition Transcript. at 129:3-130:3.) Plaintiffs' counsel also repeatedly instructed their clients not to answer questions which either attempted to establish basic facts (such as "When were you first detained by ICE," Hernandez Trans. at 81:22-24) or simply followed up on prior statements made during depositions, in immigration court, or in declarations submitted to this Court. (Matias Trans. at 39:15-20, Hernandez Trans. at 28:6-30:6, 41:21-42:4.) This conduct confirms that broadening the well-established limits on Rule 30(d)(3) would invite repeated interjection by deponent's counsel and severely undermine the truth-finding function of depositions.

In light of this conduct, the Court finds that the Special Master was correct to conclude that Plaintiffs' counsels' conduct was improper and impeded Defendants from conducting a fair deposition and pursuing relevant lines of inquiry. In light of this, it was proper to order new depositions of the Named Plaintiffs. However, upon de novo review, the Court concludes that the imposition of sanctions is not warranted. Based on argument and representations made at the hearing on this Motion, the Court is satisfied that Counsel's conduct was based on their good faith interpretation of Rule 30 and attempts to vigorously represent the interests of the Named Plaintiffs and the plaintiff class. While the Court is displeased with other aspects of Counsel's conduct during the depositions, including their repeated, obstreperous demands that opposing counsel explain the relevance of certain deposition questions, the Court is satisfied that this behavior will not be repeated in the future. The Court will therefore GRANT Plaintiffs' objection to the portions of the SM Order imposing sanctions against Smith for his conduct during the depositions of the Named Plaintiffs.

Finally, Plaintiffs request that the Court close Defendants' fact discovery period. However, in light of the Court's May 31, 2019 order, (Dkt. No. 336), this request is now moot.

## IV.   CONCLUSION

For the above reasons, the Court GRANTS Plaintiffs' objection to Special Master's order imposing personal sanctions against Douglas A. Smith for costs and fees arising from the depositions the Named Plaintiffs.  Plaintiffs' objections are OVERRULED in all other respects.

**IT IS SO ORDERED.**

**CIVIL MINUTES—GENERAL**        Initials of Deputy Clerk <u>iv</u>