MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, California 90017
Telephone: (213) 977-5232
Facsimile: (213) 915-0219

*Attorneys for Plaintiffs-Petitioners*

*Additional Counsel for Plaintiffs and Defendants on Following Page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XOCHITL HERNANDEZ, CESAR MATIAS, for themselves and on behalf of a certified class of similarly situated individuals,<br><br>*Plaintiffs-Petitioners,*<br><br>v.<br><br>MERRICK GARLAND, U.S. Attorney General, et al.,<br><br>*Defendants-Respondents.* | Case No. 5:16-00620-JGB-KK<br><br>**[PROPOSED] PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**<br><br>Honorable Jesus G. Bernal |

[PROPOSED] PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

MICHAEL TAN (*pro hac vice*)
mtan@aclu.org
JUDY RABINOVITZ (*pro hac vice*)
JRabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004-2400
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

STEPHEN KANG (SBN 292280)
skang@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0783
Facsimile: (415) 395-0950

DOUGLAS A. SMITH (SBN 290598)
dougsmith@mayerbrown.com
MAYER BROWN LLP
350 S. Grand Ave, 25th Floor
Los Angeles, California 90071
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

MATTHEW E. SLOAN (SBN 165165)
matthew.sloan@skadden.com
ASHLEY PHILLIPS (SBN 318397)
ashley.phillips@skadden.com
WINSTON P. HSIAO (SBN 273638)
winston.hsiao@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 S. Grand Ave, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5276
Facsimile: (213) 621-5276

*Attorneys for Plaintiffs-Petitioners*

BRIAN C. WARD (IL 6404236)
brian.c.ward@usdoj.gov
KATHERINE J. SHINNERS (DC 978141)
Katherine.J.Shinners@usdoj.gov
Senior Litigation Counsel
COURTNEY E. MORAN (CA 288394)
courtney.e.moran@usdoj.gov
OZLEM B. BARNARD (NY 4350583)
ozlem.b.barnard@usdoj.gov
DHRUMAN Y. SAMPAT (NJ 270892018)
dhruman.y.sampat@usdoj.gov

Trial Attorneys
U.S. Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868 Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4023

*Attorneys for the Defendants-Respondents*

This matter having come before this Court on the parties' joint motion for preliminary approval of the proposed settlement of the above-captioned class action (the "Action") pursuant to the parties' Settlement Agreement, and having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1. Unless defined herein, all defined terms in this Order shall have the respective meanings set forth in the Agreement.

2. Pursuant to Federal Rule of Civil Procedure 23(b)(2), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All individuals who, during the period of this Agreement, are or will be detained pursuant to 8 U.S.C. § 1226(a) in the Central District of California and are found eligible for release on bond.

For purposes of settlement only, the Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and 23(b)(2) have been preliminarily satisfied for the same reason as the Court found in its order granting Plaintiffs' Motion for Class Certification, Dkt. No. 84.

3. The Court has conducted a preliminary evaluation of the Settlement Agreement for fairness, adequacy and reasonableness. Based on this preliminary evaluation, the Court finds that (i) there is cause to believe that the Agreement is fair, reasonable and adequate and within the range of possible approval, (ii) the Agreement has been negotiated in good faith at arm's-length between experienced attorneys familiar with the legal and factual issues in the Action, and (iii) the notice of the material terms of the Agreement to members of the Settlement Class for their consideration and reaction is warranted. Therefore, the Court grants preliminary approval of the Settlement Agreement.

4. On _____, 2021 at __:__ _.m., or at such other date and time later set by Court order, this Court will hold a hearing on the fairness, adequacy and reasonableness of the Settlement Agreement (the "Fairness Hearing")

and will determine whether final approval of the Settlement Agreement should be granted via entry of the Proposed Final Order Approving Settlement attached as Exhibit 1 to the Settlement Agreement.

5. The Court approves the form and manner of giving direct notice to the Settlement Class by: (1) posting the Notice to the Class and Settlement Agreement on the EOIR and ACLU of Southern California websites; (2) distribution of the Notice to the Class and this Settlement Agreement to the individuals and organizations on EOIR's current List of Pro Bono Legal Service Providers in this District and the local American Immigration Lawyers' Association listserv; and (3) posting of the Notice to the Class in all housing units in detention facilities where Class Members are detained in the District for longer than 72 hours, in an area prominently visible to immigration detainees. The Notice to the Class will be posted/distributed by the parties within ten (10) business days of the date of entry of this Preliminary Approval Order, and shall remain posted, and shall be maintained or replaced with new copies as needed, until the Court issues an order finally approving or rejecting the Agreement. The notice in form, method and content complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

6. Any member of the Settlement Class may object to final approval of the Agreement by submitting his or her objection ("Objection") to Class Counsel in writing, via regular mail; provided, however, that all Objections must be received by Class Counsel no later than twenty-one (21) days prior to the Fairness Hearing. Class Counsel shall file any Objections with the Court no later than fourteen (14) days prior to the Fairness Hearing and will forward copies of any Objections to Defendants' counsel within five (5) business days of receipt. A Settlement Class member who objects to the Settlement need not appear at the Fairness Hearing for his or her objection to be considered by the Court; however, any additional papers, briefs, pleadings, or other documents that any objector would like the Court to consider must be filed with the Court (with a copy mailed to Class Counsel) or mailed to Class

Counsel no later than twenty-one (21) days prior to the final approval hearing. All papers filed by an objector with the Court shall include the caption *Hernandez, et al. v. Garland, et al.*, No. 5:16-cv-00620-JGB-KK, and provide: (i) the Class Member's full name and current detention facility or address; (ii) a signed declaration that the Class Member is a member of the Class; (iii) the specific grounds for the objection; (iv) all documents or writings that the Class Member desires the Court to consider; and (vii) a notice of intention (if any) to appear at the Fairness Hearing.

      7. Any Class member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in this Action. While the declaration described in subparagraph 5(ii) is prima facie evidence that the objector is a member of the Class, the parties may take discovery regarding the matter, subject to Court approval. If an objector does not submit his or her Objection in accordance with the deadline and procedure set forth in the notice, and the Class member is not granted relief by the Court, the Class member will be deemed to have waived his or her right to be heard at the Fairness Hearing.

      8. The Settlement Agreement, and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the approval of the Settlement Agreement, and this Order, shall not be offered or received against any party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the parties of the truth or falsity of any fact, claim, defense, or argument that was or could have been asserted in the Action, or any admission of liability, negligence, fault, or wrongdoing by any party, or referred to in any other way for any other reason as against the parties to the Settlement Agreement, in any other civil, criminal, or administrative action or proceedings, other than in proceedings to enforce the Settlement Agreement. Nothing contained herein, however, shall be construed to prevent the parties from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

1  IT IS SO ORDERED.

2  Dated this ___th day of _____, 2021.

_____

HONORABLE JESUS G. BERNAL