MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, California 90017
Telephone: (213) 977-5232
Facsimile: (213) 915-0219

*Attorneys for Plaintiffs-Petitioners*

*Additional Counsel for Plaintiffs on Following Page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XOCHITL HERNANDEZ, CESAR MATIAS, for themselves and on behalf of a certified class of similarly situated individuals,<br><br>*Plaintiffs-Petitioners,*<br><br>v.<br><br>MERRICK GARLAND, U.S. Attorney General, et al.,<br><br>*Defendants-Respondents.* | Case No. 5:16-00620-JGB-KK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br>Hearing Date: March 28, 2022<br>Hearing Time: 9:00 a.m.<br>Complaint Filed: April 6, 2016<br><br>Honorable Jesus G. Bernal |

MICHAEL TAN (*pro hac vice*)
mtan@aclu.org
JUDY RABINOVITZ (*pro hac vice*)
JRabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004-2400
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

STEPHEN KANG (SBN 292280)
skang@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0783
Facsimile: (415) 395-0950

DOUGLAS A. SMITH (SBN 290598)
dougsmith@mayerbrown.com
MAYER BROWN LLP
350 S. Grand Ave, 25th Floor
Los Angeles, California 90071
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

MATTHEW E. SLOAN (SBN 165165)
matthew.sloan@skadden.com
ASHLEY PHILLIPS (SBN 318397)
ashley.phillips@skadden.com
WINSTON P. HSIAO (SBN 273638)
winston.hsiao@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 S. Grand Ave, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5276
Facsimile: (213) 621-5276

*Attorneys for Plaintiffs-Petitioners*

**ORDER**

The Court has considered Plaintiffs' Unopposed Motion for Award of Attorneys' Fees and Costs ("the Motion"). Upon due consideration, the Motion is hereby GRANTED.

Under Federal Rules of Civil Procedure Rule 23(h), this Court may award reasonable attorneys' fees and costs that are authorized by law or settlement agreement. In deciding a motion for agreed-upon attorneys' fees from a settlement agreement, the Court's task is "simply to determine whether the negotiated fee is facially fair and reasonable." *Hernandez v. Kovacevich*, No. 1:04-cv-5515-OWW-DLB, 2005 WL 2435906, at *8 (E.D. Cal. Sept. 30, 2005). That reasonableness inquiry is guided partly by Plaintiffs' underlying entitlement to fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Court finds that the agreed-upon amounts of $1,600,000 in fees, and up to $148,975.72 in costs, are fair and reasonable, particularly in light of the extraordinary results obtained through this litigation, the extensive effort expended by Plaintiffs' counsel, the difficulty and complexity of the litigation, and the experience and skill of Plaintiffs' counsel.

Under EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . .including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Plaintiffs establish both prerequisites for a fees award. First, Plaintiffs qualify as a "prevailing party" because they successfully obtained a preliminary injunction that afforded relief to hundreds of class members, and secured a substantial, judicially enforceable settlement on behalf of the class. Second, Defendants' underlying conduct, as well their litigation positions, were not substantially justified, and there are no other special circumstances that make an award unjust.

The agreed-upon amounts of $1,600,000 in fees, and up to $148,975.72 in costs, are also reasonable. This Court reviewed Plaintiffs' lodestar and billing records as a "cross-check" for the reasonableness of the fee settlement. *See Fernandez v. Victoria Secret Stores*, LLC, No. CV 06-04149 MMM SIDC, 2008 WL 8150856, at *9, n.35 (C.D. Cal. July 21, 2008) (using the lodestar as a "cross-check" against reasonableness of fee award from a settlement fund). From that review, the Court finds Plaintiffs' counsel from the ACLU and ACLU of Southern California are entitled to enhanced rates due to their distinctive knowledge and specialized skill that was necessary to litigate this case. The Court further finds Plaintiffs substantially discounted their claim for attorneys' fees under their lodestar and are requesting an award that is well below the amount they would have been entitled to in a motion for attorneys' fees after the resolution of this case.

This Court finds the negotiated award of $1,600,000 in fees, and up to $148,975.72 in costs, to be fair, reasonable, and appropriate for the following additional reasons: (1) the negotiated award derived from arms' length and informed negotiations, in which Plaintiffs provided Defendants with their full billing records and costs, under the supervision of Magistrate Judge Laurel Beeler; (2) the record contains no evidence of improper conduct by counsel for the parties; (3) the settlement agreement provides complete and extensive relief to the settlement class; (4) Plaintiffs' counsel's engaged in significant efforts before and during the litigation to obtain that complete relief; (5) the issues raised in the litigation were novel and complex; (6) Plaintiffs' counsel took the case on a fully contingent basis and assumed a significant risk of nonpayment; (7) Plaintiffs' counsel is highly experienced and skilled at litigating class actions and other complex litigation; and (8) there were no objections to the settlement from the settlement class and the Named Plaintiffs reviewed and approved the settlement.

Accordingly, the Court finds that the parties' negotiated attorneys' fees and costs award of $1,600,000 in fees, and up to $148,975.72 in costs, is fair, reasonable, and appropriate under FRCP 23(h).

The Court hereby ORDERS Defendants to pay Plaintiffs' attorneys' fees and costs in the amount of $1,600,000 in fees, and up to $148,975.72 in costs, in accordance with the terms of the parties' settlement agreement

IT IS SO ORDERED.

Dated this ___th day of _____, 2022

_____

HONORABLE JESUS G. BERNAL